EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Scott H. Sims, State Bar No. 234148
ssims@eaganavenatti.com
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

THE X-LAW GROUP, P.C.
Filippo Marchino, State Bar No. 256011
filippo.marchino@xlawx.com
Damon Rogers, State Bar No. 263853
damon.rogers@xlawx.com
11100 Santa Monica Blvd., Suite 150
Los Angeles, CA 90025
Telephone: 213.536.4298
Facsimile: 213.226.4691

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BELTRAN, an individual; on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br>vs.<br><br>AVON PRODUCTS, INC., a New York Corporation;,<br><br>             Defendant. | CASE NO.: **CV12 - 02502 MMM (PJWx)**<br><br>**NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT FOR:**<br>1. **FRAUD/FRAUDULENT CONCEALMENT;**<br>2. **UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200 et seq.)**<br>3. **FALSE ADVERTISING (Cal. Bus. & Prof. Code § 17500 et seq.)**<br>4. **VIOLATIONS OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT; and**<br>5. **INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, individually and on behalf of all others similarly situated, complains and alleges on information and belief, except as to those paragraphs applicable to herself, which are based upon her personal knowledge, as follows:

## I. OVERVIEW

1. This class action arises out of the deceptive and misleading conduct of Defendant Avon Products, Inc. in marketing, advertising, selling, promoting and distributing cosmetic products in the United States. Companies that do not test on animals are sometimes referred to as "cruelty free." For years, Defendant marketed and advertised the company and its cosmetic products as not being tested on animals, when in fact Defendant was testing its cosmetic products on animals so that it could sell products in China and other foreign countries, thereby reaping hundreds of millions of dollars in sales. Defendant later purported to disclose, at least on its websites, that it might animal test, but the disclosures were wholly inadequate and deceptive.

2. The named plaintiff brings this suit individually, and on behalf of all others similarly situated.

3. As a result of the unfair, unlawful and deceptive practices of Defendant as described herein, Defendant has (a) concealed and misled consumers into believing that Defendant does not test on animals; (b) unfairly, unlawfully and improperly induced consumers into purchasing their Cosmetic Products; (c) advertised, marketed and/or labeled their Cosmetic Products in a way that was misleading in a material respect and/or likely to deceive consumers; and (d) acted to conceal and mislead consumers so as to create a likelihood of confusion regarding their Cosmetic Products.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 because there are over 100 members of the proposed class, at least one member of the proposed class has a

different citizenship from a defendant and the total matter in controversy exceeds $5,000,000. Venue is proper in the Central District of California because this district is the district in which a substantial part of the events or omissions giving rise to the claims occurred.

### III. PARTIES

5. Plaintiff Marina Beltran ("Plaintiff") is an individual consumer residing in Los Angeles County, California who, during the proposed Class Period, purchased a multitude of Defendant Avon Products, Inc.'s ("Avon") Cosmetic Products within Los Angeles County, California.

6. Defendant Avon is a Delaware Corporation, headquartered in New York, and registered to do business in California, which manufactured, marketed, advertised, distributed, and/or produced Cosmetic Products during the Class Period in the United States and in the Central District.

### IV. SUBSTANTIVE ALLEGATIONS

7. During the Class Period, Defendant marketed its company as being committed to the elimination of animal testing and "cruelty free." For a period of time during the Class Period, Defendant advertised and marketed itself and its Cosmetic Products as being cruelty free, when in fact Defendant and its products were not cruelty free. Rather, Defendant was animal testing products so that it could sell in China and other foreign markets. Defendant later placed a representation on its website, and possibly in other forums, purporting to disclose that it might animal test, but that disclosure was wholly inadequate to properly inform consumers.

8. On information and belief, during the Class Period, Defendant made consistent and repeated misleading and/or inadequate representations about the company and its Cosmetic Products being cruelty free on, by way of example only, its website, on packaging, in store displays, through paid testimonials, through press

releases and in other forms of marketing and advertising, each time representing that the Cosmetic Products sold and distributed were not tested on animals.

