EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Scott H. Sims, State Bar No. 234148
ssims@eaganavenatti.com
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

THE X-LAW GROUP, P.C.
Filippo Marchino, State Bar No. 256011
filippo.marchino@xlawx.com
Damon Rogers, State Bar No. 263853
damon.rogers@xlawx.com
11100 Santa Monica Blvd., Suite 150
Los Angeles, CA 90025
Telephone: 213.536.4298
Facsimile: 213.226.4691

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BELTRAN, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVON PRODUCTS, INC., a New York Corporation,<br><br>Defendant. | CASE NO.: SACV12-02502  CJC(ANx)<br><br>**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT FOR:**<br>1. **FRAUD/FRAUDULENT CONCEALMENT;**<br>2. **UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200 et seq.)**<br>3. **FALSE ADVERTISING (Cal. Bus. & Prof. Code § 17500 et seq.)**<br>4. **VIOLATIONS OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT; and**<br>5. **INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff individually and on behalf of all others similarly situated, complains and alleges on information and belief, except as to those paragraphs applicable to the named Plaintiff, which are based upon said named Plaintiff's personal knowledge, as follows:

## I. OVERVIEW

1.     This class action arises out of the deceptive and misleading conduct of Defendant Avon Products, Inc. ("Avon" or "Defendant") in marketing, advertising, selling, promoting and/or distributing cosmetic products to consumers the United States.  Companies that do not test on animals are sometimes referred to as "cruelty free."  Since approximately 1990, Defendant engaged in an extensive and long-term marketing and advertising campaign touting itself as a company that does not test any of its products on animals.  In reality, however, since at least the mid-1990s Defendant was testing some of its cosmetic products on animals.  Defendant tested on animals in order to do business in China and other foreign countries, thereby reaping hundreds of millions of dollars in sales.  Defendant later purported to disclose, at least on its website, that it in fact was animal testing, but the disclosure was wholly inadequate and deceptive.  Moreover, even when Defendant placed inadequate and deceptive purported disclosures on its website, it continued to claim in other arenas that it did not test on animals at all.

2.     The named plaintiff brings this suit individually, and on behalf of all others similarly situated.

3.     As a result of the unfair, unlawful, fraudulent and deceptive practices of Defendant as described herein, Defendant has (a) concealed and misled consumers into believing that Defendant does not test any of its products on animals; (b) unfairly, unlawfully and improperly induced consumers into purchasing cosmetic products from it by misleading consumers into believing the company did not engage in animal testing on any of its products (even the ones the consumer was not purchasing); (c) advertised, marketed and/or labeled the company and its cosmetic products in a way that was

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

1  misleading in a material respect and/or likely to deceive consumers; and (d) acted to

2  conceal and mislead consumers so as to create a likelihood of confusion regarding the

3  Defendant, its animal testing policies and practices and whether each Defendant

4  engaged in any animal testing whatsoever.

## II.  JURISDICTION AND VENUE

7  4.      This Court has subject matter jurisdiction over this action pursuant to the

8  Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 because there are over 100

9  members of the proposed class, at least one member of the proposed class has a

10  different citizenship from a defendant and the total matter in controversy exceeds

11  $5,000,000.  Venue is proper in the Central District of California because this district is

12  the district in which a substantial part of the events or omissions giving rise to the

13  claims occurred.

## III.  PARTIES

15  5.      Plaintiff Marina Beltran ("Plaintiff") is an individual consumer residing in

16  Los Angeles County, California who, during the proposed Class Period, purchased a

17  multitude of Defendant's cosmetic products within Los Angeles County, California.

18  Plaintiff was exposed to Defendant's extensive and long term marketing and

19  advertising campaign touting the company as not testing any of its products on animals,

20  which campaign is explained in more detail below.  By way of example only, Avon

21  agents represented to Plaintiff during the Class Period that Defendant did not test any of

22  its products on animals.  Had Plaintiff known that Defendant tested any of its products

23  on animals, she would not have purchased any Avon products.

24  6.      Defendant Avon is a Delaware Corporation, headquartered in New York,

25  and registered to do business in California, which manufactured, marketed, advertised,

26  distributed, and/or produced Cosmetic Products during the Class Period in the United

27  States and in the Central District.

28

FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

## IV.  SUBSTANTIVE ALLEGATIONS

7.     During the Class Period, Defendant engaged in extensive and long term marketing and advertising campaign touting itself as a company that did not test any of its products on animals and as a company that was committed to the elimination of animal testing.

8.     By way of example only, Defendant's marketing and advertising campaign included the following:

        a.     During the Class Period and through 2012, Defendant represented to the People for the Ethical Treatment of Animals ("PETA"), through a pledge, that Defendant did not and would not test any of its products on animals.  Defendant did so to ensure the company's placement on PETA's "Do Not Test" list.  Defendant's representations to PETA were false, and made with actual or constructive knowledge that, and with the specific intent that, PETA would repeat this misrepresentation to consumers, including consumers considering whether to purchase Defendant's products. PETA did in fact repeat this misrepresentation to consumers, including consumers considering whether to purchase Defendant's products.  Defendant's actions in this regard were deceptive, misleading and false, as Defendant was in fact animal testing during this time period.

3

    b.    During the Class Period Defendant's website stated represented that Defendant did not conduct any animals testing.   Defendant's actions in this regard were deceptive, misleading and false, as Defendant was in fact animal testing during this time period.

    c.    During the Class Period, and on information and belief during the entire Class Period, Defendant specifically represented to its sales force that Defendant did not test any of its products on animals, with full knowledge and intent that its sales force would repeat those representations to consumers.   Defendant's sales force did in fact repeat to consumers that the company did not test any of its products on animals.

9.    Defendant initiated its extensive and long-term marketing and advertising campaign around 1989, shortly after Avon banned animal testing in 1989 after tPETA's "Avon Killing" campaign, a play on the company's Avon Calling brand.   Despite engaging in this marketing campaign, on information and belief, in or around 1990, Defendant began selling in China and began animal testing around that time.   Despite beginning to test products on animals, Defendant did not stop marketing and advertising the company as not testing any of its products on animals.

10.    On information and belief, during the Class Period, in addition to the specific examples above, Defendant made consistent and repeated misleading and/or inadequate representations about the company not testing any of its products on animals, by way of example only, on packaging, in store displays, through paid testimonials, through press releases and in other forms of marketing and advertising, each time representing that it did not test any of its products on animals.

11.    During the later part of the Class Period, Defendant placed inadequate and misleading representations on its website, and possibly in other forums, purporting to disclose that it did test some products on animals, but that disclosure was misleading and wholly inadequate to properly inform consumers.   Specifically, Defendant stated on

its website that it did not test any of its products on animals "except when required by law." On information and belief Defendant began doing so around January 2010. This statement was wholly inadequate and misleading as it implied Defendant conducted animal testing only when required by American law, yet no American law required animal testing. Further, though Defendant placed this inadequate and misleading representation on its websites, it continued its extensive marketing and advertising campaign in other forums touting itself as not testing any of its products on animals. On information and belief, Defendant knew the purported disclosure on its website was inadequate and misleading, and the purported disclosure was made purely for the purpose of trying to avoid legal liability while at the same time suggesting Defendant did not test on animals.

12. The commercial success of Defendant's products during the Class Period was positively influenced by its extensive and long term marketing and advertising campaign and its direct representations regarding not testing any of its products on animals. Simply put, Defendant reaped hundreds of millions of dollars in revenue from U.S. consumers, including Plaintiff, who would not have purchased from any products from Defendant had she known Defendant was testing any of its products on animals (even if the particular product she purchased was not tested on animals). In other words, whether a company tests any of its products whatsoever is material information.

13. With full knowledge regarding the materiality, to an American consumer, of whether a cosmetic company tests any of its products on animals, Defendant made a profit motivated decision to enter the Chinese market. Defendant subsequently began testing certain of its products on animals and/or hired others to conduct animal testing of its products.

14. However, rather than being up front with American consumers regarding its animal testing policies and adequately disclosing that it was animal testing and was not "cruelty" free, Defendant instead continued its extensive and long term marketing and advertising campaign touting itself as not testing any of its products on animals.

FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

Defendant's unfair, deceptive and/or fraudulent representations regarding its animal testing policies and practices was material.

15.     Plaintiff did not suspect or discover, and through the exercise of reasonable diligence could not have discovered, Defendant's wrongful conduct as described herein until within the last year.  Indeed, PETA, a "watchdog" organization as it relates to animal testing, did not even discover Defendant was animal testing and thus did take Defendant off its "Do Not Test" List until a matter of weeks ago.

16.     Defendant's misleading of the American public was not without motive. In 2011, the Physician's Committee for Responsible Medicine ("PCRM"), a US based non-profit, commissioned random telephone surveys of the United States' general adult public, which asked individuals about their views on the use of animals in cosmetics testing.   In the survey, 72 percent of respondents agreed that testing cosmetics on animals is inhumane or unethical and 61 percent of respondents said that cosmetics and personal care product companies should not be allowed to test products on animals.

17.     On information and belief, the failure of Defendant to adequately inform consumers regarding its animal testing policies was willful, and profit driven, in that Defendant recognized that if Defendant was honest and forthright with its U.S. customers, Defendant would lose significant sales, profits, and market share.

18.     As a result of the unfair, unlawful, fraudulent, deceptive and/or misleading practices in advertising and marketing as described herein, Plaintiff purchased products from the Defendant.  Plaintiff would not have purchased any products from  Defendant but for Defendant's unfair, fraudulent, and unlawful practices described herein.

## V. CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a nationwide class of the

following classes of persons (all of whom are collectively referred to as the "Class" or "Class Members"):

    i.    All persons in the United States, including those in the State of California, who purchased cosmetic products of Avon when Avon was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Avon or others acting on its behalf were conducting animal testing.

    ii.    All persons in the United States, including those in the State of California, who purchased cosmetic products of Avon after Avon began making inadequate disclosures regarding its animal testing policies.

    iii.    All persons who purchased cosmetic products of Avon in the State of California when Avon was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Avon or others acting on its behalf were conducting animal testing.

    iv.    All persons who purchased cosmetic products of Avon in the State of California after Avon began making inadequate disclosures regarding its animal testing policies.

20.    Excluded from the Class is any person or entity in which any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff, have any controlling interest. Excluded from the Class is any partner or employee of Class Counsel.

21.    Plaintiff reserves the right to modify the definition of the classes after further discovery.

22.    <u>Numerosity of the Class</u>.  The Class is so numerous that joinder of all members in impracticable. While the exact number and identities of Class Members are unknown to Plaintiff at this time and can only be ascertained through appropriate

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

discovery directed at Defendant, Plaintiff believes and therefore alleges that there are in excess of one million (1,000,000) members of the Class.

23.   <u>Typicality of Claims</u>.  Plaintiff's claims are typical of those of other Class members, all of whom have suffered similar harm due to Defendant's course of conduct as described herein.

24.   <u>Adequacy of Representation</u>.  Plaintiff is an adequate representatives of the Class and will fairly and adequately protect the interests of the Class and has retained attorneys who are highly experienced in the handling of class actions, and Plaintiff and her counsel intend to prosecute this action vigorously.

25.   <u>Predominance of Common Questions of Law or Fact</u>.  Common questions of fact and law exist as to all Class Members that predominate over any questions affecting only individual Class Members.  These common legal and factual questions, which do not vary among Class Members, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

•   Whether Defendant engaged in false, deceptive, and/or unfair marketing and/or advertising by marketing and/or advertising itself as not testing any of its products on animals.

•   Whether Defendant's disclosures regarding its animal testing policies and practices was inadequate so as to be false, deceptive, and/or unfair.

•   Whether Defendant's conduct was an "unfair practice", within the meaning of the California's Unfair Competition Laws (the "UCL"- California Business & Profession Code section 17200) in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

•   Whether Defendant's conduct was an "unlawful" practice within the meaning of the UCL.

•   Whether Defendant's conduct was a "fraudulent practice", within the meaning of the UCL in that it is likely to mislead consumers.

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

1      •      Whether Defendant's practices were likely to deceive a consumer acting
2 reasonably in the same circumstances.

3      •      Whether the conduct complained of constitutes a violation of California's
4 Consumer Legal Remedies Act (the "CLRA").

5      •      Whether Defendant's conduct caused harm to the Class.

6      •      Whether injunctive relief is appropriate and necessary to stop Defendant's
7 false, deceptive and/or misleading marketing and/or advertisements related to its animal
8 testing policies.

9      •      Whether the members of the Class are entitled to restitution and/or
10 suffered damages.

11

12     26.   <u>Superiority</u>. A class action is superior to other available methods for the
13 fair and efficient adjudication of this controversy, because individual litigation of the
14 claims of all Class Members is impracticable. Requiring each individual class member
15 to file an individual lawsuit would unreasonably consume the amounts that may be
16 recovered. Even if every Class Member could afford individual litigation, the
17 adjudication of more than a million identical claims would be unduly burdensome to
18 the courts. Individualized litigation would also present the potential for varying,
19 inconsistent, or contradictory judgments and would magnify the delay and expense to
20 all parties and to the court system resulting from multiple trials of the same factual
21 issues. By contrast, the conduct of this action as a class action, with respect to some or
22 all of the issues presented herein, presents no management difficulties, conserves the
23 resources of the parties and of the court system, and protects the rights of the Class
24 Members. Plaintiff anticipates no difficulty in the management of this action as a class
25 action. The prosecution of separate actions by individual Class Members may create a
26 risk of adjudications with respect to them that would, as a practical matter, be
27 dispositive of the interests of the other Class Members not parties to such adjudications

28

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

1   or that would substantially impair or impede the ability of such non-party Class
2   members to protect her interests.

3       27.    The prosecution of individual actions by Class Members would also
4   potentially establish inconsistent standards of conduct for Defendant. Defendant has
5   acted in respects generally applicable to the Class, thereby making appropriate final and
6   injunctive relief or corresponding declaratory relief with regard to the members of the
7   Class as a whole, as requested herein, the only avenue to guarantee finality on all
8   issues.

## FIRST CAUSE OF ACTION FOR FRAUD/FRAUDULENT CONCEALMENT

13      28.    Plaintiff restates and re-alleges paragraphs 1 through 27 as if fully set forth
14  herein.

15      29.    As alleged herein, Plaintiff is informed and believes and thereon alleges
16  that Defendant engaged in an extensive and long term marketing and advertising
17  campaign that included one or more of the uniform material misrepresentations to
18  Plaintiff and the Class described herein.  Plaintiff is further informed and believes that
19  Defendant fraudulently concealed material information regarding its animal testing
20  policies and practices.

21      30.    Plaintiff is informed and believes and thereon alleges, that in making the
22  above statements and in concealing material information, Defendant acted fraudulently
23  and deceitfully with knowledge that Plaintiff and the Class would rely on its actions,
24  misstatements,  and/or  omissions.    Defendant  made  the  aforesaid  material
25  representations and/or concealed material facts in order to induce Plaintiff and the Class
26  to act in reliance on the misrepresentations and statements.

27      31.    Plaintiff and the Class at all times did reasonably and justifiably rely both
28  directly and indirectly on the actions, representations and/or omissions of Defendant

described herein.  Plaintiff would not have purchased any products from Defendant had Defendant properly disclosed its animal testing policies and practices.

32.    As a direct and proximate result of Defendant's fraud, Plaintiff and the Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, and reasonable attorneys' fees.

33.    Plaintiff is informed and believes and thereon alleges that Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, oppression, and malice. Therefore, Plaintiff and the Class are also entitled to recover punitive damages from Defendant in an amount that will be shown by proof at trial.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT
## (CAL. BUS. & PROF. CODE §17200 ET SEQ.)

34.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 27 and 29 through 32 as if fully set forth herein.

35.    California Business & Professions Code § 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

### *DEFENDANT'S ACTS ARE UNFAIR*

36.    Defendant's acts, conduct and practices as alleged above are unfair. Defendant, through deceptive and misleading advertising and representations, induced Plaintiff and class members to purchase Defendant's cosmetic products they otherwise

1  would not have purchased.  This injury is not outweighed by any countervailing

2  benefits to consumers or competition.

3  *DEFENDANT'S ACTS ARE FRAUDULENT AND/OR DECEPTIVE*

4      37.    Defendant's acts, conduct and business practices as alleged above are

5  fraudulent and/or deceptive.

6  *DEFENDANT'S ACTS ARE UNLAWFUL*

7      38.    By engaging in the false, deceptive, and misleading conduct alleged above,

8  Defendant has engaged in unlawful business acts and practices in violation of the UCL

9  by violating state and federal laws, including but not limited to California Business and

10  Professions Code section 17500 et seq., which makes false and deceptive advertising

11  unlawful.

12      39.    As a direct and proximate result of Defendant's unlawful, unfair and

13  fraudulent business practices, Plaintiff and the members of the Class have been injured

14  in fact. Plaintiff purchased cosmetic products in reliance on Defendant's false and

15  misleading advertising and representations to the general public regarding its animal

16  testing policies and practices, and she would not have purchased Defendant's Cosmetic

17  Products had Defendant made adequate disclosures.  Defendant's unfair, deceptive and

18  fraudulent and unlawful business practices thus caused Plaintiff to lose money or

19  property.

20      40.    Defendant's unlawful, unfair, deceptive and fraudulent business practices

21  as alleged above present a continuing threat to Plaintiff, the class and members of the

22  public because Defendant persists and continues to engage in such practices, and will

23  not cease doing so unless enjoined or restrained by this Court.

24      41.    Under California Business & Profession Code § 17203, Plaintiff, on behalf

25  of herself, class members and members of the general public, seeks an order of this

26  Court:

27          a) Enjoining Defendant from continuing to engage, use, or employ any

28             unlawful, unfair and/or deceptive business act or practice and unfair,

12

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing and any act prohibited by California Business Code § 17200 et seq.; and

b) Restitution of all monies that may have been acquired by Defendant as a result of such unlawful, unfair and/or deceptive acts and/or practices described above.

## THIRD CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW
## (CAL. BUS. & PROF. CODE §17500 et seq.)

42. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 27, 29 through 32, and 35 through 40 as if fully set forth herein.

43. California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, … corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property … or anything of any nature whatsoever … to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that … personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…"

44. As alleged above, Defendant disseminated or caused to be disseminated deceptive advertising regarding its animal testing policies and practices to the general public through various media. These advertisements were false, misleading and/or inadequate as set forth herein.

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

45.    Defendant continues to disseminate or cause to be disseminated such false, deceptive and/or inadequate statements as alleged herein.

46.    The false, deceptive and/or inadequate statements regarding Defendant's animal testing policies and practices, as disseminated by Defendant, or as caused to be disseminated by Defendant, have deceived Plaintiff and are likely to deceive the consuming public.

47.    While disseminating or causing to be disseminated the false, deceptive and misleading statements regarding Defendant's animal testing policy and practices, as alleged above, the Defendant knew or should have known that the statements were false, deceptive and/or misleading.

48.    As a direct and proximate result of Defendant's false, deceptive and/or misleading advertising, Plaintiff and the members of the class have been injured in fact, in that they purchased cosmetic products in reliance on Defendant's false, deceptive and misleading advertising as to Defendant's animal testing policies and practices, that they would not have purchased had the truth been adequately disclosed.

49.    Defendant's false, deceptive and misleading advertising as alleged above presents a continuing threat to Plaintiff, the Class, and members of the public because Defendant persists and continues to disseminate false and misleading advertising, and will not cease doing so unless and until enjoined or restrained by this Court.

50.    Under California Business & Professions Code § 17535, Plaintiff, on behalf of herself, the class members, and members of the general public, seek an order of this Court:

FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

a) Enjoining Defendant from continuing to engage, use, or employ any act prohibited by California Business Code § 17500 et seq.; and

b) Restitution of all monies that may have been acquired by Defendant's false and misleading statements in advertisements, promotions, testimonials, and/or marketing, as described herein.

## FOURTH CAUSE OF ACTION FOR
## VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT
## (CALIFORNIA CIVIL CODE §1750 et seq.)

51.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 27, 29 through 32, 35 through 40, and 43 through 49 as if fully set forth herein.

52.     This cause of action is brought pursuant to California Consumers Legal Remedies Act, California Civil Code § 1750, et seq. ("CLRA")

53.     Plaintiff is a consumer as defined by the CLRA and Defendant is either a supplier and/or seller as defined by the CLRA.

54.     Defendant's conduct described herein involves consumer transactions as defined by the CLRA.

55.     In violation of the CLRA, Defendant represented to American consumers that it did not conduct animal testing on any of its products, which was false; and/or represented to American consumers that it did not conduct animal testing "except when required by law" without disclosing that no American law requires animal testing. The latter representation was misleading and inadequate in that no American law requires animal testing.

56.     Under California Civil Code § 1780, Plaintiff, on behalf herself, the class members, and members of the general public, seek an order of this Court:

(a) Enjoining Defendant from continuing to engage, use, or employ any act prohibited by California Civil Code §1770 et seq.;

(b) Plaintiff further intends to amend the Complaint pursuant to Civil Code §1782(d) should Defendant not timely comply with the impending preliminary notice to be served in compliance with Civil Code §1782.

## FIFTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

57.     Plaintiff incorporates by references, restates and re-alleges paragraphs 1 through 27, 29 through 32, 35 through 40, 43 through 49 and 52 through 55 as if fully set forth herein..

58.     Plaintiff and the Class request equitable and injunctive relief in order to stop Defendant's false and misleading advertising described herein.

59.     Injunctive relief is in the public interest.

60.     The foregoing injunction is appropriate because, among other reasons, it is necessary to insure that Class Members do not continue to be deceived by Defendant's conduct.

61.     Equity supports the requested injunctive relief because Defendant committed the acts described above.

62.     As a direct and proximate result of the aforementioned wrongful acts and omissions of Defendant, Plaintiff and the Class have been deceived and absent injunctive relief, Class Members will continue to be deceived.

63.     Plaintiff and those similarly situated are subject to irreparable harm absent an injunction.

64.     Plaintiff and the Class have no adequate remedy at law.

65.     Plaintiff requests a permanent injunction enjoining Defendant from continuing to engage, use, or employ (a) any unlawful, unfair and/or deceptive business act or practice; and (b) any unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing.

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

## VI.  PRAYER

Plaintiff, on behalf of herself and on behalf of the Class, respectfully pray for judgment against Defendant as follows:

1.      That the Court determine that the relevant claims in this complaint may be maintained as a class action under Federal Rule of Civil Procedure 23.

2.      For an Order finding and declaring Defendant's acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent;

3.      For an Order preliminarily and permanently enjoining Defendant from engaging in the practices complained and alleged herein;

4.      For an Order requiring Defendant to make restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendant's wrongful conduct;

5.      For compensatory damages in an amount in excess of $100 million, with the exact amount to be proven at trial;

6.      For punitive damages in an amount to punish Defendant for its conduct and dissuade Defendant from engaging in similar conduct in the future, in an amount to be proven at trial;

7.      For prejudgment and post judgment interest to the extent permitted by law;

8.      For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

9.      For such other and further relief as the Court deems just and proper.


Dated:  April 23, 2012                    EAGAN AVENATTI, LLP



                                          By: _Michael J. Avenatti_
                                          Michael J. Avenatti
                                          Attorneys for Plaintiff

1

## **JURY DEMAND**

2

3

Plaintiff hereby demands a trial by jury on all issues so triable.

4

5

Dated:  April 23, 2012                           EAGAN AVENATTI, LLP

6

7

8                                         By:  _Michael J. Avenatti_____

9                                              Michael J. Avenatti
                                              Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 450 Newport Center Drive, Second Floor, Newport Beach, CA 92660.

     On April 23, 2012, I served the foregoing document described as:  **FIRST AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT** on the following person(s) in the manner indicated:  [See attached service list]

[ **X** ]   (BY MAIL)   I am familiar with the practice of Eagan Avenatti for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Eagan Avenatti, Newport Beach, California, following ordinary business practices.

[  ]   **(BY OVERNIGHT MAIL)**  I am familiar with the practice of Eagan Avenatti for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite Express at Eagan Avenatti, Newport Beach, California, following ordinary business practices.

[ **X** ]   (BY ELECTRONIC MAIL)   On this date, I caused a copy of said document to be transmitted via electronic mail to the e-mail addresses listed on the attached service list.

[ **X** ]   (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 23, 2012, at Newport Beach, California.

Katherine L. Mosby

Case No. SACV 12-02501 CJC (ANx)

| Dennis S. Ellis<br>Katherine Murray<br>Paul Hastings LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA 90017 | |