1  Brian S. Kabateck, SBN 152054
    (bsk@kbklawyers.com)
2  Richard L. Kellner, SBN 171416
    (rlk@kbklawyers.com)
3  Lina Melidonian, SBN 245283
    (lm@kbklawyers.com)
4  **KABATECK BROWN KELLNER LLP**
   644 South Figueroa Street
5  Los Angeles, CA 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  *Attorneys for Plaintiff and the Proposed Class*

8

9  Attorneys for Plaintiff

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12  MARINA BELTRAN, an individual; on
    behalf of herself and all others similarly
13  situated,

                                                CASE NO.: ▩CV12-02502  CJC (ANx)

14                  Plaintiff,                   **SECOND AMENDED**
                                                **NATIONWIDE AND**
            vs.                                  **CALIFORNIA CLASS ACTION**
15                                              **COMPLAINT FOR:**

16  AVON PRODUCTS, INC., a New                  i.  **FRAUD/FRAUDULENT**
    York Corporation,                               **CONCEALMENT;**
17                                              2.  **UNFAIR BUSINESS**
                    Defendant.                      **PRACTICES (Cal. Bus. &**
18                                                  **Prof. Code § 17200** *et seq.***)**
                                                3.  **FALSE ADVERTISING (Cal.**
19                                                  **Bus. & Prof. Code § 17500** *et*
                                                    *seq.***)**
20                                              4.  **VIOLATIONS OF**
                                                    **CALIFORNIA'S**
21                                                  **CONSUMERS LEGAL**
                                                    **REMEDIES ACT; and**
22

23                                              **DEMAND FOR JURY TRIAL**
24

25

26

27

28

1       Plaintiff individually and on behalf of all others similarly situated, complains and

2   alleges on information and belief, except as to those paragraphs applicable to the named

3   Plaintiff, which are based upon said named Plaintiff's personal knowledge, as follows:

4   **OVERVIEW**

5       1.    This class action arises out of the deceptive and misleading conduct of

6   Defendant Avon Products, Inc. ("Avon" or "Defendant") in marketing, advertising,

7   selling, promoting and/or distributing cosmetic products to consumers in the United

8   States.   Many cosmetic companies (including Avon) have realized that the United

9   States consuming public does not want to purchase cosmetics that are tested on animals.

10  Companies that do not test on animals are sometimes referred to as "cruelty free."

11      2.    Since approximately 1990, Defendant engaged in an extensive and long-

12  term marketing and advertising campaign touting itself as a company that does not test

13  any of its products on animals.   In reality, however, since at least the mid-1990s

14  Defendant has been testing some of its cosmetic products on animals.  Defendant tested

15  on animals in order to do business in China and other foreign countries, thereby reaping

16  hundreds of millions of dollars in sales.   Once its deception was publicly revealed,

17  Defendant then purported to minimize its admission of conducting animal testing by

18  making a wholly inadequate and deceptive disclosure on its website that it was

19  conducting some animal testing.   Nonetheless, even after Defendant placed inadequate

20  and deceptive purported disclosures on its website, it maintained its campaign and

21  continued to claim in other arenas that it did not test on animals at all.

22      3.    The named plaintiff brings this suit individually, and on behalf of all others

23  similarly situated.

24      4.    As a result of the unfair, unlawful, fraudulent and deceptive practices of

25  Defendant as described herein, Defendant has (a) concealed and misled consumers,

26  such as Plaintiff, into believing that Defendant does not test any of its products on

27  animals; (b) unfairly, unlawfully and improperly induced consumers into purchasing

28  cosmetic products from it by misleading consumers into believing the company did not

1   engage in animal testing on any of its products (even the ones the consumer was not
2   purchasing); (c) advertised, marketed and/or labeled the company and its cosmetic
3   products in a way that was misleading in a material respect by omitting material facts
4   and/or likely to deceive consumers; and (d) acted to conceal and mislead consumers so
5   as to create a likelihood of confusion regarding the Defendant, its animal testing
6   policies and practices and whether Defendant engaged in any animal testing
7   whatsoever.

8                          **JURISDICTION AND VENUE**

9          5.      This Court has subject matter jurisdiction over this action pursuant to the
10  Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 because there are over 100
11  members of the proposed class, at least one member of the proposed class has a
12  different citizenship from a defendant and the total matter in controversy exceeds
13  $5,000,000. Venue is proper in the Central District of California because this district is
14  the district in which a substantial part of the events or omissions giving rise to the
15  claims occurred.

16                                **PARTIES**

17         6.      Plaintiff Marina Beltran ("Plaintiff") is an individual consumer residing in
18  Los Angeles County, California who, during the proposed Class Period, purchased a
19  multitude of Defendant's cosmetic products within Los Angeles County, California.
20  Plaintiff purchased various Avon products for personal use including perfumes, body
21  creams, scented lotions, lipsticks, eye shadows, nail polish, vitamins and shampoo from
22  various Avon sales representatives and/or by shopping online at Avon's website during
23  the time period of 2000 through 2011. Plaintiff estimates that she spent approximately
24  anywhere from $10-$100 on an average monthly basis on Avon products during this
25  time period.   Plaintiff was exposed to and aware of Defendant's extensive and long
26  term marketing and advertising campaign touting the company as being cruelty free,
27  which campaign is explained in more detail below.  Plaintiff even recalls seeing a
28  statement on Defendant's website that indicated that the company does not conduct any

1  animal testing on its products. Had Plaintiff known and/or been made aware that
2  Defendant tested any of its products on animals, including the products that were tested
3  on animals in China due to the regulations in a foreign country for purposes of selling
4  in China, she would not have purchased any Avon products.

5      7.     Defendant Avon is a Delaware Corporation, headquartered in New York,
6  and registered to do business in California, which manufactured, marketed, advertised,
7  distributed, and/or produced Cosmetic Products during the Class Period in the United
8  States and in the Central District.

9                    **SUBSTANTIVE ALLEGATIONS**

10     8.     During the Class Period, Defendant engaged in an extensive and long term
11  marketing and advertising campaign touting itself as a company that did not test any of
12  its products on animals and as a company that was committed to the elimination of
13  animal testing.

14     9.     By way of example only, Defendant's marketing and advertising campaign
15  included the following:

16         a)     During the Class Period and through 2012, Defendant represented to
17                the People for the Ethical Treatment of Animals ("PETA"), through
18                a pledge, that Defendant did not and would not test any of its
19                products on animals.  Defendant did so to ensure the company's
20                placement on PETA's "Do Not Test" list.  Defendant's
21                representations to PETA were false, and made with actual or
22                constructive knowledge that, and with the specific intent that, PETA
23                would repeat this misrepresentation to consumers, including
24                consumers considering whether to purchase Defendant's products.
25                PETA did in fact repeat this misrepresentation to consumers,
26                including consumers considering whether to purchase Defendant's
27                products.  Defendant's actions in this regard were deceptive,
28                misleading and false, as Defendant was in fact testing on animals

3

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

during this time period.

b)     During the Class Period Defendant's website stated and represented that Defendant did not conduct any animals testing.   Defendant's actions in this regard were deceptive, misleading and false, as Defendant was in fact animal testing during this time period.

c)     During the Class Period, and on information and belief during the entire Class Period, Defendant specifically represented to its sales force that Defendant did not test any of its products on animals, with full knowledge and intent that its sales force would repeat those representations to consumers.  Defendant's sales force did in fact repeat to consumers that the company did not test any of its products on animals.

10.    Defendant initiated its extensive and long-term marketing and advertising campaign around 1989, shortly after Avon banned animal testing in 1989 in response to PETA's "Avon Killing" campaign - a play on the company's Avon Calling brand. Despite engaging in a counter-marketing campaign espousing that Avon products were cruelty free, on information and belief, in or around 1990, Defendant began animal testing in China so that it could market and sell its products there.  Despite the fact that Defendant was actually testing its products on animals, Defendant continued marketing and advertising that the company did not conduct animal testing on any of its products..

11.    Beginning on or about 1990 through at least 2010, Defendant intentionally concealed and omitted material information to the public regarding the fact that its business practices included conducting testing of its products on animals

12.    On information and belief, during the Class Period, in addition to the specific examples above, Defendant made consistent and repeated misleading and/or inadequate representations about the company being one that does not test any of its products on animals, by way of example only, on packaging, in store displays, through paid testimonials, through sales representatives, through press releases and in other

1    forms of marketing and advertising, each time representing that it did not test any of its

2    products on animals.

3        13.    Upon information and belief, in or around January 2010 (nearly two

4    decades after Defendant began testing its products on animals for sales in China),

5    Defendant inserted inadequate and misleading representations on its website and

6    possibly in other forums, purporting to disclose that it did test some products on

7    animals.  However, that disclosure was misleading and wholly inadequate to properly

8    inform consumers.  Specifically, Defendant stated on its website that it did not test any

9    of its products on animals "except when required by law."  This material statement was

10   wholly inadequate and misleading to consumers such as Plaintiff as it implied that

11   Defendant conducted animal testing only when required by American law, yet no

12   American law required animal testing.

13       14.    Further, although Defendant placed this inadequate and misleading

14   representation on its websites, it continued its extensive marketing and advertising

15   campaign blitz in other forums touting itself as being a company that does not engaged

16   in animal testing for any of its products.  Defendant necessarily knew or should have

17   known the purported disclosure on its website was inadequate and misleading, and the

18   purported disclosure was made purely for the purpose of trying to avoid legal liability

19   while at the same time suggesting Defendant did not test on animals.

20       15.    In addition to its material omissions and material misrepresentations,

21   during the Class Period, Defendant had a duty to disclose to all prospective purchasers

22   of its products that its business operations included animal testing on at least some of its

23   products. Defendant had such duty irrespective of whether Defendant was engaged in

24   animal testing on the particular product purchased by the consumer. Defendant had a

25   duty to disclose to Plaintiff and the Class that its business practices included animal

26   testing because (1) Defendant had exclusive knowledge of a material fact (i.e. that the

27   company's business operations included animal testing) not known or reasonably

28   accessible to Plaintiff and the Class; (2) Defendant actively concealed the material fact

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

1  from Plaintiff and the Class; (3) after January 2010, Defendant made partial
2  representations at least on its website, regarding not performing animal testing except
3  as "required by law," however the partial misrepresentation was misleading as
4  Defendant did not disclose the material fact that it was not referring to American law.

5     16.   The commercial success of Defendant's products during the Class Period
6  was positively influenced by its extensive and long term marketing and advertising
7  campaign and its direct representations regarding not testing any of its products on
8  animals.  Simply put, Defendant reaped hundreds of millions of dollars in revenue from
9  U.S. consumers, including Plaintiff who spent approximately anywhere from $10-$100
10 on an average monthly basis on Avon products for more than a one decade span.
11 Plaintiff would have affirmatively and intentionally refrained from purchasing any
12 products from Defendant had she known Defendant was testing any of its products on
13 animals and/or in China, regardless if the products she actually purchased were tested
14 on animals or not.

15     17.   Indeed, whether a company engages in animal testing on any of its
16 products whatsoever is material information that Defendant touted in its media
17 campaigns to consumers.

18     18.   With full knowledge regarding the materiality, to an American consumer,
19 of whether a cosmetic company tests any of its products on animals, Defendant made a
20 profit motivated decision to enter the Chinese market.  Defendant subsequently began
21 testing certain of its products on animals and/or hired others to conduct animal testing
22 of its products.

23     19.   However, rather than being up front with American consumers regarding
24 its animal testing policies and adequately disclosing that it was animal testing and was
25 not "cruelty" free, Defendant instead continued its extensive and long term marketing
26 and advertising campaign touting itself as not testing any of its products on animals.
27 Defendant's unfair, deceptive and/or fraudulent representations regarding its animal
28 testing policies and practices were material. Without proper full disclosures regarding

1   its animal testing practices, Plaintiff had the genuine expectation and assumption that
2   the Avon products were not tested on animals when she purchased from Defendant.

3        20.    Plaintiff did not suspect or discover, and through the exercise of
4   reasonable diligence could not have discovered, Defendant's wrongful conduct as
5   described herein until within the last year.  Indeed, PETA, a "watchdog" organization
6   as it relates to animal testing, did not even discover Defendant was animal testing and
7   thus did take Defendant off its "Do Not Test" List until recently this year.

8        21.    Defendant's misleading of the American public was not without motive.
9   In 2011, the Physician's Committee for Responsible Medicine ("PCRM"), a US based
10  non-profit, commissioned random telephone surveys of the United States' general adult
11  public, which asked individuals about their views on the use of animals in cosmetics
12  testing.  In the survey, 72 percent of respondents agreed that testing cosmetics on
13  animals is inhumane or unethical and 61 percent of respondents said that cosmetics and
14  personal care product companies should not be allowed to test products on animals.
15  This further underscores that animal testing on cosmetics is material information that
16  must be disclosed to consumers.

17       22.    On information and belief, the failure of Defendant to adequately inform
18  consumers regarding its animal testing policies was willful, and profit driven, in that
19  Defendant recognized that if Defendant was honest and forthright with its U.S.
20  customers, Defendant would lose significant sales, profits, and market share

21       23.    As a result of the unfair, unlawful, fraudulent, deceptive and/or misleading
22  practices in advertising and marketing as described herein, Plaintiff purchased products
23  from the Defendant.  Plaintiff would not have purchased any products from Defendant
24  but for Defendant's unfair, fraudulent, and unlawful practices described herein.
25  Defendant's material omissions, false advertising and misrepresentations regarding the
26  nature and testings of the cosmetic products at issue has caused Plaintiff to suffer
27  financial consequences, as it has to all other consumers throughout the nation.  Plaintiff
28

1  − like every class member − has been injured as a result of Defendants' material
2  omissions and false claims concerning the animal testing on its products. .

3                          **CLASS ACTION ALLEGATIONS**

4        24.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure
5  23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and a nationwide class of the
6  following classes of persons (all of whom are collectively referred to as the "Class" or
7  "Class Members"):

8              a)   All persons in the United States, including those in the State of
9                   California, who purchased cosmetic products of Avon during the
10                  time period when Avon represented that it did not conduct animal
11                  testing (and did not ask others to conduct animal testing on its
12                  behalf), when in fact Avon or others acting on its behalf were
13                  conducting animal testing.

14             b)   All persons who purchased cosmetic products of Avon in the State
15                  of California during the time period when Avon represented that it
16                  did not conduct animal testing (and did not ask others to conduct
17                  animal testing on its behalf), when in fact Avon or others acting on
18                  its behalf were conducting animal testing.

19       25.   Excluded from the Class is any person or entity in which any judge, justice
20  or judicial officer presiding over this matter and members of their immediate families
21  and judicial staff, have any controlling interest.  Excluded from the Class is any partner
22  or employee of Class Counsel.

23       26.   Plaintiff reserves the right to modify the definition of the classes after
24  further discovery.

25       27.   <u>Numerosity of the Class</u>.  The Class is so numerous that joinder of all
26  members in impracticable. While the exact number and identities of Class Members are
27  unknown to Plaintiff at this time and can only be ascertained through appropriate
28

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

1   discovery directed at Defendant, Plaintiff believes and therefore alleges that there are in

2   excess of one million (1,000,000) members of the Class.

3        28.  <u>Typicality of Claims</u>.  Plaintiff's claims are typical of those of other Class

4   members, all of whom have suffered similar harm due to Defendant's course of conduct

5   as described herein.

6        29.  <u>Adequacy of Representation</u>.  Plaintiff is an adequate representatives of the

7   Class and will fairly and adequately protect the interests of the Class and has retained

8   attorneys who are highly experienced in the handling of class actions, and Plaintiff and

9   her counsel intend to prosecute this action vigorously.

10        30.  <u>Predominance of Common Questions of Law or Fact</u>.  Common questions

11   of fact and law exist as to all Class Members that predominate over any questions

12   affecting only individual Class Members.  These common legal and factual questions,

13   which do not vary among Class Members, and which may be determined without

14   reference to the individual circumstances of any Class member, include, but are not

15   limited to, the following:

16             •   Whether Defendant engaged in false, deceptive, and/or unfair

17                  marketing and/or advertising by marketing and/or advertising itself

18                  as a company that does not engage in testing any of its products on

19                  animals.

20             •   Whether Defendant's failure to disclose that it conducts animal

21                  testing on its products is a material omission.

22             •   Whether Defendant's disclosures regarding its animal testing

23                  policies and practices was inadequate so as to be false, deceptive,

24                  and/or unfair.

25             •   Whether Defendant's conduct was an "unfair practice", within the

26                  meaning of the California's Unfair Competition Laws (the "UCL"-

27                  California Business & Profession Code section 17200) in that it

28

1   offends established public policy and is immoral, unethical,
2   oppressive, unscrupulous or substantially injurious to consumers.

3   • Whether Defendant's conduct was an "unlawful" practice within the
4   meaning of the UCL.

5   • Whether Defendant's conduct was a "fraudulent practice", within
6   the meaning of the UCL in that it is likely to mislead consumers.

7   • Whether Defendant's practices were likely to deceive a consumer
8   acting reasonably in the same circumstances.

9   • Whether the conduct complained of constitutes a violation of
10  California's Consumer Legal Remedies Act (the "CLRA").

11  • Whether Defendant's conduct caused harm to the Class.

12  • Whether injunctive relief is appropriate and necessary to stop
13  Defendant's false, deceptive and/or misleading marketing and/or
14  advertisements related to its animal testing policies.

15  • Whether the members of the Class are entitled to restitution and/or
16  suffered damages.

17  31.  Superiority.  A class action is superior to other available methods for the
18  fair and efficient adjudication of this controversy, because individual litigation of the
19  claims of all Class Members is impracticable.  Requiring each individual class member
20  to file an individual lawsuit would unreasonably consume the amounts that may be
21  recovered.  Even if every Class Member could afford individual litigation, the
22  adjudication of more than a million identical claims would be unduly burdensome to
23  the courts.  Individualized litigation would also present the potential for varying,
24  inconsistent, or contradictory judgments and would magnify the delay and expense to
25  all parties and to the court system resulting from multiple trials of the same factual
26  issues.  By contrast, the conduct of this action as a class action, with respect to some or
27  all of the issues presented herein, presents no management difficulties, conserves the
28  resources of the parties and of the court system, and protects the rights of the Class

SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

1   Members.  Plaintiff anticipates no difficulty in the management of this action as a class
2   action.  The prosecution of separate actions by individual Class Members may create a
3   risk of adjudications with respect to them that would, as a practical matter, be
4   dispositive of the interests of the other Class Members not parties to such adjudications
5   or that would substantially impair or impede the ability of such non-party Class
6   members to protect her interests.

7        32.    The prosecution of individual actions by Class Members would also
8   potentially establish inconsistent standards of conduct for Defendant. Defendant has
9   acted in respects generally applicable to the Class, thereby making appropriate final and
10  injunctive relief or corresponding declaratory relief with regard to the members of the
11  Class as a whole, as requested herein, the only avenue to guarantee finality on all
12  issues.

13              **FIRST CAUSE OF ACTION FOR FRAUD/FRAUDULENT**
14                            **CONCEALMENT**

15       33.    Plaintiff restates and re-alleges paragraphs 1 through 32 as if fully set forth
16  herein.

17       34.    As alleged herein, Plaintiff is informed and believes and thereon alleges
18  that Defendant engaged in an extensive and long term marketing and advertising
19  campaign that included one or more of the uniform material omissions and
20  misrepresentations to Plaintiff and the Class that its products were not tested on
21  animals, as described herein.  Plaintiff is further informed and believes that Defendant
22  fraudulently concealed material information regarding the fact that its business
23  operations include animal testing on some of its products.

24       35.    Plaintiff is informed and believes and thereon alleges, that in touting itself
25  to be cruelty free and in engaging in such long term marketing and advertising
26  campaign by omitting   material information to the average cosmetic consumer,
27  Defendant acted fraudulently and deceitfully with knowledge that Plaintiff and the
28  Class would rely on its actions, misstatements, and/or omissions.  Defendant made the

1    aforesaid material representations and/or concealed material facts in order to induce
2    Plaintiff and the Class to act in reliance on the misrepresentations and statements.

3         36.    Plaintiff and the Class at all times did reasonably and justifiably rely both
4    directly and indirectly on the actions, representations and/or omissions of Defendant
5    described herein.

6         37.    Plaintiff purchased various Avon products for personal use including
7    perfumes, body creams, scented lotions, lipsticks, eye shadows, nail polish, vitamins
8    and shampoo from various Avon sales representatives and/or by shopping online at
9    Avon's website during the time period of 2000 through 2011. Plaintiff was exposed to
10   and aware of Defendant's general stance as being cruelty free as she had exposure to
11   extensive and long term marketing and advertising campaign touting the company as
12   such. Plaintiff even recalls seeing a statement on Defendant's website that indicated
13   that the company does not conduct any animal testing on its products. Had Plaintiff
14   known and/or been made aware that Defendant tested *any* of its products on animals,
15   including the products that were tested on animals for sale in China due to the foreign
16   regulations, she would not have purchased any Avon products, regardless of whether
17   the products she purchased had been tested on animals.

18        38.    As a direct and proximate result of Defendant's fraud, Plaintiff and the
19   Class have suffered actual economic damages in an amount not presently known, but
20   which will be shown by proof at time of trial, including incidental and consequential
21   damages, and reasonable attorneys' fees.

22        39.    Plaintiff is informed and believes, and thereon alleges, that Defendant
23   undertook the aforesaid illegal acts intentionally or with conscious disregard of the
24   rights of Plaintiff and the Class, and did so with fraud, oppression, and malice.
25   Therefore, Plaintiff and the Class are also entitled to recover punitive damages from
26   Defendant in an amount that will be shown by proof at trial.

27
28

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION FOR

## VIOLATIONS OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT

## (CAL. BUS. & PROF. CODE §17200 ET SEQ.)

40.    Plaintiff incorporates by reference and realleges all preceding paragraphs 1 as if fully set forth herein.

41.    California Business & Professions Code § 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

### *DEFENDANT'S ACTS ARE UNFAIR*

42.    Defendant's acts, conduct and practices as alleged above are unfair. Defendant, through deceptive and misleading advertising / representations and material omissions, induced Plaintiff and class members to purchase Defendant's cosmetic products they otherwise would not have purchased had they known Defendant was not "cruelty free."   This injury is not outweighed by any countervailing benefits to consumers or competition.

### *DEFENDANT'S ACTS ARE FRAUDULENT AND/OR DECEPTIVE*

43.    Defendant's acts, conduct and business practices as alleged herein are fraudulent and/or deceptive.  Defendant failed to disclose to its consumers that it tests at least some of its products on animals, a material omission, which was a financially driven incentive, because had they known, Plaintiff and Class members alike would not have purchased Avon products.   In fact, Defendant engaged in a long-term media campaign containing repeated and consistent material misrepresentations that its products were not tested on animals.

### *DEFENDANT'S ACTS ARE UNLAWFUL*

44.    By engaging in the false, deceptive, and misleading conduct alleged above, Defendant has engaged in unlawful business acts and practices in violation of the UCL by violating state and federal laws, including but not limited to California Business and

1    Professions Code section 17500 et seq., which makes false and deceptive advertising
2    unlawful.

3        45.    As a direct and proximate result of Defendant's unlawful, unfair and
4    fraudulent business practices, Plaintiff and the members of the Class have been injured
5    in fact. Plaintiff has been injured in fact because she purchased cosmetic products in
6    reliance on Defendant's false and misleading advertising and representations to the
7    general public regarding its animal testing policies and practices, and she would not
8    have purchased Defendant's Cosmetic Products had Defendant made adequate
9    disclosures.   Defendant's unfair, deceptive and fraudulent and unlawful business
10   practices thus caused Plaintiff to lose money or property.

11       46.    Defendant's unlawful, unfair, deceptive and fraudulent business practices
12   as alleged above present a continuing threat to Plaintiff, the class and members of the
13   public because Defendant persists and continues to engage in such practices, and will
14   not cease doing so unless enjoined or restrained by this Court.

15       47.    Under California Business & Profession Code § 17203, Plaintiff, on behalf
16   of herself, class members and members of the general public, seeks an order of this
17   Court:

18              a)    For injunctive relief requiring Defendant to disclose, on its website
19                    and on the packaging of all of its cosmetic products that Defendant's
20                    business practices include animal testing ; and

21              b)    Restitution of all monies that were acquired by Defendant as a result
22                    of such unlawful, unfair and/or deceptive acts and/or practices
23                    described above.

24

25

26

27

28

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

1

**THIRD CAUSE OF ACTION FOR**

**VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW**

**(CAL. BUS. & PROF. CODE §17500 et seq.)**

48.   Plaintiff incorporates by reference and re-alleges all preceding paragraphs, as if fully set forth herein.

49.   California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, ... corporation or association, or any employee thereof with intent directly or indirectly to dispose of ... personal property ... or anything of any nature whatsoever ... to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that ... personal property ... or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading..."

50.   As alleged above, Defendant disseminated or caused to be disseminated deceptive advertising regarding its animal testing policies and practices to the general public through various media, such that it failed to disclose that it conducted animal testing on at least some of its products. These advertisements contained material omissions of fact and/or were false, misleading and/or inadequate as set forth herein.

51.   Defendant continues to disseminate or cause to be disseminated such false, deceptive and/or inadequate statements as alleged herein.

52.   The false, deceptive and/or inadequate statements regarding Defendant's animal testing policies and practices, as disseminated by Defendant, or as caused to be disseminated by Defendant, have deceived Plaintiff and are likely to deceive the consuming public.

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

53.   While disseminating or causing to be disseminated the false, deceptive and misleading statements regarding Defendant's animal testing policy and practices, as alleged above, Defendant knew or should have known that the statements were false, deceptive and/or misleading.

54.   As a direct and proximate result of Defendant's false, deceptive and/or misleading advertising, Plaintiff and the members of the class have been injured in fact, in that they purchased cosmetic products in reliance on Defendant's false, deceptive and misleading advertising as to Defendant's animal testing policies and practices, that they would not have purchased had the truth been adequately disclosed. Defendant's material omissions, false advertising and misrepresentations regarding the nature and animal testing of the cosmetic products at issue has caused Plaintiff to suffer financial consequences, as it has to all other consumers throughout the nation.

55.   Defendant's false, deceptive and misleading advertising as alleged above presents a continuing threat to Plaintiff, the Class, and members of the public because Defendant persists and continues to disseminate false and misleading advertising, and will not cease doing so unless and until enjoined or restrained by this Court.

56.   Under California Business & Professions Code § 17535, Plaintiff, on behalf of herself, the class members, and members of the general public, seek an order of this Court:

    a)   For injunctive relief requiring Defendant to disclose, on its website and on the packaging of all of its cosmetic products that Defendant's business practices include animal testing; and

    b)   Restitution of all monies acquired by Defendant's false and misleading statements and/or omissions in advertisements, promotions, testimonials, and/or marketing, as described herein.

# FOURTH CAUSE OF ACTION FOR
## VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT
### (CALIFORNIA CIVIL CODE §1750 et seq.)

57.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

58.     This cause of action is brought pursuant to California Consumers Legal Remedies Act, California Civil Code § 1750, et seq. ("CLRA"), seeking injunctive relief.

59.     Plaintiff is a consumer as defined by the CLRA and Defendant is either a supplier and/or seller as defined by the CLRA.

60.     Defendant's conduct described herein involves consumer transactions as defined by the CLRA.

61.     In violation of the CLRA, Defendant has made and continues to make representations to American consumers that it did not conduct animal testing on any of its products, which was false.

62.     Defendant has recently tried to inadequately qualify its prior misrepresentations (limited to website "disclosures") to the American consumers that it did not conduct animal testing "except when required by law," without disclosing that no American law requires animal testing.  The latter representation was misleading and inadequate in that no American law requires animal testing.  It also is inadequate, given its concomitant advertising blitz that its produces are not tested on animals.

63.     Under California Civil Code § 1780, Plaintiff, on behalf herself, the class members, and members of the general public, seek an order of this Court:

            a)     For injunctive relief requiring Defendant to disclose, on its website and on the packaging of all of its cosmetic products that Defendant's business practices include animal testing;

            b)     Plaintiff further intends to amend the Complaint pursuant to Civil Code §1782(d) should Defendant not timely comply with the

17

1    impending preliminary notice to be served in compliance with Civil

2    Code §1782.

### PRAYER

4    Plaintiff, on behalf of herself and on behalf of the Class, respectfully pray for

5    judgment against Defendant as follows:

6    1.    On the First Cause of Action:

7         a)    That the Court determine that the relevant claims in this complaint

8                may be maintained as a class action under Federal Rule of Civil

9                Procedure 23(b)(2) and/or 23(b)(3);

10        b)    For injunctive relief requiring Defendant to disclose, on its website

11               and on the packaging of all of its cosmetic products, that Defendant

12               as a company has engaged in animal testing;

13        c)    For compensatory damages in an = amount in excess of $100

14               million to be proven at trial;

15        d)    For punitive damages in an amount to punish Defendant for its

16               conduct and to dissuade Defendant from engaging in similar

17               conduct in the future, in an amount to be proven at trial;

18        e)    For prejudgment and post judgment interest to the extent permitted

19               by law;

20        f)    For an award of attorney's fees, costs, and expenses incurred in the

21               investigation, filing, and prosecution of this action to the extent

22               permitted by law; and

23        g)    For such other and further relief as the Court deems just and proper.

24   2.    On the Second Cause of Action.

25        a)    That the Court determine that the relevant claims in this complaint

26               may be maintained as a class action under Federal Rule of Civil

27               Procedure 23(b)(2) and/or 23(b)(3);

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

b)   For injunctive relief requiring Defendant to disclose, on its website and on the packaging of all of its cosmetic products, that Defendant as a company has engaged in animal testing;

c)   For restitution of all monies paid to Defendant, in an exact amount to be proven at trial.

d)   For prejudgment and post judgment interest to the extent permitted by law;

e)   For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

f)   For such other and further relief as the Court deems just and proper.

3.   On the Third Cause of Action/

a)   That the Court determine that the relevant claims in this complaint may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3);

b)   For injunctive relief requiring Defendant to disclose, on its website and on the packaging of all of its cosmetic products, that Defendant as a company has engaged in animal testing.

c)   For restitution of all monies paid to Defendant, in an exact amount to be proven at trial.

d)   For prejudgment and post judgment interest to the extent permitted by law;

e)   For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

f)   For such other and further relief as the Court deems just and proper.

1      4.    On the Fourth Cause of Action.

2          a)    That the Court determine that the relevant claims in this complaint

3                  may be maintained as a class action under Federal Rule of Civil

4                  Procedure 23(b)(2) and/or 23(b)(3);

5          b)    For injunctive relief requiring Defendant to disclose, on its website

6                  and on the packaging of all of its cosmetic products, that Defendant

7                  as a company has engaged in animal testing.

8          c)    For an award of attorney's fees, costs, and expenses incurred in the

9                  investigation, filing, and prosecution of this action to the extent

10                 permitted by law; and

11          d)    For such other and further relief as the Court deems just and proper.

13  Dated:  July 26, 2012                KABATECK BROWN KELLNER LLP

15                                    By: _____

16                                      Lina B. Melidonian

17                                      Attorneys for Plaintiff

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  July 26, 2012

KABATECK BROWN KELLNER LLP

By: _____
Lina B. Melidonian
Attorneys for Plaintiff

21

**SECOND AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

**PROOF OF SERVICE**
**Marina Beltran vs. Avon Products, Inc.**
**Court Case No.: SACV12-02502**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is 644 S. Figueroa Street, Los Angeles, California 90017·

On **July 26, 2012,** I served the foregoing document described as: **Second Amended Nationwide and California Class Action Complaint** on the interested parties in the action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>**SEE ATTACHED SERVICE LIST**</u>

**BY OVERNIGHT MAIL** I delivered the above document to an OVERNITE EXPRESS drop box for pick up by OVER NITE EXPRESS for overnight delivery to the following addressees:

**BY E-MAIL,** I transmitted a true copy of said document(s) by e-mail, and no error was reported.

**X**    **MAIL** I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY FAX** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

**BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

**[STATE]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 26, 2012,** at Los Angeles, California.

IRMA DELEON

1

## **PROOF OF SERVICE LIST**

2

3

Nicholas James Begakis
4 Katherine Frenck Murray
Dennis S Ellis
5 Paul Hastings
515 South Flower Street
6 Twenty-Fifth Floor
Los Angeles, CA 90071
7

Tel: +1.213.683.6000
8 Fax: +1.213.627.0705

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28