Case 2:12-cv-02502-CJC-AN   Document 60   Filed 10/10/12   Page 1 of 22   Page ID #:...

ORIGINAL

1  Brian S. Kabateck, SBN 152054
     (bsk@kbklawyers.com)
2  Richard L. Kellner, SBN 171416
     (rlk@kbklawyers.com)
3  Scott M. Malzahn, SBN 229204
     (sm@kbklawyers.com)
4  **KABATECK BROWN KELLNER LLP**
   644 South Figueroa Street
5  Los Angeles, CA 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  *Attorneys for Plaintiff and the Proposed Class*

8

9  Attorneys for Plaintiff

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  MARINA BELTRAN, an individual;
   RENEE TELLEZ, an individual;            CASE NO.:  CV12-02502-CJC (ANx)
13  NICHOLE GUTIERREZ, an
   individual; on behalf of themselves and  **THIRD AMENDED NATIONWIDE**
14  all others similarly situated,          **AND CALIFORNIA CLASS**
                                            **ACTION COMPLAINT FOR:**
15                   Plaintiffs,
                                               1. **FRAUDULENT**
16           vs.                                  **CONCEALMENT;**
                                               2. **UNFAIR BUSINESS**
17  AVON PRODUCTS, INC., a New                     **PRACTICES (Cal. Bus. &**
   York Corporation,                              **Prof. Code § 17200 *et seq.*)**
18                                             3. **VIOLATIONS OF**
                    Defendant.                    **CALIFORNIA'S**
19                                                **CONSUMERS LEGAL**
                                                  **REMEDIES ACT**
20

21                                          **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

1    Plaintiffs individually and on behalf of all others similarly situated, complain and

2    allege on information and belief, except as to those paragraphs applicable to the named

3    Plaintiffs, which are based upon said named Plaintiffs' personal knowledge, as follows:

4                                    **OVERVIEW**

5        1.    This class action arises out of the deceptive and misleading conduct of

6    Defendant Avon Products, Inc. ("Avon" or "Defendant") in marketing, advertising,

7    selling, promoting and/or distributing cosmetic products to consumers in the United

8    States.   Many cosmetic companies (including Avon) have realized that the United

9    States consuming public does not want to purchase cosmetics that are tested on animals.

10   Companies that do not test on animals are sometimes referred to as "cruelty free."

11       2.    Since approximately 1990, Defendant engaged in an extensive and long-

12   term marketing and advertising campaign touting itself as a company that does not test

13   any of its products on animals.   In reality, however, since at least the mid-1990s

14   Defendant has been testing some of its cosmetic products on animals.  Defendant tested

15   on animals in order to do business in China and other foreign countries, thereby reaping

16   hundreds of millions of dollars in sales.   Once its deception was publicly revealed,

17   Defendant then purported to minimize its admission of conducting animal testing by

18   making a wholly inadequate and deceptive disclosure on its website that it was

19   conducting some animal testing.   Nonetheless, even after Defendant placed inadequate

20   and deceptive purported disclosures on its website, it maintained its campaign and

21   continued to claim in other arenas that it did not test on animals at all.

22       3.    The named plaintiffs bring this suit individually, and on behalf of all others

23   similarly situated.

24       4.    As a result of the unfair, unlawful, fraudulent and deceptive practices of

25   Defendant as described herein, Defendant has (a) concealed and misled consumers,

26   such as Plaintiffs, into believing that Defendant does not test any of its products on

27   animals; (b) unfairly, unlawfully and improperly induced consumers into purchasing

28   cosmetic products from it by misleading consumers into believing the company did not

1   engage in animal testing on any of its products (even the ones the consumer was not
2   purchasing); (c) advertised, marketed and/or labeled the company and its cosmetic
3   products in a way that was misleading in a material respect by omitting material facts
4   and/or likely to deceive consumers; and (d) acted to conceal and mislead consumers so
5   as to create a likelihood of confusion regarding the Defendant, its animal testing
6   policies and practices and whether Defendant engaged in any animal testing
7   whatsoever.

8                              **JURISDICTION AND VENUE**

9        5.    This Court has subject matter jurisdiction over this action pursuant to the
10  Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 because there are over 100
11  members of the proposed class, at least one member of the proposed class has a
12  different citizenship from a defendant and the total matter in controversy exceeds
13  $5,000,000. Venue is proper in the Central District of California because this district is
14  the district in which a substantial part of the events or omissions giving rise to the
15  claims occurred.

16                                    **PARTIES**

17       6.    Marina Beltran ("Plaintiff") is an individual consumer residing in Los
18  Angeles County, California who, during the proposed Class Period, purchased a
19  multitude of Defendant's cosmetic products within Los Angeles County, California.
20  Plaintiff purchased various Avon products for personal use including perfumes, body
21  creams, scented lotions, lipsticks, eye shadows, nail polish, vitamins and shampoo from
22  various Avon sales representatives and/or by shopping online at Avon's website during
23  the time period of 2000 through 2011. Plaintiff estimates that she spent approximately
24  anywhere from $10-$100 on an average monthly basis on Avon products during this
25  time period.   Plaintiff was exposed to and aware of Defendant's extensive and long
26  term marketing and advertising campaign touting the company as being cruelty free,
27  which campaign is explained in more detail below. Plaintiff even recalls seeing a
28  statement on Defendant's website that indicated that the company does not conduct any

1   animal testing on its products.  Had Plaintiff known and/or been made aware that
2   Defendant tested any of its products on animals, including the products that were tested
3   on animals in China due to the regulations in a foreign country for purposes of selling
4   in China, she would not have purchased any Avon products.

5       7.    Plaintiff Renee Tellez is an individual residing in Dundee, Michigan.
6   Although she occasionally purchased Avon products before 2002, Ms. Tellez began to
7   regularly use Avon products starting in 2002.  She continued to use Avon products until
8   2012 when she learned that Avon tests on animals.  Ms. Tellez purchased various Avon
9   products for personal use, including body wash, makeup, fragrance, moisture therapy,
10  anti-aging products, lipstick, foundation, lotions, liquid eyeliner, blush, mascara, and
11  pressed powder, nail polish, and eye shadow.  She purchased these products from other
12  Avon sales representatives and by shopping online at Avon's website.  She estimates
13  that she often spent at least $100 on a monthly basis for Avon products.  Ms. Tellez was
14  exposed to and aware of Defendant's extensive and long term marketing and
15  advertising campaign touting the company as being cruelty free, which campaign is
16  explained in more detail below.  In particular, she viewed one Avon advertisement that
17  touted Avon as "the first major beauty company to stop using animals in the safety
18  testing of products . . . ."  Further, on at least one occasion, an Avon sales
19  representative told Ms. Tellez that Avon was "a cruelty-free company" and does not
20  test on animals.  Additionally, she actually viewed the PETA "Do Not Test" List, saw
21  that Avon was listed as a company that does not test its products on animals, and relied
22  on the accuracy of that information when she purchased Avon products.  Had she
23  known and/or been made aware that Defendant tested any of its products on animals,
24  including the products that were tested on animals in China due to the regulations in a
25  foreign country for purposes of selling in China, she would not have purchased any
26  Avon products.

27      8.    Plaintiff Nichole Gutierrez is an individual residing in El Cajon,
28  California.  She began purchasing Avon products sometime in the 1990s and continued

THIRD AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

1   to use Avon products until 2012 when she learned that Avon tests on animals.  Ms.

2   Gutierrez purchased various Avon products for personal use, including mascara, nail

3   enamel, nail enamel corrector pens, blush, terry hair wraps, conditioning hair masks,

4   shampoo, and hand creams.  She purchased these products from various Avon sales

5   representatives and by shopping online at Avon's website.  Ms. Gutierrez was exposed

6   to and aware of Defendant's extensive and long term marketing and advertising

7   campaign touting the company as being cruelty free, which campaign is explained in

8   more detail below.  On multiple occasions, Ms. Gutierrez was told by Avon employees

9   or sales representatives in person and over the telephone that Avon does not test on

10  animals.  For example, in or about January 2010, she met with a District Manager for

11  Avon based in San Diego named Judy Elliott who told her that Avon does not test on

12  animals.  Additionally, Ms. Gutierrez actually viewed the PETA "Do Not Test" List,

13  saw that Avon was listed as a company that does not test its products on animals, and

14  relied on the accuracy of that information when she purchased Avon products.  In fact,

15  for a substantial period of time, Ms. Gutierrez regularly consulted this list when making

16  purchasing decisions.  Had she known and/or been made aware that Defendant tested

17  any of its products on animals, including the products that were tested on animals in

18  China due to the regulations in a foreign country for purposes of selling in China, she

19  would not have purchased any Avon products.

20      9.      Defendant Avon is a Delaware Corporation, headquartered in New York,

21  and registered to do business in California, which manufactured, marketed, advertised,

22  distributed, and/or produced Cosmetic Products during the Class Period in the United

23  States and in the Central District.

24                          **SUBSTANTIVE ALLEGATIONS**

25      10.     During the Class Period, Defendant engaged in an extensive and long term

26  marketing and advertising campaign touting itself as a company that did not test any of

27  its products on animals and as a company that was committed to the elimination of

28  animal testing.

11.   By way of example only, Defendant's marketing and advertising campaign included the following:

a)   During the Class Period and through 2012, Defendant represented to the People for the Ethical Treatment of Animals ("PETA"), through a pledge, that Defendant did not and would not test any of its products on animals.  Defendant did so to ensure the company's placement on PETA's "Do Not Test" list.  Defendant's representations to PETA were false, and made with actual or constructive knowledge that, and with the specific intent that, PETA would repeat this misrepresentation to consumers, including consumers considering whether to purchase Defendant's products. PETA did in fact repeat this misrepresentation to consumers, including consumers considering whether to purchase Defendant's products.  Defendant's actions in this regard were deceptive, misleading and false, as Defendant was in fact testing on animals during this time period.

b)   During the Class Period Defendant's website stated and represented that Defendant did not conduct any animal testing.   Defendant's actions in this regard were deceptive, misleading and false, as Defendant was in fact animal testing during this time period.

c)   During the Class Period, and on information and belief during the entire Class Period, Defendant specifically represented to its sales force that Defendant did not test any of its products on animals, with full knowledge and intent that its sales force would repeat those representations to consumers.  Defendant's sales force did in fact repeat to consumers that the company did not test any of its products on animals.

1        12.    Defendant initiated its extensive and long-term marketing and advertising

2   campaign around 1989, shortly after Avon banned animal testing in 1989 in response to

3   PETA's "Avon Killing" campaign - a play on the company's Avon Calling brand.

4   Despite engaging in a counter-marketing campaign espousing that Avon products were

5   cruelty free, on information and belief, in or around 1990, Defendant began animal

6   testing in China so that it could market and sell its products there. Despite the fact that

7   Defendant was actually testing its products on animals, Defendant continued marketing

8   and advertising that the company did not conduct animal testing on any of its products.

9        13.    Beginning on or about 1990 through at least 2010, Defendant intentionally

10  concealed and omitted material information to the public regarding the fact that its

11  business practices included conducting testing of its products on animals.

12       14.    On information and belief, during the Class Period, in addition to the

13  specific examples above, Defendant made consistent and repeated misleading and/or

14  inadequate representations about the company being one that does not test any of its

15  products on animals, by way of example only, on packaging, in store displays, through

16  paid testimonials, through sales representatives, through press releases and in other

17  forms of marketing and advertising, each time representing that it did not test any of its

18  products on animals.

19       15.    Upon information and belief, in or around January 2010 (nearly two

20  decades after Defendant began testing its products on animals for sales in China),

21  Defendant inserted inadequate and misleading representations on its website and

22  possibly in other forums, purporting to disclose that it did test some products on

23  animals. However, that disclosure was misleading and wholly inadequate to properly

24  inform consumers. Specifically, Defendant stated on its website that it did not test any

25  of its products on animals "except when required by law." This material statement was

26  wholly inadequate and misleading to consumers such as Plaintiff as it implied that

27  Defendant conducted animal testing only when required by American law, yet no

28  American law required animal testing.

16.   Further, although Defendant placed this inadequate and misleading representation on its websites, it continued its extensive marketing and advertising campaign blitz in other forums touting itself as being a company that does not engage in animal testing for any of its products.  Defendant necessarily knew or should have known the purported disclosure on its website was inadequate and misleading, and the purported disclosure was made purely for the purpose of trying to avoid legal liability while at the same time suggesting Defendant did not test on animals.

17.   In addition to its material omissions and material misrepresentations, during the Class Period, Defendant had a duty to disclose to all prospective purchasers of its products that its business operations included animal testing on at least some of its products. Defendant had such duty irrespective of whether Defendant was engaged in animal testing on the particular product purchased by the consumer. Defendant had a duty to disclose to Plaintiff and the Class that its business practices included animal testing because (1) Defendant had exclusive knowledge of a material fact (i.e. that the company's business operations included animal testing) not known or reasonably accessible to Plaintiffs and the Class; (2) Defendant actively concealed the material fact from Plaintiffs and the Class; (3) after January 2010, Defendant made partial representations at least on its website, regarding not performing animal testing except as "required by law," however the partial misrepresentation was misleading as Defendant did not disclose the material fact that it was not referring to American law.

18.   The commercial success of Defendant's products during the Class Period was positively influenced by its extensive and long term marketing and advertising campaign and its direct representations regarding not testing any of its products on animals.  Simply put, Defendant reaped hundreds of millions of dollars in revenue from U.S. consumers, including Plaintiffs who spent approximately anywhere from $10-$100 on an average monthly basis on Avon products for more than a one decade span. Plaintiffs would have affirmatively and intentionally refrained from purchasing any products from Defendant had they known Defendant was testing any of its products on

7

1 animals and/or in China, regardless if the products they actually purchased were tested
2 on animals or not.

3      19.    Indeed, whether a company engages in animal testing on any of its
4 products whatsoever is material information that Defendant touted in its media
5 campaigns to consumers.

6      20.    With full knowledge regarding the materiality, to an American consumer,
7 of whether a cosmetic company tests any of its products on animals, Defendant made a
8 profit motivated decision to enter the Chinese market.  Defendant subsequently began
9 testing certain of its products on animals and/or hired others to conduct animal testing
10 of its products.

11      21.    However, rather than being up front with American consumers regarding
12 its animal testing policies and adequately disclosing that it was animal testing and was
13 not "cruelty" free, Defendant instead continued its extensive and long term marketing
14 and advertising campaign touting itself as not testing any of its products on animals.
15 Defendant's unfair, deceptive and/or fraudulent representations regarding its animal
16 testing policies and practices were material. Without proper full disclosures regarding
17 its animal testing practices, Plaintiffs had the genuine expectation and assumption that
18 the Avon products were not tested on animals when they purchased from Defendant.

19      22.    Plaintiffs did not suspect or discover, and through the exercise of
20 reasonable diligence could not have discovered, Defendant's wrongful conduct as
21 described herein until within the last year.  Indeed, PETA, a "watchdog" organization
22 as it relates to animal testing, did not even discover Defendant was animal testing and
23 thus did take Defendant off its "Do Not Test" List until recently this year.

24      23.    Defendant's misleading of the American public was not without motive.
25 In 2011, the Physician's Committee for Responsible Medicine ("PCRM"), a US based
26 non-profit, commissioned random telephone surveys of the United States' general adult
27 public, which asked individuals about their views on the use of animals in cosmetics
28 testing.   In the survey, 72 percent of respondents agreed that testing cosmetics on

1  animals is inhumane or unethical and 61 percent of respondents said that cosmetics and
2  personal care product companies should not be allowed to test products on animals.
3  This further underscores that animal testing on cosmetics is material information that
4  must be disclosed to consumers.

5      24.   On information and belief, the failure of Defendant to adequately inform
6  consumers regarding its animal testing policies was willful, and profit driven, in that
7  Defendant recognized that if Defendant was honest and forthright with its U.S.
8  customers, Defendant would lose significant sales, profits, and market shares

9      25.   As a result of the unfair, unlawful, fraudulent, deceptive and/or misleading
10  practices in advertising and marketing as described herein, Plaintiffs purchased
11  products from the Defendant.  Plaintiffs would not have purchased any products from
12  Defendant but for Defendant's unfair, fraudulent, and unlawful practices described
13  herein. Defendant's material omissions, false advertising and misrepresentations
14  regarding the nature and testings of the cosmetic products at issue has caused Plaintiffs
15  to suffer financial consequences, as it has to all other consumers throughout the nation.
16  Plaintiffs – like every class member – has been injured as a result of Defendants'
17  material omissions and false claims concerning the animal testing on its products.

18

19                      **CLASS ACTION ALLEGATIONS**

20      26.   Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure
21  23(b)(1), 23(b)(2) and 23(b)(3) on behalf of themselves and a nationwide class of the
22  following classes of persons (all of whom are collectively referred to as the "Class" or
23  "Class Members"):

24          a)     All persons in the United States, including those in the State of
25                 California, who purchased cosmetic products of Avon during the
26                 time period when Avon represented that it did not conduct animal
27                 testing (and did not ask others to conduct animal testing on its

28

**THIRD AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

behalf), when in fact Avon or others acting on its behalf were conducting animal testing.

    b)   All persons who purchased cosmetic products of Avon in the State of California during the time period when Avon represented that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Avon or others acting on its behalf were conducting animal testing.

27.    Excluded from the Class is any person or entity in which any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff, have any controlling interest. Excluded from the Class is any partner or employee of Class Counsel.

28.    Plaintiffs reserve the right to modify the definition of the classes after further discovery.

29.    <u>Numerosity of the Class</u>.  The Class is so numerous that joinder of all members in impracticable. While the exact number and identities of Class Members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed at Defendant, Plaintiffs believe and therefore allege that there are in excess of one million (1,000,000) members of the Class.

30.    <u>Typicality of Claims</u>.  Plaintiffs' claims are typical of those of other Class members, all of whom have suffered similar harm due to Defendant's course of conduct as described herein.

31.    <u>Adequacy of Representation</u>.  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class and have retained attorneys who are highly experienced in the handling of class actions, and Plaintiffs and their counsel intend to prosecute this action vigorously.

32.    <u>Predominance of Common Questions of Law or Fact</u>.  Common questions of fact and law exist as to all Class Members that predominate over any questions affecting only individual Class Members.  These common legal and factual questions,

THIRD AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

which do not vary among Class Members, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

- Whether Defendant engaged in false, deceptive, and/or unfair marketing and/or advertising by marketing and/or advertising itself as a company that does not engage in testing any of its products on animals.

- Whether Defendant's failure to disclose that it conducts animal testing on its products is a material omission.

- Whether Defendant's disclosures regarding its animal testing policies and practices was inadequate so as to be false, deceptive, and/or unfair.

- Whether Defendant's conduct was an "unfair practice", within the meaning of the California's Unfair Competition Laws (the "UCL"- California Business & Profession Code section 17200) in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

- Whether Defendant's conduct was an "unlawful" practice within the meaning of the UCL.

- Whether Defendant's conduct was a "fraudulent practice", within the meaning of the UCL in that it is likely to mislead consumers.

- Whether Defendant's practices were likely to deceive a consumer acting reasonably in the same circumstances.

- Whether the conduct complained of constitutes a violation of California's Consumer Legal Remedies Act (the "CLRA").

- Whether Defendant's conduct caused harm to the Class.

**THIRD AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

- Whether injunctive relief is appropriate and necessary to stop Defendant's false, deceptive and/or misleading marketing and/or advertisements related to its animal testing policies.

- Whether the members of the Class are entitled to restitution and/or suffered damages.

33.   Superiority.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because individual litigation of the claims of all Class Members is impracticable.  Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered.   Even if every Class Member could afford individual litigation, the adjudication of more than a million identical claims would be unduly burdensome to the courts.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members.  Plaintiffs anticipate no difficulty in the management of this action as a class action.  The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect her interests.

34.   The prosecution of individual actions by Class Members would also potentially establish inconsistent standards of conduct for Defendant. Defendant has acted in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to the members of the

1   Class as a whole, as requested herein, the only avenue to guarantee finality on all

2   issues.

## FIRST CAUSE OF ACTION FOR FRAUDULENT

## CONCEALMENT

5      35.    Plaintiffs restate and re-allege paragraphs 1 through 32 as if fully set forth

6   herein.

7      36.    As alleged herein, Plaintiffs are informed and believe and thereon allege

8   that Defendant engaged in an extensive and long term marketing and advertising

9   campaign that included one or more of the uniform material omissions and

10  misrepresentations to Plaintiffs and the Class that its products were not tested on

11  animals, as described herein.  Plaintiffs are further informed and believe that Defendant

12  fraudulently concealed material information regarding the fact that its business

13  operations include animal testing on some of its products.

14     37.    Plaintiffs are informed and believe and thereon allege, that in touting itself

15  to be cruelty free and in engaging in such long term marketing and advertising

16  campaign by omitting  material information to the average cosmetic consumer,

17  Defendant acted fraudulently and deceitfully with knowledge that Plaintiff and the

18  Class would rely on its actions, misstatements, and/or omissions.  Defendant made the

19  aforesaid material representations and/or concealed material facts in order to induce

20  Plaintiffs and the Class to act in reliance on the misrepresentations and statements.

21     38.    Plaintiffs and the Class at all times did reasonably and justifiably rely both

22  directly and indirectly on the actions, representations and/or omissions of Defendant

23  described herein.

24     39.    Plaintiffs purchased various Avon products for personal use including

25  perfumes, body creams, scented lotions, lipsticks, eye shadows, nail polish, vitamins,

26  shampoo, mascara, nail enamel, blush, hair wraps, and eyeliner from various Avon

27  sales representatives and/or by shopping online at Avon's website during the time

28  period of 2000 through 2011.  Plaintiffs were exposed to and aware of Defendant's

1 general stance as being cruelty free as they had exposure to extensive and long term
2 marketing and advertising campaign touting the company as such.   Had Plaintiffs
3 known and/or been made aware that Defendant tested *any* of its products on animals,
4 including the products that were tested on animals for sale in China due to the foreign
5 regulations, they would not have purchased any Avon products, regardless of whether
6 the products they purchased had been tested on animals.

7     40.   As a direct and proximate result of Defendant's fraud, Plaintiffs and the
8 Class have suffered actual economic damages in an amount not presently known, but
9 which will be shown by proof at time of trial, including incidental and consequential
10 damages, and reasonable attorneys' fees.

11     41.   Plaintiffs are informed and believe, and thereon allege, that Defendant
12 undertook the aforesaid illegal acts intentionally or with conscious disregard of the
13 rights of Plaintiffs and the Class, and did so with fraud, oppression, and malice.
14 Therefore, Plaintiffs and the Class are also entitled to recover punitive damages from
15 Defendant in an amount that will be shown by proof at trial.

16 **SECOND CAUSE OF ACTION FOR**
17 **VIOLATIONS OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT**
18 **(CAL. BUS. & PROF. CODE §17200 ET SEQ.)**

19     42.   Plaintiffs incorporate by reference and reallege all preceding paragraphs as
20 if fully set forth herein.

21     43.   California Business & Professions Code § 17200 et seq., also known as the
22 California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition,"
23 including any unlawful, unfair, fraudulent, or deceptive business act or practice as well
24 as "unfair, deceptive, untrue or misleading advertising."

25 *DEFENDANT'S ACTS ARE UNFAIR*

26     44.   Defendant's acts, conduct and practices as alleged above are unfair.
27 Defendant, through deceptive and misleading advertising / representations and material
28 omissions, induced Plaintiffs and class members to purchase Defendant's cosmetic

1 products they otherwise would not have purchased had they known Defendant was not

2 "cruelty free."   This injury is not outweighed by any countervailing benefits to

3 consumers or competition.

4                 *DEFENDANT'S ACTS ARE FRAUDULENT AND/OR DECEPTIVE*

5        45.   Defendant's acts, conduct and business practices as alleged herein are

6 fraudulent and/or deceptive.  Defendant failed to disclose to its consumers that it tests at

7 least some of its products on animals, a material omission, which was a financially

8 driven incentive, because had they known, Plaintiffs and Class members alike would

9 not have purchased Avon products.  In fact, Defendant engaged in a long-term media

10 campaign containing repeated and consistent material misrepresentations that its

11 products were not tested on animals.

12                      *DEFENDANT'S ACTS ARE UNLAWFUL*

13        46.   By engaging in the false, deceptive, and misleading conduct alleged above,

14 Defendant has engaged in unlawful business acts and practices in violation of the UCL

15 by violating state and federal laws, including but not limited to California Business and

16 Professions Code section 17500 et seq., which makes false and deceptive advertising

17 unlawful.

18        47.   As a direct and proximate result of Defendant's unlawful, unfair and

19 fraudulent business practices, Plaintiffs and the members of the Class have been injured

20 in fact. Plaintiffs have been injured in fact because they purchased cosmetic products in

21 reliance on Defendant's false and misleading advertising and representations to the

22 general public regarding its animal testing policies and practices, and they would not

23 have purchased Defendant's Cosmetic Products had Defendant made adequate

24 disclosures.   Defendant's unfair, deceptive and fraudulent and unlawful business

25 practices thus caused Plaintiffs to lose money or property.

26        48.   Defendant's unlawful, unfair, deceptive and fraudulent business practices

27 as alleged above present a continuing threat to Plaintiffs, the class and members of the

28

1  public because Defendant persists and continues to engage in such practices, and will

2  not cease doing so unless enjoined or restrained by this Court.

3      49.   Under California Business & Profession Code § 17203, Plaintiffs, on

4  behalf of themselves, class members and members of the general public, seek an order

5  of this Court:

6          a)   For injunctive relief requiring Defendant to disclose, on its website

7               and on the packaging of all of its cosmetic products that Defendant's

8               business practices include animal testing; and

9          b)   Restitution of all monies that were acquired by Defendant as a result

10              of such unlawful, unfair and/or deceptive acts and/or practices

11              described above.

12              **THIRD CAUSE OF ACTION FOR**

13      **VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT**

14          **(CALIFORNIA CIVIL CODE §1750 et seq.)**

15     50.   Plaintiffs incorporate by reference and re-allege all preceding paragraphs

16  as if fully set forth herein.

17     51.   This cause of action is brought pursuant to California Consumers Legal

18  Remedies Act, California Civil Code § 1750, et seq. ("CLRA"), seeking injunctive

19  relief.

20     52.   Plaintiffs are consumers as defined by the CLRA and Defendant is either a

21  supplier and/or seller as defined by the CLRA.

22     53.   Defendant's conduct described herein involves consumer transactions as

23  defined by the CLRA.

24     54.   In violation of the CLRA, Defendant has made and continues to make

25  representations to American consumers that it did not conduct animal testing on any of

26  its products, which was false.

27     55.   Defendant has recently tried to inadequately qualify its prior

28  misrepresentations (limited to website "disclosures") to the American consumers that it

1 did not conduct animal testing "except when required by law," without disclosing that

2 no American law requires animal testing.  The latter representation was misleading and

3 inadequate in that no American law requires animal testing.  It also is inadequate, given

4 its concomitant advertising blitz that its products are not tested on animals.

5      56.    Under California Civil Code § 1780, Plaintiffs, on behalf themselves, the

6 class members, and members of the general public, seek an order of this Court:

7           a)    For injunctive relief requiring Defendant to disclose, on its website

8                 and on the packaging of all of its cosmetic products that Defendant's

9                 business practices include animal testing;

10          b)    Plaintiffs further intend to amend the Complaint pursuant to Civil

11                Code §1782(d) should Defendant not timely comply with the

12                impending preliminary notice to be served in compliance with Civil

13                Code §1782.

14                               **PRAYER**

15      Plaintiffs, on behalf of themselves and on behalf of the Class, respectfully pray

16 for judgment against Defendant as follows:

17      1.    On the First Cause of Action:

18          a)    That the Court determine that the relevant claims in this complaint

19                may be maintained as a class action under Federal Rule of Civil

20                Procedure 23(b)(2) and/or 23(b)(3);

21          b)    For injunctive relief requiring Defendant to disclose, on its website

22                and on the packaging of all of its cosmetic products, that Defendant

23                as a company has engaged in animal testing;

24          c)    For compensatory damages in an amount in excess of $100 million

25                to be proven at trial;

26          d)    For punitive damages in an amount to punish Defendant for its

27                conduct and to dissuade Defendant from engaging in similar

28                conduct in the future, in an amount to be proven at trial;

e)   For prejudgment and post judgment interest to the extent permitted by law;

f)   For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

g)   For such other and further relief as the Court deems just and proper.

2.   On the Second Cause of Action:

a)   That the Court determine that the relevant claims in this complaint may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3);

b)   For injunctive relief requiring Defendant to disclose, on its website and on the packaging of all of its cosmetic products, that Defendant as a company has engaged in animal testing;

c)   For restitution of all monies paid to Defendant, in an exact amount to be proven at trial.

d)   For prejudgment and post judgment interest to the extent permitted by law;

e)   For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

f)   For such other and further relief as the Court deems just and proper.

3.   On the Third Cause of Action:

a)   That the Court determine that the relevant claims in this complaint may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3);

b)   For injunctive relief requiring Defendant to disclose, on its website and on the packaging of all of its cosmetic products, that Defendant as a company has engaged in animal testing.

18

c)  For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

d)  For such other and further relief as the Court deems just and proper.

Dated:  October 10, 2012                KABATECK BROWN KELLNER LLP


By:  _____
Scott M. Malzahn
Attorneys for Plaintiffs


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  October 10, 2012                KABATECK BROWN KELLNER LLP


By:  _____
Scott M. Malzahn
Attorneys for Plaintiff

**THIRD AMENDED NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT**

# PROOF OF SERVICE
## Marina Beltran vs. Avon Products, Inc.
### Court Case No.: SACV12-02502

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017·

On **October 10, 2012,** I served the foregoing document described as: **Third Amended Nationwide and California Class Action Complaint** on the interested parties in the action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**BY OVERNIGHT MAIL** I delivered the above document to an OVERNITE EXPRESS drop box for pick up by OVER NITE EXPRESS for overnight delivery to the following addressees:

**BY E-MAIL,** I transmitted a true copy of said document(s) by e-mail, and no error was reported.

X    **MAIL** I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY FAX** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

**BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

**[STATE]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 10, 2012,** at Los Angeles, California.

IRMA DELEON

PROOF OF SERVICE

1

## **PROOF OF SERVICE LIST**

2

3
Nicholas James Begakis
4
Katherine Frenck Murray
Dennis S Ellis
5
Paul Hastings
515 South Flower Street
6
Twenty-Fifth Floor
Los Angeles, CA 90071
7

Tel: +1.213.683.6000
8
Fax: +1.213.627.0705

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE