1   DENNIS S. ELLIS (SB# 178196)
    dennisellis@paulhastings.com
2   KATHERINE F. MURRAY (SB# 211987)
    katherinemurray@paulhastings.com
3   NICHOLAS J. BEGAKIS (SB# 253588)
    nickbegakis@paulhastings.com
4   PAUL HASTINGS LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
6   Telephone:  1(213) 683-6000
    Facsimile:  1(213) 627-0705
7
    Attorneys for Defendant
8   AVON PRODUCTS, INC.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  MARINA BELTRAN, an individual;        CASE NO. CV12-02502 CJC (ANx)
13  on behalf of herself and all others
    similarly situated,                   Related Case Nos. 8:12-CV-0312 CJC
14                                         (ANx) and 8:12-CV-01169 CJC (ANx)
                    Plaintiff,
15                                         **MEMORANDUM OF POINTS AND**
        vs.                                **AUTHORITIES IN SUPPORT OF**
16                                         **DEFENDANT AVON PRODUCTS,**
    AVON PRODUCTS, INC., a New             **INC.'S MOTION TO STRIKE**
17  York Corporation,                      **CLASS ALLEGATIONS IN THIRD**
                                           **AMENDED COMPLAINT**
18                  Defendant.             **PURSUANT TO RULE 12(f)**

19
                                           [Notice of Motion and Motion to Strike,
20                                         Motion to Dismiss and Memorandum of
                                           Points and Authorities in Support
21                                         thereof, and Request for Judicial Notice
                                           filed and served concurrently herewith]
22
                                           Date:      December 17, 2012
23                                         Time:      1:30 p.m.
                                           Judge:     Hon. Cormac J. Carney
24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ..................................................................... 1

II.   RELEVANT FACTS .................................................................................... 2

      A.    The Parties ...................................................................................... 2

      B.    Allegations And Notable Omissions Of The TAC ........................... 3

III.  STANDARD FOR A MOTION TO STRIKE ................................................ 4

IV.   PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS SHOULD
      BE STRICKEN .......................................................................................... 4

      A.    The UCL Does Not Apply To Nonresidents' Claims Arising Out
            Of Conduct That Occurred Outside The State Of California ............... 7

      B.    The CLRA Cannot Be Invoked By Non-Resident Plaintiffs ............... 8

      C.    Application Of California Statutes To Claims Of Absent
            Plaintiffs In Other States Would Violate Due Process ...................... 8

V.    PLAINTIFFS CANNOT PLEAD THE PREREQUISITES FOR
      CLASS CERTIFICATION ......................................................................... 10

      A.    Plaintiffs Cannot Meet The Requirements For Class Treatment ........ 11

            1.    Avon's Unique Business Model Does Not Lend Itself To
                  Class Treatment .................................................................... 12

            2.    Plaintiffs Cannot Establish The Requisite Commonality ......... 13

VI.   CONCLUSION ........................................................................................ 17

MEM. OF POINTS & AUTH. IN SUPPORT
                                        OF MOTION TO STRIKE TAC

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ................................ 10

*Castano v. Am. Tobacco Co.*,
   84 F.3d 734 (5th Cir. 1996) ........................................................................... 13

*Cohen v. DIRECTV, Inc.*,
   178 Cal. App. 4th 966 (2009) ........................................................................ 16

*Diamond Multimedia Sys., Inc. v. Super. Ct. (Pass)*,
   19 Cal. 4th 1036, 968 P.2d 539 (1999) ......................................................... 7, 8

*Freedman v. Louisiana-Pacific Corp.*,
   922 F. Supp. 377 (D. Or. 1996) ..................................................................... 11

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 70 (1982) ........................... 4, 9, 10

*Gianino v. Alacer Corp.*,
   846 F. Supp. 2d 1096 (C.D. Cal. Feb. 27, 2012) .......................................... 5, 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ....................................................................... 12

*Hevesi v. Citigroup, Inc.*,
   366 F.3d 70 (2d Cir. 2004) ............................................................................ 13

*Hovsepian v. Apple, Inc.*,
   No. 08-5788, 2009 U.S. Dist. LEXIS 117562
   (N.D. Cal. Dec. 17, 2009) .............................................................................. 10

*In re Graphics Processing Units Antitrust Litig.*,
   527 F. Supp. 2d 1011 (N.D. Cal. 2007) ......................................................... 11

*In re High-Tech Employee Antitrust Litig.*,
   856 F. Supp. 2d 1103 (N.D. Cal. 2012) ............................................................ 7

*In re Tobacco II Cases*,
   46 Cal. 4th 298, 207 P.3d 20 (2009) ......................................................... 15, 16

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

1

2

TABLE OF AUTHORITIES
(continued)

3

Page(s)

4

5

*Kaldenbach v. Mutual of Omaha Life Ins. Co.*,
   178 Cal. App. 4th 830 (2009) ....................................................................... 12, 13

6

7

8

*Kowalsky v. Hewlett-Packard Co.*,
   No. 5:10-cv-02176-LHK, 2012 U.S. Dist. LEXIS 34597
   (N.D. Cal. Mar. 14, 2012) ............................................................................. 1, 6

9

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ........................................................................ passim

10

11

*McCray v. Standard Oil Co.*,
   76 F.R.D. 490 (N.D. Ill. 1977) ..................................................................... 11

12

13

14

*Moore v. Avon Prods. Inc.*,
   No. C06-03425 (SBA), 2007 U.S. Dist. LEXIS 74248
   (N.D. Cal. Oct. 4, 2007) ............................................................................... 3, 12

15

16

*Nordberg v. Trilegiant Corp.*,
   445 F. Supp. 2d 1082 (N.D. Cal. 2006) ....................................................... 8

17

*Norwest Mortgage, Inc. v. Super. Ct. (Conley)*,
   72 Cal. App. 4th 214 (1999) ......................................................................... 1, 7

18

19

*Pfizer, Inc. v. Super. Ct. (Galfano)*,
   182 Cal. App. 4th 622 (2010) ....................................................................... 15, 16

20

21

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ............................. 9

22

23

*Princess Cruise Lines, Ltd. v. Super. Ct. (Wang)*,
   179 Cal. App. 4th 36 (2009) ......................................................................... 15

24

25

*Sanders v. Apple, Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................... passim

26

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) ........................................................................ 2, 4, 10

27

28

-iii-

MEM. OF POINTS & AUTH. IN SUPPORT OF
MOTION TO STRIKE TAC

TABLE OF AUTHORITIES
(continued)

Page(s)

*Simer v. Rios,*
    661 F.2d 655 (7th Cir. 1981)..................................................................5, 10, 14

*Six (6) Mexican Workers v. Ariz. Citrus Growers,*
    904 F.2d 1301 (9th Cir. 1990)..................................................................5

*Smith v. Lyons, Doughty & Veldhuis, P.C.,*
    No. 07-5139, 2008 U.S. Dist. LEXIS 56725 (D.N.J. July 23, 2008)................. 11

*Stearns v. Select Comfort Retail Corp.,*
    No. 08-2746 JF (PVT), 2008 U.S. Dist. LEXIS 112971
    (N.D. Cal. Dec. 4, 2009)..................................................................4

*Stearns v. Select Comfort Retail Corp.,*
    No. 08-2746 JF, 2008 U.S. Dist. LEXIS 84930
    (N.D. Cal. Sept. 30, 2008)..................................................................10

*Tidenberg v. Bidz.com, Inc.,*
    No. CV 08-5553 (PSG) FMOx, 2009 U.S. Dist. LEXIS 21916
    (C.D. Cal. Mar. 4, 2009)..................................................................7

*United States v. Pittman,*
    475 F.2d 1335 (9th Cir. 1973)..................................................................3, 13

*Vinole v. Countrywide Home Loans, Inc.,*
    571 F.3d 935 (9th Cir. 2009)..................................................................4

*Wershba v. Apple Computer, Inc.,*
    91 Cal. App. 4th 224 (2001)..................................................................9

*Yokoyama v. Midland Nat. Life Ins. Co.,*
    594 F.3d 1087 (9th Cir. 2010)..................................................................14

*Zinser v. Accufix Research Inst., Inc.,*
    253 F.3d 1180 (9th Cir. 2011)..................................................................12

**STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq*.............................................................passim

Cal. Civ. Code § 1750, *et seq*. ................................................................... 1

**RULES**

Fed. R. Civ. P. 12(f)......................................................................... 4, 10

Fed. R. Civ. P. 23.................................................................. 10, 11, 12, 13

Fed. R. Civ. P. 23(a) ............................................................................ 12

Fed. R. Civ. P. 23(b) ............................................................................ 12

Fed. R. Civ. P. 23(b)(2) ......................................................................... 12

Fed. R. Civ. P. 23(b)(3) ......................................................................... 12

Fed. R. Civ. P. 23(b)(3)(D)...................................................................... 10

# I.    **PRELIMINARY STATEMENT**

This Court should strike the class allegations in Plaintiffs' Third Amended Complaint ("TAC") because Plaintiffs have not pled, and cannot plead, facts sufficient to merit class treatment under any of the asserted claims. *See Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking class allegations at the pleading stage).

On their fifth attempt to bring a case against Avon Products, Inc. ("Avon"), Plaintiffs[1] assert claims on behalf of a nationwide class of consumers for fraudulent concealment, violation of California's unfair competition statute (Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL")) and violation of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.* (the "CLRA")).  Plaintiffs cannot certify a nationwide class under these claims, as California's consumer protection statutes cannot be brought by non-California residents for conduct occurring outside California. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) ("each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."); *see also Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-LHK, 2012 U.S. Dist. LEXIS 34597 (N.D. Cal. Mar. 14, 2012) (applying *Mazza* in refusing to certify a nationwide class seeking to apply California's unfair competition statutes); *Norwest Mortgage, Inc. v. Super. Ct. (Conley)*, 72 Cal. App. 4th 214, 222 (1999) (California consumer protection statutes do not apply beyond the boundaries of the state).  Indeed, Plaintiff Renee Tellez, who alleges that she is a resident of Dundee, Michigan, and who does not allege that she purchased Avon products in California (TAC ¶ 7), cannot bring **any** claims, let alone a class action, under the UCL or CLRA.

---

[1] As discussed in the concurrently filed Motion to Dismiss, the three "Plaintiffs" are not identically situated.  However, in this Motion to Strike, the relevant issues are consistent as to all, and thus they are dealt with collectively, except where otherwise noted.

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

1    The Court should also strike the California class allegations from the TAC

2   because allowing this action to proceed as a class action will impose an enormous

3   burden on the parties and this Court, only to eventually lead to the same result –

4   denial of class certification.  The claims asserted by Plaintiffs in the TAC include

5   elements of reliance and causation that require individual determinations, making

6   class treatment inappropriate. *Sanders*, 672 F. Supp. 2d at 990-91 (striking of class

7   allegations appropriate where individual determinations regarding reliance

8   predominate).  Furthermore, the unique nature of Avon's business model, wherein

9   its products are sold primarily through its independent sales representatives, makes

10   class-wide treatment of this case practically impossible.  As Plaintiffs' own

11   allegations demonstrate, the representations given to each consumer regarding

12   Avon products and its business practices could be as varied as the number of

13   independent sales representatives (which totals about 600,000 in the U.S.) (*See,*

14   *e.g.*, TAC ¶ 7 ("an Avon sales representative told Ms. Tellez that Avon was 'a

15   cruelty-free company'"); TAC ¶ 8 ("Ms. Gutierrez was told by Avon employees or

16   sales representatives . . . that Avon does not test on animals."))  The Court should

17   strike Plaintiffs' class allegations to prevent the prejudice to Avon and the waste of

18   this Court's time and resources that would result by allowing Plaintiffs to proceed

19   on a futile quest for class certification. *See Sidney-Vinstein v. A.H. Robins Co.*,

20   697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to

21   avoid the expenditure of time and money that must arise from litigating spurious

22   issues . . . .").

23   **II.    RELEVANT FACTS**

24       **A.    The Parties**

25       Headquartered in New York, Avon has a long and rich history of

26   empowering women around the globe by giving them the opportunity to run their

27   own businesses.  "Avon is a nationwide direct seller of cosmetics, clothing, toys,

28   perfume, jewelry, books, videos, and home decor items.  Avon's products are sold

1  to consumers primarily through independent sales representatives." *Moore v. Avon*

2  *Prods. Inc.*, No. C06-03425 (SBA), 2007 U.S. Dist. LEXIS 74248, at *1-2 (N.D.

3  Cal. Oct. 4, 2007).  Avon's independent sales representative is an "integral part of

4  the Avon organization . . . ." *United States v. Pittman*, 475 F.2d 1335, 1337 (9th

5  Cir. 1973).  "Avon manufactures and distributes its products to its [] independent

6  sales representatives.  The sales representative[s are] . . . essentially a retail outlet

7  for Avon's products." *Id*.

8          Plaintiffs Marina Beltran ("Beltran"), a resident of Los Angeles, California,

9  Renee Tellez ("Tellez"), a resident of Dundee, Michigan, and Nichole Gutierrez

10  ("Gutierrez"), a resident of El Cajon, California, seek to represent California and

11  nationwide classes of:  (1) all persons in the United States who purchased Avon

12  cosmetic products "when Avon represented that it did not conduct animal testing";

13  and (2) all persons who purchased Avon cosmetic products in the State of

14  California during the time period when Avon represented that it did not conduct

15  animal testing." (TAC ¶ 26.)  Excluded from the class definition are the Court and

16  Plaintiffs' counsel and its employees.  (*Id.* at ¶ 27.)

17          **B.     Allegations And Notable Omissions Of The TAC**

18          Plaintiffs seek to certify both nationwide and California classes based on

19  Avon's purported failure to disclose and/or adequately disclose information

20  regarding animal testing of "cosmetic products."  (TAC ¶ 1.)  Plaintiffs allege that,

21  although Avon engaged in an extensive and long-term marketing and advertising

22  campaign touting itself as a company that does not test its products on animals,

23  since at least the mid-1990s, Avon had been testing some of its cosmetic products

24  on animals in order to do business in China.  (*Id.* at ¶ 2.)  Plaintiffs claim to have

25  purchased cosmetic products from Avon "as a result of" these alleged

26  misrepresentations.  (*Id.* at ¶ 25.)  Yet, Plaintiffs fail to identify with any level of

27  specificity statements actually made by Avon that induced them to purchase Avon

28

products.  Plaintiffs similarly fail to allege that they purchased any specific Avon product as a result of a misrepresentation.  (*Id.* at ¶¶ 6-8.)

## III.   STANDARD FOR A MOTION TO STRIKE

Federal Rule of Civil Procedure ("Rule") 12(f) empowers the Court to strike allegations, words, and/or phrases from a pleading at any time.  Fed. R. Civ. P. 12(f).  This includes class allegations.  Indeed, "[s]ometimes the issues are plain enough from the pleadings [for the Court] to determine whether the interests of the [proposed class members] are fairly encompassed within the named plaintiff's claim . . . ."  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982).  Thus, the Court may strike class allegations when presented with a pre-answer motion to strike that establishes that a class action cannot be maintained based on the facts set forth in the complaint.  *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009); *see also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940 (9th Cir. 2009) (noting that "district courts throughout the nation" have considered pleading stage motions to strike class allegations).  Generally a Rule 12(f) motion to strike should be granted when necessary "to avoid the expenditure of time and money that must arise from litigating spurious issues . . . ."  *Sidney-Vinstein v. A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 U.S. Dist. LEXIS 112971, at *45 (N.D. Cal. Dec. 4, 2009) (Rule 12(f) allows courts to strike any specious allegations "at the outset of litigation to preserve time and resources[,]" including unfounded class allegations).

## IV.   PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS SHOULD BE STRICKEN

The Court should strike the nationwide class allegations from the TAC because California's consumer protection statutes cannot be invoked by out-of-state plaintiffs to regulate conduct that has no nexus to California.  For one thing, these allegations would likely lead to an unmanageably large class that includes

-4-

1   consumers from states that have unique consumer protection statutes.  *See Simer v.*

2   *Rios*, 661 F.2d 655, 668 n.24 (7th Cir. 1981) (noting that the larger and more

3   dispersed the class, the more difficult it is to manage); *Six (6) Mexican Workers v.*

4   *Ariz. Citrus Growers*, 904 F.2d 1301, 1304-05 (9th Cir. 1990) (same).

5          More importantly, California's consumer protection statutes do not apply to

6   extra-territorial transactions.  *See Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096,

7   1099 (C.D. Cal. 2012) (Carney, J.).  Courts have consistently held that a nationwide

8   class should not be certified based on an individual state's consumer protection

9   laws.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012)

10  ("each class member's consumer protection claim should be governed by the

11  consumer protection laws of the jurisdiction in which the transaction took place.").

12         In *Mazza*, plaintiffs brought a putative nationwide class action alleging that

13  Honda made misrepresentations regarding Acura's Collision Mitigation Braking

14  System.  *Id.* at 585.  Honda conceded that it had "a constitutionally sufficient

15  aggregation of contacts to the claims of each putative class member . . .  because

16  Honda's corporate headquarters, the advertising agency that produced the allegedly

17  fraudulent misrepresentations, and one fifth of the proposed class members [were]

18  located in California[,]" but challenged the nationwide class allegations because the

19  majority of the putative class members purchased or leased cars in states outside of

20  California, some of which had materially different consumer protection laws.  *Id.* at

21  590.  Ultimately, the Ninth Circuit reversed the district court's order granting class

22  certification in part because it had allowed California's consumer protection laws to

23  be applied to a nationwide class, which necessarily included individuals from states

24  with distinct consumer protection statutes.  *Id.* at 593.  ("[I]f California law were

25  applied to the entire class, foreign states would be impaired in their ability to

26  calibrate liability to foster commerce.").  In fact, the court explicitly held that a

27  nationwide class invoking California's consumer protection statutes **could not be**

28  **certified as a matter of law**.  *Id.* at 593-94.

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

*Mazza* has since been applied by several district courts to preclude certification of a nationwide class seeking to invoke California's consumer protection statutes. In *Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-LHK, 2012 U.S. Dist. LEXIS 34597, at *14-17 (N.D. Cal. Mar. 14, 2012), plaintiffs asserted claims under the UCL and CLRA based on alleged misrepresentations made by defendant regarding its printers. Even though *Kowalsky* and *Mazza* involved different defendants, different products, different types of marketing/advertising, and different types of transactions, the *Kowalsky* court concluded that the two cases were "materially indistinguishable[,]" that *Mazza* was controlling Ninth Circuit precedent, and that a nationwide class could not be certified. *Id*. at *20-22. This Court reached a similar conclusion in *Gianino*:

> Accordingly, the Court concludes that every state would be impaired in its ability to protect the consumers within its borders if California law were applied to all claims of the nationwide class. Each class member's claims instead must be governed by and decided under the law of the state in which the transaction took place.
>
> Considering that the laws of 50 states will have to be applied in this case, the Court concludes that the common questions of law do not predominate over the questions affecting individual class members as required by Rule 23(b)(3). The claims of members from California raise significantly different legal issues from those of members from other states. Those different legal issues eclipse any common issues of law that exist. Certification of the entire nationwide class under California law therefore would be improper.

*Gianino*, 846 F. Supp. 2d at 1103.

MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO STRIKE TAC

**A.    The UCL Does Not Apply To Nonresidents' Claims Arising Out Of Conduct That Occurred Outside The State Of California**

Putative class members residing outside of California who were allegedly exposed to misrepresentations and/or omissions by Avon outside of California, including purported class representative Tellez, are barred from asserting claims under the UCL.  California courts generally presume that statutes enacted by the California legislature are not intended to "have force or operation beyond the boundaries of the state."  *Norwest Mortgage, Inc. v. Super. Ct. (Conley)*, 72 Cal. App. 4th 214, 222 (1999).  This presumption can be rebutted only by demonstrating that a "contrary intention is clearly expressed or reasonably can be inferred from the language or purpose of the statute."  *Id.*  (citing *Diamond Multimedia Sys., Inc. v. Super. Ct. (Pass)*, 19 Cal. 4th 1036, 1058-1059, 968 P.2d 539 (1999)).  No such rebuttal evidence is available for the UCL because the UCL "contains no express declaration that it was designed or intended to regulate claims of nonresidents arising from conduct occurring entirely outside of California." *Norwest*, 72 Cal. App. 4th at 222.  Accordingly, "the Ninth Circuit has foreclosed the certification of nationwide classes under the UCL."  *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 n.13 (N.D. Cal. 2012).  *See also Tidenberg v. Bidz.com, Inc.*, No. CV 08-5553 (PSG) FMOx, 2009 U.S. Dist. LEXIS 21916, at *10 (C.D. Cal. Mar. 4, 2009) ("[n]onresidents of California may not invoke the UCL or FAL when the allegedly unlawful conduct does not occur inside California[.]").

Plaintiffs ask the Court to certify a nationwide class asserting UCL claims against Avon, a company that they acknowledge is headquartered in New York. (TAC ¶¶ 9, 26, 42, 49.)  However, none of the Plaintiffs has alleged that any purported misrepresentations or omissions by Avon took place in, or emanated from, California.  Even Gutierrez, who allegedly had a meeting with an Avon District Manager based in San Diego, has failed to plead that this person made

-7-

MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO STRIKE TAC

1   misrepresentations or omissions attributable to Avon in California.  (TAC ¶ 8.)

2   Furthermore, Plaintiffs cannot allege that putative class members residing outside

3   of California have a sufficient nexus to California to validate application of

4   California's consumer protection statutes.  Because Plaintiffs have not set forth any

5   allegations to rebut the strong judicial presumption that the UCL should not apply

6   to non-residents litigating claims based on conduct that allegedly occurred outside

7   of California, the Court should strike the TAC's nationwide UCL-related class

8   allegations.

### B.    The CLRA Cannot Be Invoked By Non-Resident Plaintiffs

10       Non-resident putative plaintiffs are also prohibited from asserting claims for

11   relief under the CLRA.  As a standing threshold for CLRA relief, plaintiffs must

12   prove California residency.  *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082,

13   1096 (N.D. Cal. 2006) (holding that non-California residents did not have standing

14   to pursue CLRA claims); *see also Diamond Multimedia Sys., Inc. v. Super. Ct.*

15   *(Pass)*, 19 Cal. 4th 1036, 1060, 968 P.2d 539 (1999) (the presumption against

16   extraterritoriality cannot be rebutted absent explicit statutory language endorsing

17   applicability to the claims of non-residents).  The majority of the putative plaintiffs

18   in this action, including purported class representative Tellez, appear to reside

19   outside of California and would not have standing to assert a CLRA claim.

20   Accordingly, the Court should strike the TAC's nationwide CLRA-related class

21   allegations.

### C.    Application Of California Statutes To Claims Of Absent Plaintiffs In Other States Would Violate Due Process

24       Beyond the well-known judicial presumption against extraterritorial

25   application of California's consumer statutes, due process weighs against

26   certification of a nationwide class in this case.  Pursuant to notions of due process,

27   California law cannot be applied to a nationwide class action unless California has a

28

1  "significant contact or significant aggregation of contacts to the claims asserted by

2  each member of the plaintiff class . . . ."  *Phillips Petroleum Co. v. Shutts*, 472 U.S.

3  797, 821-22, 105 S. Ct. 2965, 2979, 86 L. Ed. 2d 628 (1985) (internal quotation

4  marks omitted); *see also Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224,

5  241 (2001).  In *Wershba*, the court held that it would **<u>only</u>** be appropriate to apply

6  California law to a nationwide class where:  (1) the defendant does business in

7  California; (2) the defendant's principal offices are in California; (3) a significant

8  number of class members are located in California; **<u>and</u>** (4) the defendant's agents

9  who prepared the promotional and advertising literature at issue did so in

10  California.  *Wershba*, 91 Cal. App. 4th at 241−42.

11       Plaintiffs have not alleged facts to satisfy any of the *Wershba* due process

12  factors.  The TAC concedes that the first two *Wershba* factors do not exist in this

13  case:  "Defendant Avon is a Delaware corporation, headquartered in New York

14  . . . ."  (TAC ¶ 9.)  As for the two remaining *Wershba* factors, the TAC makes no

15  allegations supporting either one.  Plaintiffs do not allege any specific conduct that

16  emanated from California.  In fact, because the putative class includes consumers

17  across the United States, it stands to reason that, to the extent any

18  misrepresentations or omissions were made, most class members likely perceived

19  those misrepresentations or omissions outside the State of California, and thus

20  cannot allege that they were harmed by any conduct that occurred in California.

21       In sum, because it is "plain enough from the pleadings" that the TAC's

22  nationwide class allegations are unfounded, the Court can and should strike the

23  overbroad nationwide class allegations.  *See Gen. Tel. Co. of the Sw. v. Falcon*, 457

24  U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings

25  . . ." to show class certification is unwarranted); *Mazza*, 666 F.3d at 593-94

26  (holding that a nationwide class invoking California's consumer protection statutes

27  cannot be certified as a matter of law).

28

-9-

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

1

## V.   PLAINTIFFS CANNOT PLEAD THE PREREQUISITES FOR CLASS

2

## CERTIFICATION

3         The Court should also strike the California class allegations because the

4   claims asserted by Plaintiffs cannot be maintained on a class-wide basis.  As

5   discussed above, a court may grant a Rule 12(f) motion to strike class allegations

6   where it is "plain enough from the pleadings" that a proposed class cannot be

7   certified.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Courts

8   considering class allegations must look to Federal Rule of Civil Procedure Rule 23,

9   which lays out specific requirements for class treatment that intend to "block[]

10  unwarranted or overbroad class definitions . . . ."  *Amchem Prods., Inc. v. Windsor*,

11  521 U.S. 591, 620, 117 S. Ct. 2231, 2248, 138 L. Ed. 2d 689 (1997).  After

12  weighing "likely difficulties" that might arise should the case proceed as a class

13  action, Rule 23 empowers courts to deny class certification to any proposed class

14  that would be "unmanageable."  Fed. R. Civ. P. 23(b)(3)(D); *Simer v. Rios*, 661

15  F.2d 655, 668 n.24 (7th Cir. 1981).

16        The Court need not wait until the class certification stage to eliminate

17  deficient class allegations.  Rule 12 permits courts to strike class allegations at any

18  time, without specifying time limits.  Fed. R. Civ. P. 12(f); *Gen. Tel. Co.*, 457 U.S.

19  at 160; *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)

20  ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

21  money that must arise from litigating spurious issues . . .").  As a result, a court may

22  properly strike class allegations on a pre-answer motion to strike where a complaint

23  demonstrates that a class action cannot be maintained on the facts alleged.

24  *Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 U.S. Dist. LEXIS 117562 (N.D. Cal.

25  Dec. 17, 2009); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009);

26  *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2008 U.S. Dist. LEXIS

27

28

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

1 │ 84930 (N.D. Cal. Sept. 30, 2008); *In re Graphics Processing Units Antitrust Litig.*,

2 │ 527 F. Supp. 2d 1011, 1028 (N.D. Cal. 2007).[2]

3 │     For example, in *Sanders*, the plaintiffs brought a putative class action on

4 │ behalf of all purchasers of a certain model of Apple's iMac computer. *Sanders*, 672

5 │ F. Supp. 2d at 982-83. The plaintiffs alleged that Apple had misrepresented the

6 │ product's characteristics and concealed material information regarding the

7 │ product's performance. *Id.* The court struck plaintiffs' class allegations at the

8 │ pleading stage because it was evident from the face of the complaint that (1) the

9 │ class, as defined, contained members who lacked Article III standing and could not,

10 │ therefore, pursue claims in federal court; and (2) individual issues of reliance would

11 │ predominate making class treatment inappropriate. *Id.* at 990-91. Avon presents

12 │ similar arguments here. The nature of Avon's unique sales model would require an

13 │ individualized inquiry into what each putative plaintiff saw or relied on prior to

14 │ purchasing Avon products, thus making class treatment inappropriate. Additional

15 │ discovery and litigation will serve no other purpose but to prejudice Avon by

16 │ requiring it to litigate a spurious class certification motion.

17 │     **A.**    **Plaintiffs Cannot Meet The Requirements For Class Treatment**

18 │     Plaintiffs have not pled, and cannot plead, all of the elements mandated by

19 │ Rule 23 for class treatment. Pursuant to Rule 23, class treatment is warranted

20 │ when: (1) the number of aggrieved individuals is too numerous to make joinder

21 │ practicable; (2) there are questions of law and fact common to all members of the

22 │ putative class; (3) the purported class representatives' claims and defenses are not

23 │ atypical from the other members of the proposed class; and (4) the identified class

24 │ ─────────────────────

24 │ [2] *See also In re Graphics Processing Units Antitrust Litig.*, 527 at 1028 (striking nationwide class

25 │ allegations predicated on California consumer statutes pre-Answer); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 394, 396 (D. Or. 1996) (striking some allegations in response to a pre-Answer motion to

26 │ strike); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 495-97 (N.D. Ill. 1977) (indicating that a Court can consider a motion to strike class allegations before an Answer is filed); *Smith v. Lyons, Doughty &*

27 │ *Veldhuis, P.C.*, No. 07-5139, 2008 U.S. Dist. LEXIS 56725, at *12 (D.N.J. July 23, 2008) ("[C]ourts will strike or dismiss class allegations even if discovery has not yet taken place" when "the complaint itself

28 │ demonstrates that the requirements for maintaining a class action cannot be met.") (citations omitted) (internal quotation marks omitted).

-11-

MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO STRIKE TAC

representatives will fairly and adequately represent the interests of the purported class. Fed. R. Civ. P. 23(a).  In addition to meeting the Rule 23(a) prerequisites, a plaintiff also must fall into one of three categories under Rule 23(b).  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  Here, Plaintiffs seek certification under Rule 23(b)(2) "and/or" Rule 23(b)(3) (TAC, Prayer).  Rule 23(b)(3) requires that plaintiffs show that:  (1) questions of law or fact common to class members predominate over any questions affecting only individual members; and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).  Plaintiffs seeking class treatment have the burden of establishing the prerequisites of Rule 23 by a preponderance of the evidence.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998).  Failure to do so may result in striking of the class allegations at the pleading stage.  *Sanders*, 672 F. Supp. 2d at 990-91.

## 1.   Avon's Unique Business Model Does Not Lend Itself To Class Treatment

The Court should strike the class allegations because Avon's unique practice of selling products primarily through independent sales representatives means that individual questions will predominate.  It is well settled that predominance is absent when putative plaintiffs are exposed to diverse representations made by independent representatives.  *See Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 849 (2009) (holding that individual issues predominated because purchasers of insurance were exposed to various representations made by sales agents).  Like the insurance in *Kaldenbach*, "Avon's products are sold to consumers primarily through independent sales representatives."  *Moore v. Avon Prods. Inc.*, No. C06-03425 (SBA), 2007 U.S. Dist. LEXIS 74248, at *1-2 (N.D. Cal. Oct. 4, 2007).  "Avon manufactures and distributes its products to its [] independent sales representatives.  The sales representative[s are] essentially a retail

-12-

1   outlet for Avon's products." *United States v. Pittman*, 475 F.2d 1335, 1337 (9th

2   Cir. 1973) (describing the independent sale representative as an "integral part of the

3   Avon organization . . . .").

4          Given Avon's sales structure, it is not surprising that Plaintiffs cannot

5   identify one specific sales representative who made one specific misrepresentation

6   or omission to all putative class members, or even to the three of them. (*See* TAC

7   ¶¶ 6-8.)  Instead, Plaintiffs allege that they purchased unspecified Avon products

8   from "various" and "other" unspecified sales representatives who may or may not

9   have made any number of representations regarding the multitude of products sold

10  by Avon. (*Id*.)  Given the vast disparity in the representations that each consumer

11  could have received when purchasing Avon products, Plaintiffs cannot demonstrate

12  the predominance necessary for class treatment. *See Kaldenbach*, 178 Cal. App.

13  4th at 849.

14                     **2.    Plaintiffs Cannot Establish The Requisite Commonality**

15         The class allegations in the TAC also should be stricken because Plaintiffs

16  have not established – and judging from Beltran's now fifth failure to do so, cannot

17  establish – the commonality mandated by Rule 23.  Their underlying claims, like

18  those of all putative class members, sound entirely in fraud and involve elements of

19  reliance and causation. (*See* Sept. 20, 2012 Order Granting Defendant's Motion To

20  Dismiss In Part And Denying Defendant's Motion To Strike, Dkt. No. 59 ("Order")

21  at p. 9 (noting that two of the key elements of fraudulent concealment are reliance

22  and causation).)  Reliance is an individualized issue incapable of being proven on a

23  class-wide basis without a member-by-member determination. *See Hevesi v.*

24  *Citigroup, Inc.*, 366 F.3d 70, 78 (2d Cir. 2004) (holding that individual issues

25  predominate when reliance is an issue).  Accordingly, courts are loath to grant class

26  treatment for claims involving proof of reliance. *See, e.g.*, *Castano v. Am. Tobacco*

27  *Co.*, 84 F.3d 734, 735 (5th Cir. 1996) (class action cannot be certified where

28

1   reliance will be an issue); *Simer*, 661 F.2d at 673-74 (same).  *See also Yokoyama v.*
2   *Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010) (indicating that
3   where there are individualized issues of subjective reliance, class certification
4   would be properly denied).

5       Beltran, Tellez, and Gutierrez's separate allegations in the TAC underscore
6   the lack of commonality amongst purported class members.  Each alleges that she
7   purchased various Avon products from various sales representatives or employees
8   or from Avon's website.  (TAC ¶¶ 6-8.)  Gutierrez alleges that she spoke with an
9   Avon District Manager based in San Diego, while Tellez vaguely alleges an
10  interaction with an unspecified Avon sales representative, presumably one residing
11  close to her in Michigan.  (TAC ¶¶ 7, 8.)  None of the Plaintiffs alleges to have
12  interacted with the same Avon representative.  Similarly, while Gutierrez and
13  Tellez allege that they "actually viewed" PETA's "Do Not Test" List, Beltran does
14  not.  (*Id.* at ¶¶ 6-8.)  Likewise, Beltran references statements she read on Avon's
15  website, but Tellez and Gutierrez do not.  (*Id.*)  Given the palpable disparity just
16  between the purported class representatives' allegations, it is obvious that class
17  treatment would be inappropriate in this case; the Court would have to determine
18  whether each alleged purchaser perceived a specific misrepresentation or omission,
19  whether different purchasers perceived the same or different misrepresentations or
20  omissions, whether those misrepresentations or omissions could properly be
21  attributed to Avon, whether the alleged purchaser actually relied on those
22  misrepresentations or omissions, and what specific products, if any, each alleged
23  purchaser bought in reliance on those misrepresentations or omissions.

24      Plaintiffs have not alleged anything in the TAC that would assuage concerns
25  about the profusion of individualized reliance issues in the proposed classes.
26  Indeed, Plaintiffs have not set forth specific allegations that establish the existence
27  of a universal material representation or a material omission made by Avon to all
28  consumers.  Instead, the TAC largely reiterates the same Rule 9(b)-deficient

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

1   allegations set forth in the SAC, which the Court found to be insufficient to support

2   Plaintiffs' fraud-based claims.  (*See* Order at pp. 8-9.)  (*See also* discussion *passim*

3   Memorandum of Points and Authorities In Support of Avon's Motion to Dismiss

4   TAC Pursuant to Rule 12(b)(6), filed and served concurrently herewith.)

5       With regard to the California Class, Plaintiffs may rely on *In re Tobacco II*

6   *Cases*, 46 Cal. 4th 298, 313-314, 207 P.3d 20 (2009), and allege that it eliminated

7   the reliance requirement under the UCL; however, subsequent authority indicates

8   that is not the case.  In *Princess Cruise Lines, Ltd. v. Super. Ct. (Wang)*, 179 Cal.

9   App. 4th 36, 42 (2009), the court held that despite the holding in *Tobacco II*, a

10  "Plaintiff in a UCL action based on a fraud theory involving false advertising and

11  misrepresentation must show reliance[.]"  In *Princess Cruise Lines*, the plaintiffs

12  purchased shore excursion packages and alleged that the cruise line misrepresented

13  the nature of its involvement in the shore excursions and added improper

14  surcharges.  The court held that class treatment was inappropriate because the

15  plaintiffs could not establish reliance in that they likely would have purchased the

16  shore excursions regardless of the surcharge.  *Id.* at 44.

17      Where, as here, a claim is based on numerous representations, reliance is not

18  uniform across a putative class and class treatment is therefore inappropriate.  The

19  California Court of Appeal's decision in *Pfizer, Inc. v. Super. Ct. (Galfano)*, 182

20  Cal. App. 4th 622 (2010) is instructive.  The plaintiff in that case brought a class

21  action under the UCL on behalf of "all purchasers of Listerine in California" during

22  a certain period, alleging that Pfizer's claim that Listerine was more effective than

23  flossing was misleading.  *Id.* at 631.  The court noted that recovery in a UCL action

24  is limited to restitutionary disgorgement and went on to hold that the class as

25  defined was "grossly overbroad" because "one who was not exposed to the alleged

26  misrepresentations and therefore could not possibly have lost money or property as

27  a result of the unfair competition is not entitled to restitution."  *Id.*  As a result, the

28  court reversed the trial court's ruling certifying the class because individual issues

-15-

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

1   necessarily predominated.  *Id.*; *see also Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th

2   966 (2009) (overturning class certification of UCL claims based on the contention

3   that DIRECTV's advertisements regarding its high-definition services were

4   misleading because the class definition included plaintiffs who did not see and/or

5   did not rely on the advertisements at issue).

6        The recent decision in *Mazza* is in accord.  The court in *Mazza* found that

7   Honda's representations were not sufficient to justify a presumption of reliance.

8   *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012).  In so doing,

9   the court noted that the presumption of reliance discussed in *Tobacco II* was not

10  applicable in situations where "it is likely that many class members were never

11  exposed to the allegedly misleading advertisements . . . ."  *Id.*  The court in *Mazza*

12  adopted the reasoning of *Pfizer* and *Cohen* in holding that "[i]n the absence of the

13  kind of massive advertising campaign at issue in *Tobacco II*, the relevant class must

14  be defined in such a way as to include only members who were exposed to

15  advertising that is alleged to be materially misleading."  *Mazza,* 666 F.3d at 596.

16  That reasoning is equally applicable here.

17       Plaintiffs do not begin to allege, nor can they, that the advertising at issue

18  here is the kind of "massive," "decades long" and "pervasive" campaign that was

19  present in *Tobacco II*.  The varied individual issues in this case absolutely preclude

20  class treatment.

21

22

23

24

25

26

27

28

MEM. OF POINTS & AUTH. IN SUPPORT
OF MOTION TO STRIKE TAC

## VI.    **CONCLUSION**

For the foregoing reasons, Avon respectfully requests that the Court strike Plaintiffs' class allegations from the TAC, or, at minimum strike the TAC's nationwide class allegations.

DATED:  October 30, 2012          PAUL HASTINGS LLP


By:_____/s/_____
                              Katherine F. Murray

Attorneys for Defendant
AVON PRODUCTS, INC.