1  Brian S. Kabateck, SBN 152054
    (bsk@kbklawyers.com)
2  Richard L. Kellner, SBN 171416
    (rlk@kbklawyers.com)
3  Scott M. Malzahn, SBN 229204
    (sm@kbklawyers.com)
4  **KABATECK BROWN KELLNER LLP**
   644 South Figueroa Street
5  Los Angeles, CA 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  *Attorneys for Plaintiff and the Proposed Class*

8

          **UNITED STATES DISTRICT COURT**

9

          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARINA BELTRAN, an individual;      Case No.: SACV12-02502 CJC (ANx)
    RENEE TELLEZ, an individual;
    NICHOLE GUTIERREZ, an             **PLAINTIFFS' MEMORANDUM OF**
12  individual; on behalf of themselves and  **POINTS AND AUTHORITIES IN**
    all others similarly situated,          **OPPOSITION TO DEFENDANT**
13                                          **AVON PRODUCTS, INC.'S**
                 Plaintiffs,                **MOTION TO DISMISS THE THIRD**
14                                          **AMENDED COMPLAINT**
           vs.                              **PURSUANT TO RULE 12(b)(6)**
15
    AVON PRODUCTS, INC., a New       [Opposition to Motion to Strike;
16  York Corporation,                Plaintiffs' Request for Judicial Notice;
                                     and Objections to Defendant's Request
17                 Defendant.        for Judicial Notice filed concurrently
                                     herewith]
18
                                     Date:     December 17, 2012
19                                   Time:     1:30 p.m.
                                     Judge:    Hon. Cormac J. Carney
20

21

22

23

24

25

26

27

28

---

# **TABLE OF CONTENT**

I.    INTRODUCTION ……………………………………………………….....1

II.   PROCEDURAL BACKGROUND……………………………………….....4

III.  RELEVANT FACTUAL ALLEGATIONS …………………………………6

IV.   ARGUMENT …………………………………………………………8

    A. Defendant's Contention That The September 20th Order Requires
       Dismissal Of The Entire Action Because Plaintiffs Did Not Amend
       To Allege Fraud With Greater Particularity Is Based On A Clearly
       Erroneous Reading of The Order …………………………………8

    B. This Court Correctly Found That Plaintiffs Have Properly Stated A
       Claim For Fraudulent Concealment …………………………………...10

        1. As With The SAC, The TAC Properly Alleges That Defendant Had
          Exclusive Knowledge of Material Facts Not Known to Plaintiffs and
          Defendant Actively Concealed Material Facts …………………………10

        2. Plaintiffs Gutierrez and Tellez Allege Fraud With Greater Specificity
          Than Ms. Beltran, Which Triggers A Duty To Disclose That
          Defendant Alleged Breached …………………………………..14

    C. This Court Correctly Found That Plaintiffs Have Properly Stated UCL
       and CLRA Claims…………………………………………………...15

    D. The Addition Of Two New Class Representatives Is Proper………………..16

V.    CONCLUSION…………………………………………………………19

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Alla Med. Services, Inc.*

    (9th Cir. 1988) 855 F.2d 1470 ................................................................4

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC,*

    162 Cal.App.4th 858 (2008) ............................................................11

*Collins v. eMachines, Inc.*

    202 Cal. App 4th 249 (2011) ............................................................7

*Daugherty v. American Honda Motor Company, Inc.,*

    144 Cal.App.4th 824 (2006) ............................................................16

*Falk v. General Motors Corporation,*

    496 F.Supp.2d 1088 (N.D. Cal. 2007) ............................................11

*Foman v. Davis,*

    371 U.S. 178 (1962) ............................................................17

*Goodman v. Kentucky,*

    18 Cal.3d 335 (1976) ............................................................11

*Kearns v. Ford Motor Company,*

    567 F.3d 1120 (9th Cir.) ............................................................5

*Kwikset Corp. v. Superior Court,*

    51 Cal.4th 310 ............................................................14

*Kwikset Corporation v. Superior Court,*

    51 Cal.4th 310 (2011) ............................................................5

*Los Angeles Unified Sch. Dist. v. Great Am. Ins. Co.,*

    49 Cal.4th 739 (2010) ............................................................11

*Mendiondo v. Centinela Hosp. Med. Ctr.,*

    521 F.3d 1097 (9th Cir. 2008) ............................................................17

*Parris v. Superior Court,*

    109 Cal.App.4th 285 (2003) ............................................................19

PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT

*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,*

   123 F.R.D. 282 (N.D.Ill. 1988)..............................................................3

*Sanders v. Aranas*, No. 06-CV-01574 AWI (SMS),

   2009 WL 530870 (E.D. Cal. March 3, 2009).....................................3

*Waldo v. Lakeshore Estates, Inc.,*

   433 F. Supp. 782 (E.D. La. 1977)........................................................18

*Warner Constr. Corp. v. City of Los Angeles,*

   2 Cal.3d 285 (1970) ...........................................................................11

*Wilson v. Hewlett Packard Co.,*

   558 F.3d 1136 (9th Cir. 2012) ........................................................12,13


**Other Authorities**

Fed. R. Civ. Proc. 11 ..............................................................................4

iii

1

## MEMORANDUM OF POINTS OF AUTHORITIES

2

## I.    INTRODUCTION

3      This latest motion to dismiss filed by Defendant Avon Products, Inc. is puzzling,

4  since Defendant Avon Products, Inc. ("Defendant") just ignores the fact that this Court

5  has already determined that significant parts of the complaint have been sufficiently pled.

6  Inexplicably, Defendant seeks to rehash the same arguments that this Court has already

7  rejected. Dkt 59.  This Court has definitively ruled that the Second Amended Complaint

8  sufficiently alleged the following causes of action:

9    • Fraudulent Concealment [Dkt 59, pp. 9-11 ("Therefore, she has adequately

10       pleaded a claim for fraudulent concealment.")]

11   • Unfair Competition Law ("UCL") [Dkt 59, pp. 12-13 (based upon the

12       unlawful and fraud (*i.e.*, fraudulent concealment)]

13   • Consumer Legal Remedies Act ("CLRA") [Dkt 59, pp. 13-14 ("Therefore,

14       Ms. Beltran has sufficiently pleaded a claim under CLRA based on Avon

15       not disclosing material facts relating to animal testing.")].

16      Indeed, in its present attack on the very causes of action that this Court ruled were

17  sufficient, Defendant appears to completely ignore (or discard) this Court's ruling

18  regarding materiality:

19              Avon's animal testing practices are material for purposes of the
20       CLRA. In support of this point, Ms. Beltran cites a 2011 survey
         conducted by the Physician's Committee for Responsible Medicine
21       ("PCRM") finding that 72 percent of respondents agreed that
         companies should not be allowed to test products on animals. (SAC
22       ¶21.)  The actual effect on a reasonable consumer is a question of fact,
         but the PCRM study shows that Ms. Beltran's allegations are not
23       completely without support.  There is a sufficient allegations that a
24       reasonable consumer would have behaved differently had she been
         aware of [Defendant's] animal testing practices.  Therefore, Ms.
25       Beltran has sufficiently pleaded a claim under the CLRA based on
26       Avon not disclosing material facts related to its animal testing.

27

28  Dkt. 59, pp. 13-14.)

1

1    Moreover, the Court specifically determined that Avon had a duty to disclose
2    [which Defendant also seeks to reargue], since the omissions relating to animal testing
3    were material:

4         Ms. Beltran alleges that Avon had a duty to disclose information
          about its animal testing because it is a material fact. (SAC ¶115.) The
5         information is material because, had she known about the animal
          testing practices, she would have acted differently by not purchasing
6         Avon products. This is sufficient to give rise to a duty to disclose. Ms.
7         Beltran has adequately pleaded the other elements of fraudulent
          concealment including that she was unaware of Avon's animal testing
8         practices, Avon concealed the information in order to increase its sales
9         from consumers like her, and as a result of Avon's concealment, she
          purchased products she otherwise would not have. Therefore, she has
10        adequately pleaded a claim for fraudulent concealment.
11

12        Avon's misrepresentations through its advertising campaign and
          on its website could also give rise to a duty to disclose. However, as
13        the Court discussed earlier, Ms. Beltran has not adequately alleged the
14        specifics of the advertising campaign or her visit to Avon's website
          under Rule 9(b). . .
15

16   (Dkt. 59, pp. 10-11.) Nonetheless, Defendant seeks to rehash issues that were already
17   determined by the Court.

18        This is a strong case. Plaintiffs look forward to discovery where, among other
19   things, Defendant will have to disclose its marketing decision to advertise and market its
20   products to be "cruelty fee", which should obliterate any materiality argument.

21        Based upon the September 20, 2012 Order, the purpose of the latest amendment is
22   limited to: (a) deleting the causes of action for fraud and FAL claims; and (b) to more
23   sufficiently allege reliance upon Avon advertising for ***an additional ground*** of fraudulent
24   concealment related to Avon's general advertising and website disclosures (beyond the
25   ground that the Court found was already sufficient). By the amendment, the Plaintiffs
26   have supplemented the allegations – especially by the new plaintiffs – to allege:

27        • Unlike the original named Plaintiff Marina Beltran (Dkt 60, ¶ 6), Plaintiffs Renee
28          Tellez and Nichole Gutierrez allege that they "actually viewed the PETA 'Do

2

Not Test' List, saw that Avon was listed as a company that does not test its products on animals, and relied on the accuracy of that information when she purchased Avon products." Dkt 60, ¶¶ 7, 8. "In fact, for a substantial period of time, Ms. Gutierrez regularly consulted this list when making purchasing decisions." Dkt 60, ¶ 8.

- Unlike Ms. Beltran who does not allege affirmative misrepresentations in Avon's advertising with the specificity required by this Court's September 20 Order (Dkt 60, ¶ 6), Plaintiff Renee Tellez specifically alleges that she "viewed one Avon advertisement that touted Avon as 'the first major beauty company to stop using animals in the safety testing of products . . . .'" Dkt 60, ¶ 7.

- Plaintiff Nichole Gutierrez provides even greater specificity with respect to Avon's alleged misrepresentations. She alleges that she "was told by Avon employees or sales representatives in person and over the telephone that Avon does not test on animals. For example, in or about January 2010, she met with a District Manager for Avon based in San Diego named Judy Elliott who told her that Avon does not test on animals." Dkt 60, ¶ 8.

As amended, the Third Amended Complaint ("TAC") now provides even greater specificity than the SAC with respect to Avon's affirmative partial representations. These allegations are sufficient to add the alternative basis for fraudulent concealment (which already has been upheld on two other grounds) because they show that Defendant made partial representations about its animal testing practices and therefore had a duty to disclose the whole truth and not suppress other material facts.

Needless to say, successive motions to dismiss should not be the vehicle for making motions to reargue the same issues. "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Sanders v. Aranas*, No. 06-CV-01574 AWI (SMS), 2009 WL 530870, *2 (E.D. Cal. March 3, 2009) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988)). Additionally, a court may determine that successive motions are interposed for

3

dilatory or otherwise improper motives and deny such motions on those grounds.  *See* Fed. R. Civ. Proc. 11; *Aetna Life Ins. Co. v. Alla Med. Services, Inc.* (9th Cir. 1988) 855 F.2d 1470, 1476-77.  Defendant's improper attempt to re-litigate the same issues over and over again is abusive of this Court's limited resources and must end.  It is time for the parties to move on.[1]

With little else to argue, Defendant opts to attack the newly added plaintiffs, Renee Tellez and Nichole Gutierrez.  Both of these plaintiffs have standing (for the same reasons that this Court previously ruled that Ms. Beltran has standing) and have adequately and specifically alleged reliance to support the causes of action.  Defendant's contention that Plaintiff was foreclosed from adding plaintiffs in the amendment has absolutely no merit and is counterintuitive – there was no restriction on the Court's order granting leave to amend after the Order.  As a final salvo, Defendant makes the meritless accusation that People for the Ethical Treatment of Animals ("PETA") violated some ethical rules by establishing a website that informs the consumer public about Defendant's practice of conducting animal testing.  To the contrary, such a website falls squarely within PETA's constitutional free speech rights and, in any event, PETA's website does not constitute "client solicitation" under California law.

Accordingly, this Court should deny this latest motion to dismiss in its entirety.

## II.   PROCEDURAL BACKGROUND

The instant motion to dismiss follows on the heels of Plaintiffs' filing of the TAC in response to this Court's Order dated September 20, 2012, which granted in part Defendant's motion to dismiss and ruled that several of the causes of action had been sufficiently pled.

First, the Court considered and rejected Defendant's argument that Plaintiff Marina Beltran lacks standing to prosecute her claims.  Relying on the California Supreme

---

[1]   Indeed, in its zeal to reargue, Defendant does not even mention – let alone deal with—the seminal case of " *In re Tobacco II*, 45 Cal.4th 298, 327 (2009), that was relied upon by the Court in its September 20, 2012 Order.

PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1    Court's decision in *Kwikset Corporation v. Superior Court*, 51 Cal.4th 310, 322 (2011),

2    this Court correctly ruled that allegations that Ms. Beltran had purchased a number of

3    Avon products that she would not have purchased had she known the truth about Avon's

4    practice of conducting animal testing are sufficient to confer standing under Article III

5    and state law.  Dkt. 53, pp. 4:5-6:28.

6         Second, in addition to ruling on the issue of standing, this Court ruled on

7    Defendant's motion that all four of Plaintiff's claims should be dismissed under Rule

8    12(b)(6) for a failure to state a claim.  It granted in part and denied in part the motion.  On

9    the one hand, it dismissed Plaintiff's affirmative misrepresentation claim and the false

10   advertising claim on the ground that Plaintiff had failed to satisfy the heightened pleading

11   standard for fraud under Rule 9(b).  Dkt. 53, at pp. 8:1-9:16, 13:4-8.  It reasoned that "Ms.

12   Beltran's claims are based on similar allegations as in [*Kearns v. Ford Motor Company*,

13   567 F.3d 1120 (9th Cir.)], and fail for similar reasons.  She does not plead what the

14   advertising materials specifically state.  She also points to no particular advertisements or

15   promotional materials that she was personally exposed to.  . . . Thus, she has failed to

16   meet the pleading requirements of Rule 9(b) for these [fraudulent misrepresentation]

17   claims."  Dkt. 59, p. 9:4-9.  Nevertheless, "[b]ecause the Court cannot say with certainty

18   at this time whether any further amendment would be futile," it dismissed the affirmative

19   misrepresentation and FAL claims with leave to amend.  *Id.* at 3:16-18.

20        Importantly however, the Court did not dismiss all of Plaintiff's claims.  Based on

21   allegations that Defendant breached a duty to disclose material information about its

22   company's animal testing practices, it ruled that Plaintiff had properly alleged a

23   fraudulent concealment claim and claims for violation of UCL and CLRA.  *Id.* at 9:18-

24   13:2, 13:10-14:8.  Indeed, the Court ruled that Plaintiff "has adequately pleaded a claim

25   for fraudulent concealment" (*id.* at 11:3-4), that Plaintiff "has sufficiently pleaded a

26   violation of the UCL based on her fraudulent concealment claims" (*id.* at 12:19-20), and

27   that Plaintiff "has sufficiently pleaded a claim under the CLRA based on Avon not

28   disclosing material facts related to its animal testing. *Id.* at 14:7-8.   Thus, the Court

1    denied Defendant's motion to dismiss with respect to those claims.

2    **III.    RELEVANT FACTUAL ALLEGATIONS**

3             On October 10, 2012, Plaintiffs filed the TAC.  Consistent with the Court's ruling,

4    Plaintiffs dropped their claims for affirmative misrepresentation and false advertising

5    from the TAC.  As a result, the operative complaint is now limited to Plaintiffs' claims

6    for fraudulent concealment and violation of the UCL and CLRA based on the theory that

7    Defendant breached a duty to disclose material information about its company's animal

8    testing practices.  *See* Dkt 60, ¶¶ 35-41 (first cause of action for fraudulent concealment),

9    42-49 (second cause of action for violation of the UCL), 50-56 (third cause of action for

10   violation of the CLRA).  In addition, the complaint was amended to include two new

11   additional named plaintiffs, Renee Tellez and Nichole Gutierrez.  *See* Dkt 60, ¶¶ 7, 8.

12            Although the operative complaint no longer asserts claims for affirmative

13   misrepresentation or unfair advertising, the TAC still includes the same factual

14   allegations that supported those claims in the SAC.  Defendant repeatedly cites many of

15   those allegations in the instant motion to dismiss to argue that Plaintiffs still have not

16   alleged fraud with the particularity required by the Order.  Since that is not a claim that

17   Plaintiffs are pursuing, Defendant's arguments are a true "red herring."[2]

18            The factual allegations supporting Plaintiffs' claims in the TAC are the same

19   allegations that the Court previously found to be sufficient to state causes of action for

20   fraudulent concealment and violation of the UCLA and CLRA.  In particular, Plaintiff has

21   properly alleged that "Defendant had a duty to disclose that its business operations

22   included animal testing because (1) Defendant had exclusive knowledge of that material

23   fact and it was not known or reasonably accessible to Plaintiff and the Class; [and] (2)

24   ───────────────
          [2]   Defendants may argue in reply that Plaintiffs should have amended the complaint
25   to remove all the factual allegations that support their affirmative misrepresentation claim
     since that claim has been dismissed.  However, those allegations are still relevant to
26   Plaintiffs' fraudulent concealment theory because they show that Defendant made partial
     representations about its animal testing practices and therefore had a duty to disclose the
27   whole truth and not suppress other material facts.  Further, Plaintiffs believe that major
     substantive amendments to the complaint only would have resulted in even more pleading
28   challenges by Defendant.

Defendant actively concealed the material fact regarding its animal testing for financial gain." *See* Dkt 60, ¶ 17; *see also Collins v. eMachines, Inc*. 202 Cal. App 4th 249, 255 (2011). Contrary to Defendant's assertions, the TAC alleges that the "cruelty free" nature of cosmetic products is a material fact to American consumers. *See* Dkt 60, ¶ 20. Indeed, as this Court previously found, the operative complaint cites to a 2011 survey conducted by the Physician's Committee for Responsible Medicine as support for the allegation that a reasonable consumer would behave differently had she been aware of [Defendant's] animal testing practices." (Dkt. 59, pp. 13:27-14:8.) The TAC alleges:

> Defendant's misleading of the American public was not without motive. In 2011, the Physician's Committee for Responsible Medicine ("PCRM"), a US based non-profit, commissioned random telephone surveys of the United States' general adult public, which asked individuals about their views on the use of animals in cosmetics testing. In the survey, 72 percent of respondents agreed that testing cosmetics on animals is inhumane or unethical and 61 percent of respondents said that cosmetics and personal care product companies should not be allowed to test products on animals. This further underscores that animal testing on cosmetics is material information that must be disclosed to consumers.

*See* Dkt 60, ¶ 23. Further, the TAC alleges that the products would not have been purchased had the consumers known that they were not "cruelty free," as Plaintiff and Class members bargained for cosmetic products manufactured by a company that does not test on animals, but instead got products from a company that did. *See* Dkt 60, ¶¶ 25, 39, 44, 45, 47.

Additionally, although this Court previously ruled that Plaintiffs have properly stated a claim for fraudulent concealment claim even without alleging affirmative misrepresentations with the particularity required by Rule 9(b), the complaint was amended to include two additional class representatives who plead specific misrepresentations with greater specificity than the original class representative. For example, Ms. Gutierrez alleges that "in or about January 2010, she met with a District Manager for Avon based in San Diego named Judy Elliott who told her that Avon does not test on animals." Dkt 60, ¶ 8; *see also* Dkt 60, ¶ 7 (alleging that Ms. Tellez "actually

7

1   viewed the PETA 'Do Not Test' List and relied on it in when she purchased Avon

2   products, and she "viewed one Avon advertisement that touted Avon as 'the first major

3   beauty company to stop using animals in the safety testing of products'"); ¶ 8 (alleging

4   that Ms. Gutierrez "actually viewed the PETA 'Do Not Test' List and "regularly

5   consulted this list when making purchasing decisions").

6   **IV.   ARGUMENT**

7       This Court already has ruled on the pleading challenges raised by Defendant in this

8   motion.  Contrary to Defendant's twisted interpretation of the Order, this Court already

9   found that Plaintiffs have properly states claims for fraudulent concealment, UCL, and

10  CLRA claims, regardless of whether they amend to plead affirmative misrepresentations

11  with greater particularity.   Additionally, this Court's prior Order and reasoning upholding

12  the fraud by omission claims on a duty to disclose theory is fully supported by California

13  law.[3]  Lastly, Defendant's challenges to the addition of two new class representatives who

14  seek to represent and vindicate the rights of the class are meritless.

15      **A.   Defendant's Contention That The September 20th Order Requires**

16              **Dismissal Of The Entire Action Because Plaintiffs Did Not Amend To**

17              **Allege Fraud With Greater Particularity Is Based On A Clearly**

18              **Erroneous Reading of The Order.**

19      The fundamental flaw in Defendant's motion to dismiss is that it misinterprets this

20  Court's September 20, 2012 Order.  Defendant wholly misconstrues the Court's prior

21  order by failing to recognize that the Court affirmatively and unambiguously ruled that

22  the complaint sufficiently alleged the following causes of action:

23      &bull;   Fraudulent Concealment [Dkt 59, pp. 9-11]

24

_____

25     [3]  Plaintiffs do not in this opposition brief address all of the case law cited by

26  Defendant's in this motion to dismiss.  In the event that this Court wishes to re-examine
the merits of its prior ruling, a copy of the opposition brief to Defendant's original motion

27  to dismiss is attached as Exhibit A to Plaintiffs' request for judicial notice filed
concurrently herewith.

28

1  • UCL [Dkt 59, pp. 12-13]

2  • CLRA [Dkt 59, pp. 13-14].

3     The Court did grant the dismissal as to the fraud and FAL claims, and the Third

4 Amended Complaint does not allege these causes of action.

5     Thus, the only open issue is whether the operative complaint sufficiently alleges

6 reliance upon Avon advertising for ***an additional ground*** of fraudulent concealment

7 <u>related to Avon's general advertising and website disclosures (beyond the ground that the</u>

8 <u>Court found was already sufficient).</u>

9     Somehow, Defendant argues that the Order should be read as requiring dismissal of

10 the entire action because Plaintiff did not amend the complaint to plead affirmative

11 misrepresentations with greater particularity.  This is not what the Court ruled.  Indeed,

12 the September 20 Order expressly states that the court is only granting the motion to

13 dismiss "in part."  Thus, Defendant's interpretation of the Order as requiring dismissal of

14 this action in its entirety because Plaintiffs have not amended to plead fraud with greater

15 particularity is contrary to the plain language of the Order.[4]

16     This Court should deny this latest motion to dismiss and reaffirm its prior ruling

17 that allegations properly state causes of action for fraudulent concealment and violation of

18 the UCL and CLRA.  *See Sanders*, 2009 WL 530870, *2 (E.D. Cal. 2009) (internal

19 quotations omitted) ("Court opinions are not intended as mere first drafts, subject to

20 revision and reconsideration at a litigant's pleasure.").

21

22

23

24     [4]   In two related actions filed against Mary Kay, Inc. and the Estee Lauder
Companies in which this Court issued similar orders on September 20, 2012, the

25 defendants in those cases acknowledged defeat at the trial court level and responded by
filing motions to certify those orders for interlocutory appeal.  It is only Avon, the

26 Defendant in this action, who misreads the Order as requiring Plaintiffs to amend to plead

27 fraud with greater particularity in order to support those claims that the Court has already

28 upheld.

**PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**B.**     **This Court Correctly Found That Plaintiffs Have Properly Stated A Claim For Fraudulent Concealment.**

In the TAC, Plaintiffs allege three independent grounds for their fraudulent concealment claim.  This Court already has ruled in Plaintiffs' favor on two of these grounds—i.e., that Defendant allegedly breached a duty to disclose arising out of (i) its exclusive knowledge of material facts not known to Plaintiffs and (ii) active concealment of material facts.  Lastly, in light of the Court's Order finding that Ms. Beltran's fraud allegations lack the specificity required by Rule 9(b) to trigger a duty to disclose, the complaint has been amended to include two new class representatives who allege with fraud with greater particularity.  As a result, on any of these grounds, this Court should affirm its prior ruling that a fraudulent concealment claim has been properly alleged.

**1.**     **As With The SAC, The TAC Properly Alleges That Defendant Had Exclusive Knowledge of Material Facts Not Known to Plaintiffs and Defendant Actively Concealed Material Facts.**

Defendant argues that all three named plaintiffs have failed to state a claim for fraudulent concealment because they have not alleged affirmative misrepresentations with the particularity required by Rule 9(b).  But Plaintiffs' fraudulent concealment claim is not—as Defendant asserts—"based on exclusively on vague [affirmative misrepresentation] allegations about Avon's advertising campaign and website."  Motion to Dismiss at 8:21-23.  In fact, Plaintiffs' TAC removes the cause of action for affirmative misrepresentation, and instead they base their fraudulent concealment claim on allegations that Defendant breached a duty to disclose material information about its animal testing practices.  This Court already has ruled that those allegations are sufficient to state a cause of action for fraudulent concealment.  *See* Dkt 59, pp. 10:24-11:4 (ruling that the SAC sufficiently alleges "that Avon had a duty to disclose information about its animal testing because it is a material fact" and "Ms. Beltran has adequately pleaded the other elements of a fraudulent concealment claim").  Thus, this Court should summarily

10

1    deny Defendant's motion to dismiss the fraudulent concealment claim.

2         Even if this Court entertains Defendant's argument on the merits a second time, it

3    should reach the same result.  This Court applied well-established California law related

4    to the duty to disclose.  In *Falk v. General Motors Corporation*, 496 F.Supp.2d 1088,

5    1098-99 (N.D. Cal. 2007), the Court wisely observed that "a plaintiff in a fraud by

6    omission suit will not be able to specify the time, place, and specific content of omission

7    as precisely as would a plaintiff in a false representation claim."  A fraud by omission

8    claim may lie where the "omission is contrary to a representation actually made by the

9    defendant, or an omission of a fact the defendant was obligated to disclose."  *Id.* at 1094.

10        Here, Plaintiffs have adequately alleged that Defendant had a duty to disclose

11   information about its animal testing practices.  As this Court correctly stated in its Order,

12   a duty to disclose may arise in four situations:

13            (1) When the defendant is in a fiduciary relationship with the plaintiff; (2) when

14                the defendant had exclusive knowledge of material facts not known to the

15                plaintiff, (3) when the defendant actively conceals a material fact from the

16                plaintiff, and (4) when the defendant makes partial representations but also

17                suppresses some material fact.

18   Dkt 59, pp. 9:27-10:4 (citing *Falk*, 496 F.Supp.2d at 1094-95).  The Court's statement is

19   correct and one of hornbook California law.  That a duty to disclose exists in such

20   situations has been repeatedly held by the California Supreme Court and by California

21   Courts of Appeal.  *See, e.g., Goodman v. Kentucky*, 18 Cal.3d 335, 346-57 (1976);

22   *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal.3d 285, 294 (1970); *Los Angeles

23   Unified Sch. Dist. v. Great Am. Ins. Co.*, 49 Cal.4th 739, 749 (2010).   In any one of these

24   four situations, it would be wrongful for a Defendant "to remain silent."  *See Blickman

25   Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal.App.4th 858, 867 (2008).[5]

26        [5]   Defendant misleadingly argues that *Blickman* sets forth the "general rule" adopted
27   by this Court regarding the duty to disclose.  *See* Motion to Dismiss at 9:16-22.  In fact,
     this Court did not cite to *Blickman* at all.  Moreover, the language quoted by Defendant
28   Continued on the next page

                                             11

1    Under this four-part disjunctive test for the duty to disclose, it is not necessary—as

2   Defendant suggests—for Plaintiffs to allege that affirmative or partial misrepresentations

3   with particularity in order to trigger a duty to disclose, so long as one of the other prongs

4   of the test are satisfied.  For example, in *Falk*, 496 F.Supp.2d at 1095, 1097, even though

5   the plaintiffs had failed to allege "that any partial representations were actually made by

6   defendant with regard it its speedometers", the court denied a motion to dismiss because

7   the plaintiffs had adequately alleged that the defendant had "failed to disclose a material

8   fact within its exclusive control and that [the defendant] actively concealed the existence

9   of a known defect in their speedometers . . . ."

10    Here, the Court properly applied California law and denied Defendant's earlier

11   motion to dismiss based on Plaintiff's adequately pled allegations that Defendant had a

12   duty to disclose under the second and third scenarios (*i.e.*, Defendant's exclusive

13   knowledge of material facts not known to Plaintiff and Defendant's active concealment of

14   material facts from Plaintiffs).  *See* Dkt 60, ¶ 17 (pleading materiality, active concealment

15   and exclusive knowledge).  Indeed, as the Court's Order states, Plaintiffs pled (among

16   other things) "that she unaware of Avon's animal testing practices, [that] Avon concealed

17   the information in order to increase its sales from consumers like her, and as a result of

18   Avon's concealment, she purchased products she otherwise would not have."  Dkt 59, p.

19   11:1-3; *see, e.g.,* Dkt 60, ¶¶ 6-8, 17, 18, 39.

20    Faced with this Court's proper statement of well-established California common

21   law related to the duty to disclose, Defendant relies on *Wilson v. Hewlett Packard Co.*,

22   558 F.3d 1136 (9th Cir. 2012), to incorrectly argue its duty to disclose is limited to safety

23   issues with its products.  Motion to Dismiss at 10:8-11:19.  Defendant's argument,

24

Continued from the previous page

25   from the *Blickman* decision—which broadly states that a duty to disclose exists where it
    is "wrongful for [a defendant] to remain silent"—is entirely consistent with case law
26   holding that a defendant has a duty to disclose where the defendant has exclusive
    knowledge of material facts not known to the plaintiff, or when the defendant actively
27   conceals a material fact from the plaintiff.  *See Falk*, 496 F.Supp.2d at 1094-95.

28

**PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

however, is just a rehash of the one made in its earlier motion to dismiss. The Court's Order properly distinguished *Wilson* as a decision in a product defect case that does not apply when there are no defect or warranty issues present.[6] It held:

> Avon argues that the disclosures do not concern safety issues, and therefore do not give rise to a duty to disclose under *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136 (9th Cir. 2012). In *Wilson*, a product defect case, the Ninth Circuit stated that California federal courts have generally held that "[a] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue." *Id.* at 1141. The Ninth Circuit acknowledged that its requirement of a safety issue does not necessarily apply outside the products defect context where warranty protections are not available. *Id.* at 1142 (listing cases where a safety issue was not required to trigger a duty to disclose). One reason why the duty to disclose in product defect cases is narrower than in other areas is that warranty law essentially covers the same terrain. There is less of a need, then, for common law fraud to protect consumers. Here, there are no warranty issues present. The Court therefore finds the more general rule, that a fact need only be material to trigger a duty to disclose, the appropriate standard.

Moreover, this Court properly found that Plaintiffs had properly alleged that the "cruelty free" nature of cosmetic products is a material fact to American consumers. Dkt 59, pp. 6:16-28, 10:24-27; *see also* Dkt 60, ¶¶ 20, 23. This is all the more so given that under binding California Supreme Court precedent, materiality is a "question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it." *In re Tobacco*

---

[6] Defendant cites two district court decisions to argue that *Wilson* is not limited to product defect cases. In *O'Shea v. Epson Am., Inc.*, No. CV 09-8063 PSG (CWx), 2011 WL 3299936, *7 (C.D. Cal. July 29, 2011), a products case, the court merely held that a manufacturer does not have a duty to disclose comparative information about how its products compare to the products of competitors. That is not the issue in this case. Here, Plaintiffs contend that Defendant had a duty to disclose material information about its own company animal testing practices. Further, the court in *Walsh v. Kindred Healthcare*, No. C 11-00050 JSW, 2012 WL 1030090 (N.D. Cal. March 26, 2012), did not consider the distinction that this Court wisely drew in its Order between the product defect context and other cases.

1    *II*, 45 Cal.4th 298, 327 (2009); *see also Kwikset Corp. v. Superior Court*, 51 Cal.4th 310,

2    327-30 (2011) (holding that matters other than product quality and price – such as

3    whether the product was "Made in the U.S.A." – can be material).  Finally, contrary to

4    Defendant's contention, Plaintiffs have adequately alleged the element of reliance.  *See*

5    Dkt 60, ¶ 7-9, 25, 39 (alleging that Plaintiffs purchased products that they would not have

6    purchased if they had known that Defendant conducted animal testing).  Thus, Plaintiffs

7    have stated a claim for fraudulent concealment.

8             **2.      Plaintiffs Gutierrez and Tellez Allege Fraud With Greater**

9                       **Specificity Than Ms. Beltran, Which Triggers A Duty To Disclose**

10                      **That Defendant Alleged Breached.**

11            Plaintiffs' fraudulent concealment claim also should be upheld on the alternative

12    ground that the two new named plaintiffs pled fraud with the particularity required by

13    Rule 9(b).  As this Court previously held, a duty to disclose may arise "'when the

14    defendant makes partial representations but also suppresses some material fact.'"  Dkt 59,

15    pp. 9:27-10:4 (quoting *Falk*, 496 F.Supp.2d at 1095).

16            In contrast to Ms. Beltran's affirmative misrepresentation allegations which this

17    Court previously found were not alleged with sufficient particularity, the two new named

18    Plaintiffs Renee Tellez and Nichole Gutierrez allege the "who, what, when, where, and

19    how" of fraud with greater particularity.  First, unlike Ms. Beltran (Dkt 60, ¶ 6), Tellez

20    and Gutierrez allege that they "actually viewed the PETA 'Do Not Test' List, saw that

21    Avon was listed as a company that does not test its products on animals, and relied on the

22    accuracy of that information when she purchased Avon products."  Dkt 60, ¶¶ 7, 8.  "In

23    fact, for a substantial period of time, Ms. Gutierrez regularly consulted this list when

24    making purchasing decisions."  Dkt 60, ¶ 8.  While Defendant argues that these

25    allegations do not state specify when Tellez and Gutierrez viewed the PETA list and what

26    specific products were purchased in reliance on the list, Ms. Tellez and Ms. Gutierrez

27    allege that they viewed the PETA list when it listed Avon as a company that does not

28    conduct animal testing and continued to purchase Avon products until 2012 when they

14

1  learned that Avon conducts animal testing.  Dkt 60, ¶¶ 7, 8.  Additionally, Ms. Tellez and

2  Ms. Gutierrez specifically identify various Avon products that they have purchased.  Dkt

3  60, ¶¶ 7, 8.

4      Second, unlike Ms. Beltran who does not allege affirmative misrepresentations in

5  Avon's advertising with the specificity required by this  Court's September 20th Order

6  (Dkt 60, ¶ 6), Plaintiff Renee Tellez specifically alleges that she "viewed one Avon

7  advertisement that touted Avon as 'the first major beauty company to stop using animals

8  in the safety testing of products . . . .'"  Dkt 60, ¶ 7.  Contrary to Defendant's contention,

9  this allegation is specific and provides Avon with adequate notice of the alleged

10 misrepresentation that it must defend against.

11     Third and most importantly, Plaintiff Nichole Gutierrez provides even greater

12 specificity with respect to Avon's alleged misrepresentations.  She alleges that she "in or

13 about January 2010, she met with a District Manager for Avon based in San Diego named

14 Judy Elliott who told her that Avon does not test on animals."  Dkt 60, ¶ 8.  This

15 allegation clearly places Defendant on notice of the "who, what, when, where, and how"

16 of the alleged misrepresentation.  Defendant has been provided with the name and job

17 position of the person who told Ms. Gutierrez that Avon does not test on animals.

18 Additionally, Defendant has been provided with a fairly limited frame ("in or about

19 January 2010") in which the alleged misrepresentation occurred and a general location

20 (near San Diego where Ms. Elliott was the District Manager).  This is more than

21 sufficient information for Defendant to conduct an investigation into and defend itself

22 against this claim of fraudulent misrepresentation.  Thus, this Court should rule that

23 Plaintiffs' allegations of particular misrepresentations are sufficient to trigger a duty to

24 disclose and thus provide additional support for the fraudulent concealment claim.

25     **C. This Court Correctly Found That Plaintiffs Have Properly Stated UCL**

26          **And CLRA Claims.**

27     Defendant's entire argument for dismissal of the UCL and CLRA claims is based

28 on the faulty premise that these claims are based entirely on Plaintiffs' affirmative

1   misrepresentation allegations.  That is not the case.  Unlike the unfair advertising claim

2   which this Court previously ruled "requires an untrue or misleading statement" (Dkt 59,

3   p. 13:4-8), Plaintiffs' UCL and CLRA claims may be based on omissions.

4          Indeed, the Court denied Defendant's earlier motion to dismiss with respect to the

5   UCL and CLRA claims.  It reasoned that "omissions are actionable under the CLRA if

6   they are 'contrary to a representation actually made by the defendant, or an omission of a

7   fact the defendant was obliged to disclose.'" Dkt 59, p. 13:15-19 (quoting *Daugherty v.

8   American Honda Motor Company, Inc.*, 144 Cal.App.4th 824, 835 (2006)).  Because

9   Plaintiff had adequately alleged that "Avon's animal testing practices are material for

10  purposes of the CLRA" as evidenced by a 2011 survey conducted by the Physician's

11  Committee for Responsible Medicine, this Court ruled that "Ms. Beltran has sufficiently

12  pleaded a claim under the CLRA based on Avon not disclosing material facts related to

13  its animal testing." Dkt 59, pp. 13:27-14:7-8.  Likewise, the Court ruled that "Ms.

14  Beltran has sufficiently pleaded a violation of the UCL based on her fraudulent

15  concealment claim."  *Id.* at 12:19-13:2 (reasoning that "Ms. Beltran has sufficiently

16  pleaded a claim" under the unlawful, fraud, and unfair prongs).  For the same reasons set

17  forth in its prior Order, this Court should deny Defendant's second motion to dismiss.

18      **D.     The Addition Of Two New Class Representatives Is Proper.**

19          Defendant's various attacks on the propriety of the addition of Renee Tellez and

20  Nichole Gutierrez as class representatives in this action are wholly meritless.

21          First, Defendant's passing argument in a footnote (*see* Motion to Dismiss at 14:21-

22  28) that Ms. Tellez and Ms. Gutierrez lack standing because they have alleged "an actual

23  inquiry as required by Article III" is hardly worthy of mention.  As this Court already has

24  stated, the purchase of a "non-defective product based on fraudulent misrepresentations

25  can constitute a sufficient injury for standing purposes."  *See* Dkt 59, pp. 4:28-5:22

26  (discussing *Kwikset*, 51 Cal.4th 310).  Like Ms. Beltran, Ms. Tellez and Ms. Gutierrez

27  allege that they bought Avon products that they would not have purchased had they

28  known about the company's practices of conducting animal testing in its overseas

**PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT**

1    operations. *See* Dkt 60, ¶¶ 7, 8. Accordingly, all three named plaintiffs have alleged

2    sufficient injury under Article III and state law.[7]

3           Second, Defendant's argument that the addition of two new class representatives to

4    the TAC violated the Order is unsupportable. The Order granted leave to amend, merely

5    stating that plaintiff "shall have twenty (20) days from the date of this order to file an

6    amended complaint consistent with the Court's ruling . . . ." Dkt 59, p. 14:18-19. This

7    Court certainly did not prohibit the addition of any new plaintiffs, and Defendant does not

8    cite any authority that actually supports its position that the Court's failure in the Order to

9    specifically "reference Beltran's request to add new plaintiffs" amounts to a presumptive

10   denial of this request. *See* Motion to Dismiss at 14:7-11. In fact, the one decision that

11   Defendant does cite—*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th

12   Cir. 2008) (stating that the "district court granted the motion to dismiss without

13   discussion and without indicating whether Mendiondo had leave to amend") —is clearly

14   inapplicable because the district court in that case did not grant leave to amend at all. In

15   any event, Defendant does not and cannot show undue prejudice, bad faith or dilatory

16   motive arising out of the addition of two new class representatives at this early stage in

17   the proceedings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that federal

18   policy strongly favors determination of cases on their merits and leave to amend is freely

19   given).

20          Third, Defendant's attempt to silence the free speech rights of PETA by claiming

21   that it violated California Rule of Professional Conduct 1-400 by establishing a webpage

22   to "Help Fight Back Against Avon!" is seriously misguided. The U.S. Supreme Court

23   has stated that "the efficacy of litigation as a means of advancing the cause of civil

24   _____

25   [7]   As Defendant notes, Ms. Tellez is a resident of Michigan and therefore Plaintiffs

26   acknowledge that she does not have standing to state a claim under the UCL. However,
     she does have standing under Article III and may represent the nation-wide class in

27   connection with the fraudulent concealment claim. Thus, it would be improper to
     completely dismiss her as a named plaintiff from this action.

28

**PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT**

liberties often depends on the ability to make legal assistance available to suitable litigants." *In re Primus*, 436 U.S. 412, 431 (1978). Thus, for example, the ACLU's action of sending a letter to recruit clients for a class action lawsuit is constitutionally protected because "[t]he ACLU engages in litigation as a vehicle for effective political expression and association, as well as a means of communicating useful information to the public." *Id.* at 422, 431. Similarly here, PETA exists as a non-profit entity to promote political expression and its efforts to promote litigation as a vehicle to protect animal rights is constitutionally protected.

Moreover, Defendant's authority for arguing communications to putative class members has an untoward risk of "drumming up" participation in a lawsuit is no longer good law. *See Waldo v. Lakeshore Estates, Inc.*, 433 F. Supp. 782, 790-91 (E.D. La. 1977). The U.S. Supreme Court has clearly held that "preventing the 'stirring up' of frivolous or vexatious litigation and minimizing commercialization of the legal profession offers no further justification" for prohibiting attorney communications with potential clients. *In re Primus*, 436 U.S. at 436-37. The Court reasoned that "considerations of undue commercialization of the legal profession are of marginal force" where a nonprofit organization provides legal services to individuals in need. *Id.* at 437.[8] Further, there is nothing improper whatsoever with the addition of new class representatives after a class action has already been filed. While Defendant argues that Plaintiff's counsel and its predecessor put the "cart before the horse", new class representatives are often added after the filing date—which should be a sign that the lawsuit has merit because people who have learned about the lawsuit are interested and motivated to join the fight against the Defendant as class representatives.

---

[8]   The protection afforded to commercial speech by the California Constitution, Article I, section 2(a) is broader than that provided by the First Amendment. *See Gerawan Farming, Inc. v. Lyons*, 24 Cal.4th 468, 486 (2000). With broader protection, the California Constitution provides an even stronger basis than the U.S. Constitutional reasoning in *Primus* for defending PETA's actions in utilizing its website.

**PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

1      Even assuming that PETA's actions were not constitutionally protected, the

2  creation and operation of a webpage does not constitute client solicitation.   California has

3  provided clear guidance that websites are not deemed a "solicitation" under California's

4  Rules of Professional Conduct. *See* Cal. Eth. Op. 2001-155, 2001 WL 34029609, *3; *see*

5  *also* Cal. Rules of Prof. Cond., rule 1-400(B) (providing that "a 'solicitation' means any

6  communication . . . which is delivered in person or by telephone." (internal sub-headings

7  omitted)).  Even if "pecuniary gain is a significant motive in [an attorney] establishing

8  and maintaining [an] Internet web site," an attorney-run website is not a solicitation under

9  Rule 1-400(B) because the risk of coercion and undue influence associated with in-person

10  or telephonic communications is not present.  Cal. Eth. Op. 2001-155, 2001 WL

11  34029609, *3.  For example, in *Parris v. Superior Court*, 109 Cal.App.4th 285, 290-91

12  (2003), plaintiffs' counsel there sought to create a website to communicate with

13  prospective clients for a wage and hour class action lawsuit.  The appellate court rejected

14  the defendant's argument that the website was a solicitation under Rule 1-400 because the

15  website was not delivered in-person or by telephone. *Id.* at 298, n. 6.

16      Here, a stronger case exists than in *Parris* for finding no client solicitation

17  occurred.  PETA, a third-party that is not a law firm, set up and operated the website that

18  is at issue.  Further, PETA's website was not delivered in-person or by telephone to the

19  two new named plaintiffs, taking PETA's website outside of the "bright line test" in Rule

20  1-400.  More so, any risk of coercion and undue influence was not present with the PETA

21  website because anyone viewing the website did so voluntarily and without any external

22  pressure.  As a result, PETA's website cannot be deemed a client solicitation under Rule

23  1-400.  Accordingly, Defendant's argument that PETA or Plaintiffs' counsel violated

24  ethical rules on solicitation is meritless.

25  **V.   CONCLUSION**

26      For the foregoing reasons, Plaintiff respectfully asks that the Court deny

27  Defendant's Motion to Dismiss in its entirety.  Alternatively, to the extent the Court

28

1    grants any portion of the Motion, Plaintiffs requests 21 days leave to amend the complaint

2    and to add additional class representatives.

3

4    Dated:  November 19, 2012                    KABATECK BROWN KELLNER LLP

5

6

7                                          By:  _____

8                                                 Scott M. Malzahn

9                                          *Attorneys for Plaintiff and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF MARINA BELTRAN'S OPPOSITION TO DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**