9. As a result of the aforementioned representations, Defendant, for over two decades, achieved placement in the "People for the Ethical Treatment of Animals (PETA) - Do Not Test" list, a list of, among others, cosmetic companies that do not test products on live animals. Defendant was, until a matter of weeks ago, among the largest mainstream corporations to be included on PETA's cruelty-free lists.

10. As a result of being included on the list, as well as many similar lists, Defendant enjoyed the support of PETA and millions of consumers who buy cosmetics only from companies that do not conduct animal testing.

11. Hence, the commercial success of Defendant's products during the Class Period was positively influenced by its direct representations regarding animal testing. Simply put, Defendant reaped hundreds of millions of dollars in revenue from U.S. consumers who otherwise would not have purchased Defendant's products.

12. With full knowledge regarding the materiality, to an American consumer, of whether a cosmetic company tests on animals, Defendant made a profit motivated decision to enter the Chinese market. Defendant subsequently began testing certain of its products on animals and/or hired others to conduct animal testing of its products.

13. However, rather than being up front with American consumers regarding its animal testing policies and adequately disclosing that it was not "cruelty" free, Defendant instead failed to inform consumers that it was not cruelty free and/or provided inadequate disclosures regarding the animal testing of its products.

14. Plaintiff did not suspect or discover, and through the exercise of reasonable diligence could not have discovered, Defendant's wrongful conduct as described herein until within the last year. Indeed, as noted above, PETA, a "watchdog" organization as it relates to animal testing, did not take Defendant off its "Do Not Test" list until a matter of weeks ago.

15. Defendant's misleading of the American public was not without motive. In 2011, the Physician's Committee for Responsible Medicine ("PCRM"), a US based non-profit, commissioned random telephone surveys of the United States' general adult public, which asked individuals about their views on the use of animals in cosmetics testing. In the survey, 72 percent of respondents agreed that testing cosmetics on animals is inhumane or unethical and 61 percent of respondents said that cosmetics and personal care product companies should not be allowed to test products on animals.

16. On information and belief, the failure of Defendant to adequately inform consumers regarding its animal testing policies was willful, and profit driven, in that Defendant recognized that if Defendant were honest and forthright with its U.S. customers, Defendant would lose significant sales, profits, and market share.

17. As a result of the deceptive and misleading practices in advertising and marketing the Cosmetic Products, Plaintiff and those similarly situated purchased Products from the Defendant.

## V. CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a nationwide class of the following classes of persons (all of whom are collectively referred to as the "Class" or "Class Members"):

i. All persons in the United States, including those in the State of California, who purchased Cosmetic Products of Avon Products, Inc. when Avon Products, Inc. was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Avon Products, Inc. or others acting on its behalf were conducting animal testing.

ii. All persons in the United States, including those in the State of California, who purchased Cosmetic Products of Avon Products, Inc. after Avon

Products, Inc. began making inadequate disclosures regarding its animal testing policies.

  iii. All persons who purchased Cosmetic Products of Avon Products, Inc. in the State of California when Avon Products, Inc. was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Avon Products, Inc. or others acting on its behalf were conducting animal testing.

  iv. All persons who purchased Cosmetic Products of Avon Products, Inc. in the State of California after Avon Products, Inc. began making inadequate disclosures regarding its animal testing policies.

19. Excluded from the Class is any person or entity in which any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff, have any controlling interest. Excluded from the Class is any partner or employee of Class Counsel.

20. Plaintiff reserves the right to modify the definition of the classes after further discovery.

21. <u>Numerosity of the Class</u>. The Class is so numerous that joinder of all members in impracticable. While the exact number and identities of Class Members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed at Defendant, Plaintiff believes and therefore alleges that there are in excess of one million (1,000,000) members of the Class.

22. <u>Typicality of Claims</u>. Plaintiff's claims are typical of those of other Class members, all of whom have suffered similar harm due to Defendant's course of conduct as described herein.

23. <u>Adequacy of Representation</u>. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class and has retained attorneys who are highly experienced in the handling of class actions, and Plaintiff and her counsel intend to prosecute this action vigorously.

24. <u>Predominance of Common Questions of Law or Fact.</u> Common questions of fact and law exist as to all Class Members that predominate over any questions affecting only individual Class Members. These common legal and factual questions, which do not vary among Class Members, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

- Whether Defendant falsely, deceptively, and/or unfairly marketed and/or advertised its Cosmetic Products by marketing or advertising itself as being cruelty free and/or animal testing free.

- Whether Defendant's disclosures regarding animal testing of their Cosmetic Products were inadequate so as to be false, deceptive, and/or unfair.

- Whether Defendant's conduct was an "unfair practice", within the meaning of the California's Unfair Competition Laws (the "UCL"- California Business & Profession Code section 17200) in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

- Whether Defendant's conduct was an "unlawful" practice within the meaning of the UCL.

- Whether Defendant's conduct was a "fraudulent practice", within the meaning of the UCL in that it is likely to mislead consumers.

- Whether Defendant's practices were likely to deceive a consumer acting reasonably in the same circumstances.

- Whether the conduct complained of constitutes a violation of California's Consumer Legal Remedies Act (the "CLRA").

- Whether Defendant's conduct caused harm to the Class.

- Whether injunctive relief is appropriate and necessary to stop Defendant's false, deceptive and/or misleading marketing and/or advertisements related to its animal testing policies.

- Whether the members of the Class are entitled to restitution and/or suffered damages.

25. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because individual litigation of the claims of all Class Members is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every Class Member could afford individual litigation, the adjudication of more than a million identical claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect her interests.

26. The prosecution of individual actions by Class Members would also potentially establish inconsistent standards of conduct for Defendant. Defendant has acted in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole, as requested herein, the only avenue to guarantee finality on all issues.

## FIRST CAUSE OF ACTION FOR FRAUD/FRAUDULENT

## <u>CONCEALMENT</u>

27. Plaintiff restates and re-alleges paragraphs 1 through 26 if as if fully set forth herein.

28. As alleged herein, Plaintiff is informed and believes and thereon allege that Defendant has made one of more of the uniform material misrepresentations to Plaintiff and the Class in the marketing, packaging, or sale of its products as alleged above. Plaintiff further is informed and believes that Defendant fraudulently concealed material information regarding its animal testing policies.

29. Plaintiff is informed and believes and thereon alleges, that in making the above statements and in concealing material information, Defendant acted fraudulently and deceitfully with knowledge that Plaintiff and the Class would rely on its actions, misstatements, and omissions. Defendant made the aforesaid material representations and/or concealed material facts in order to induce Plaintiff and the Class to act in reliance on the misrepresentations and statements.

30. Plaintiff and the Class at all times did reasonably and justifiably rely both directly and indirectly on the actions, representations and omissions of Defendant.

31. As a direct and proximate result of Defendant's fraud, Plaintiff and the Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, and reasonable attorneys' fees.

32. Plaintiff is informed and believes and thereon alleges that Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, oppression, and malice. Therefore, Plaintiff and the Class are also entitled to recover punitive damages from Defendant in an amount that will be shown by proof at trial.

# SECOND CAUSE OF ACTION FOR
# VIOLATIONS OF CALIFORNIA'S UNFAIR BUSINESS PRACTICE ACT
# (CAL. BUS. & PROF. CODE §17200 et seq.)

33. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 31, as if fully set forth herein.

34. California Business & Professions Code § 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

## *DEFENDANT'S ACTS ARE UNLAWFUL*

35. By engaging in the false, deceptive, and misleading conduct alleged above, Defendant has engaged in unlawful business acts and practices in violation of the UCL by violating state and federal laws, including but not limited to California Business and Professions Code section 17500 et seq., which makes false and deceptive advertising unlawful.

## *DEFENDANT'S ACTS ARE UNFAIR*

36. In addition to being unlawful, Defendant's acts, conduct and practices as alleged above are unfair. Defendant, through deceptive and misleading advertising and representations, induced Plaintiff and Class Members to purchase Defendant's Cosmetic Products. This injury is not outweighed by any countervailing benefits to consumers or competition.

## *DEFENDANT'S ACTS ARE FRAUDULENT AND/OR DECEPTIVE*

37. In addition to being unlawful and unfair, Defendant's acts, conduct and business practices as alleged above are fraudulent and/or deceptive.

38. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices, Plaintiff and the members of the class have been injured in fact. They purchased Cosmetic Products in reliance on Defendant's false and misleading advertising and representations to the general public regarding their animal testing policies, and they would not have purchased Defendant's Cosmetic Products had Defendant made adequate disclosures.

39. Defendant's unlawful, unfair and fraudulent business practices as alleged above present a continuing threat to Plaintiff, the Class and members of the public because Defendant persists and continues to engage in such practices, and will not cease doing so unless enjoined or restrained by this Court.

40. Under California Business & Profession Code § 17203, Plaintiff, on behalf of herself, Class Members and members of the general public, seek an order of this Court:

    a) Enjoining Defendant from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing and any act prohibited by California Business Code § 17200 et seq.; and

    b) Restitution of all monies that may have been acquired by Defendant as a result of such unlawful, unfair and/or deceptive acts and/or practices described above.

## THIRD CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW
### (CAL. BUS. & PROF. CODE §17500 et seq.)

41. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 31, as if fully set forth herein.

42. California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, ... corporation or association, or any employee thereof with intent directly or indirectly to dispose of ... personal property ... or anything of any nature whatsoever ... to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that ... personal property ... or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading..."

43. As alleged above, Defendant disseminated or caused to be disseminated deceptive advertising regarding their animal testing policies to the general public through various media. These advertisements were false, misleading and/or inadequate as set forth herein.

44. Defendant continues to disseminate or cause to be disseminated such false, deceptive and/or inadequate statements as alleged herein.

45. The false, deceptive and/or inadequate statements regarding Defendant's animal testing policies, as disseminated, or as caused to be disseminated by Defendant, are likely to deceive the consuming public.

46. While disseminating or causing to be disseminated the false and deceptive statements regarding Defendant's animal testing policy, as alleged above, Defendant knew or should have known that the statements were false and/or misleading.

47. As a direct and proximate result of Defendant's false and/or misleading advertising, Plaintiff and the members of the Class have been injured in fact, in that they purchased Cosmetic Products in reliance on Defendant's false and misleading advertising as to Defendant's animal testing policy, that they would not have purchased had the truth been disclosed.

48. Defendant's false and misleading advertising as alleged above presents a continuing threat to Plaintiff, the Class, and members of the public because Defendant persists and continues to disseminate false and misleading advertising, and will not cease doing so unless and until enjoined or restrained by this Court.

49. Under California Business & Professions Code § 17535, Plaintiff, on behalf of herself, the Class Members, and members of the general public, seek an order of this Court:

    a) Enjoining Defendant from continuing to engage, use, or employ any act prohibited by California Business Code § 17500 et seq.; and

    b) Restitution of all monies that may have been acquired by Defendant's false and misleading statements in advertisements, promotions, testimonials, and/or marketing, as described herein.

## FOURTH CAUSE OF ACTION FOR
## VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT
## (CALIFORNIA CIVIL CODE §1750 et seq.)

50. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 31, as if fully set forth herein.

51. This cause of action is brought pursuant to California Consumers Legal Remedies Act, California Civil Code § 1750, et seq. ("CLRA")

52. Plaintiff is a consumer as defined by the CLRA and Defendant is either supplier and/or seller as defined by the CLRA.

53. Defendant's conduct described herein involves consumer transactions as defined by the CLRA.

54. In violation of the CLRA, Defendant represented to American consumers that they did not conduct animal testing at all, which was false; and/or represented to American consumers that they did not conduct animal testing "except when required by

law" without disclosing that no American law requires animal testing. The latter representation was misleading.

55. Under California Civil Code § 1780, Plaintiff, on behalf of herself, the Class Members, and members of the general public, seek an order of this Court:

    a) Enjoining Defendant from continuing to engage, use, or employ any act prohibited by California Civil Code §1770 et seq.;

    b) Plaintiff further intends to amend the Complaint pursuant to Civil Code §1782(d) should Defendant not timely comply with the impending preliminary notice to be served in compliance with Civil Code §1782.

## FIFTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

56. Plaintiff restates and re-alleges paragraphs 1 through 31, as if fully set forth herein.

57. Plaintiff and the Class request equitable and injunctive relief in order to stop Defendant's false and misleading advertising described herein.

58. Injunctive relief is in the public interest.

59. The foregoing injunction is appropriate because, among other reasons, it is necessary to ensure that Class Members do not continue to be deceived by Defendant's conduct.

60. Equity supports the requested injunctive relief because Defendant committed the acts described above.

61. As a direct and proximate result of the aforementioned wrongful acts and omissions of Defendant, Plaintiff and the Class have been deceived and absent injunctive relief, Class Members will continue to be deceived.

62. Plaintiff and those similarly situated are subject to irreparable harm absent an injunction.

63. Plaintiff and the Class have no adequate remedy at law.

13
NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

64. Plaintiff requests a permanent injunction enjoining Defendant from continuing to engage, use, or employ (a) any unlawful, unfair and/or deceptive business act or practice. and (b) any unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing.

## VI. PRAYER

Plaintiff, on behalf of herself and on behalf of the Class, respectfully prays for judgment against Defendant as follows:

1. That the Court determine that the relevant claims in this complaint may be maintained as a class action under Federal Rule of Civil Procedure 23.

2. For an Order finding and declaring Defendant's acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent;

3. For an Order preliminarily and permanently enjoining Defendant from engaging in the practices complained and alleged herein;

4. For an Order requiring Defendant to make restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendant's wrongful conduct;

5. For compensatory damages in an amount in excess of $100 million, with the exact amount to be proven at trial;

6. For punitive damages in an amount to punish Defendant for their conduct and dissuade Defendant from engaging in similar conduct in the future, in an amount to be proven at trial;

7. For prejudgment and post judgment interest to the extent permitted by law;

8. For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

9. For such other and further relief as the Court deems just and proper.

Dated: March 23, 2012                         EAGAN AVENATTI, LLP

                                              By: *(signature)*
                                              Michael J. Avenatti
                                              Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 23, 2012                         EAGAN AVENATTI, LLP

                                              By: *(signature)*
                                              Michael J. Avenatti
                                              Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

```
CV12- 2502 MMM (PJWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Michael J. Avenatti, Bar No. 206929
Scott H. Sims, Bar No. 234148
EAGAN AVENATTI, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BELTRAN, an individual, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br>AVON PRODUCTS, INC., a New York Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12 - 02502 MMM (PJWx)**<br><br>SUMMONS |

TO:   DEFENDANT(S): *Avon Products, Inc., a New York Corporation*

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael J. Avenatti_____, whose address is _450 Newport Center Drive, Second Floor, Newport Beach, CA 92660_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __MAR 23 2012__

By: __DODJIE LAGMAN__
       Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                      SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> MARINA BELTRAN, an individual, on behalf of herself and all others similarly situated, | **DEFENDANTS** <br> AVON PRODUCTS, INC., a New York Corporation |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Eagan Avenatti, LLP, 450 Newport Center Drive, Second Floor, Newport Beach, CA 92660; The X-Law Group, P.C., 11100 Santa Monica Blvd., Suite 150, Los Angeles, CA 90025 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No     ☑ MONEY DEMANDED IN COMPLAINT: $ In excess of $100 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332; Unfair Business Practices; False Advertising; Violations of CLRA; Fraud; Injunctive Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12 - 02502 MMM (PJWx)**

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                            CIVIL COVER SHEET                                     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): SACV12-0312CJC(ANx) was dismissed as to Defendant Avon Products, Inc. only.

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): SACV12-0312CJC(ANx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Michael J Avenatti_  Date March 23, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |