1   DENNIS S. ELLIS (SB# 178196)
    dennisellis@paulhastings.com
2   KATHERINE F. MURRAY (SB# 211987)
    katherinemurray@paulhastings.com
3   NICHOLAS J. BEGAKIS (SB# 253588)
    nickbegakis@paulhastings.com
4   PAUL HASTINGS LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
6   Telephone:  1(213) 683-6000
    Facsimile:  1(213) 627-0705
7
    Attorneys for Defendant
8   AVON PRODUCTS, INC.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| MARINA BELTRAN, an individual; on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AVON PRODUCTS, Inc., a New York Corporation,<br><br>                    Defendant. | CASE NO. CV12-02502 CJC (ANX)<br><br>Related Case Nos. 8:12-CV-0312 CJC (ANx) and 8:12-CV-01169 CJC (ANx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AVON PRODUCTS, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>[Reply in Support of Motion to Strike Class Allegations, Supplemental Request for Judicial Notice and Response to Opposition to Request for Judicial Notice filed and served concurrently herewith]<br><br>Date:      December 17, 2012<br>Time:      1:30 p.m.<br>Judge:    Hon. Cormac J. Carney |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................1

II.   PLAINTIFFS' CLAIMS FAIL THE *FALK* ANALYSIS RELIED UPON BY PLAINTIFFS ...........................................................................................4

    A.    The TAC Must Be Assessed Under the Fourth Prong of *Falk* .....................4

    B.    Plaintiffs Have Not Alleged Sufficient Facts To Establish A Duty Of Disclosure Under The Fourth *Falk* Prong .......................................8

III.  IRRESPECTIVE OF *FALK'S* DUTY TO DISCLOSE ANALYSIS, THE COURT SHOULD DISMISS BELTRAN FROM THIS CASE ............................9

    A.    Beltran Has Not Pled A Claim For Fraudulent Concealment .....................10

    B.    Beltran Has Failed to State A Claim Under The UCL ................................12

    C.    Beltran's CLRA Claim Fails Under Rule 9(b) ...........................................13

IV.   THE COURT SHOULD ALSO DISMISS ALL CLAIMS ASSERTED BY TELLEZ AND GUTIERREZ ..........................................................................14

    A.    Tellez and Gutierrez Are Not Proper Additions To This Litigation ...........15

    B.    Even If The Court Permits Beltran To Add New Plaintiffs, Tellez And Gutierrez Are Not Suitable For Such Positions ...........................16

    C.    Tellez And Gutierrez's Claims Should Be Dismissed Because They Lack The Requisite Specificity ..................................................19

    D.    Tellez And Gutierrez Have Not Pled A Claim For Fraudulent Concealment ..............................................................................20

    E.    Tellez And Gutierrez Have Also Not Pled A Claim Under The UCL ..........21

    F.    Tellez And Gutierrez Have Also Not Pled A Claim Under The CLRA ......22

V.    CONCLUSION ...................................................................................24

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Baba v. Hewlett-Packard Co.*,
  No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010)..........................8, 9

*Bell v. Fed. Home Loan Mortg. Corp.*,
  No. 11-CV-2514-MMA (RBB), 2012 WL 4576584 (S.D. Cal. Oct. 1, 2012)...............8

*Berry v. Am. Express Publ'g, Inc.*,
  147 Cal. App. 4th 224 (2007) .........................................................................................22

*Bodner v. Oreck Direct, LLC*,
  No. C 06-4756 MHP, 2007 WL 1223777 (N.D. Cal. Apr. 25, 2007) ...........................18

*Brown v. City of Fremont*,
  75 Cal. App. 3d 141 (1977) .............................................................................................1

*Buckland v. Threshold Enters., Ltd.*,
  155 Cal. App. 4th 798 (2007) .................................................................................13, 23

*Cooper v. Pickett*,
  137 F.3d 616. 627 (9th Cir. 1997) ...................................................................................8

*Crawford v. Farmers Grp., Inc.*,
  160 Cal. App. 3d 1164 (1984) .......................................................................................21

*Ehrlich v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. 2010) ...........................................................................11

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) .......................................................................................18

*Falk v. General Motors Corp.*,
  496 F. Supp. 2d 1088 (N.D. Cal. 2007).....................................................................passim

*Farmers Ins. Exch. v. Super. Ct. (The People)*,
  2 Cal. 4th 377, 826 P.2d 730 (1992).............................................................................12

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ...........................................................................................21

*Glickman v. Wileman Bros. & Elliott, Inc.*,
  521 U.S. 457, 117 S. Ct. 2130, 138 L. Ed. 2d 585 (1997) ............................................23

*Gray v. Toyota Motor Sales, U.S.A.*,
  No. CV 08-1690 PSG, 2012 U.S. Dist. LEXIS 15992 (C.D. Cal. Jan. 23, 2012)..........7

*Heliotis v. Schuman*,
  181 Cal. App. 3d 646 (1986) ...........................................................................................5

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
  802 F. Supp. 2d 1070 (N.D. Cal. 2011)..................................................23

*In re McKesson HBOC, Inc. Securities Litig.*,
  126 F. Supp. 2d 1239 (N.D. Cal. 2000)..................................................18

*In re Terayon Commc'ns Sys., Inc. Sec. Litig.*,
  No. C 00-01967 MHP, 2002 U.S. Dist. LEXIS 5502
  (N.D. Cal. Mar. 29, 2002)...............................................14, 17, 22

*In re Tobacco II Cases*,
  45 Cal. 4th 298 (2009) ........................................................17

*Indep. Cellular Tel., Inc. v. Daniels & Assocs.*,
  863 F. Supp. 1109 (N.D. Cal. 1994)..................................................12, 21

*Int'l Dairy Foods Ass'n v. Amestoy*,
  92 F.3d 67 (2d Cir. 1996) ........................................................23

*Jeske v. Fenmore*,
  No. SACV 08-01015 DOC (MLGx), 2008 WL 5101808(C.D. Cal. Dec. 1, 2008).....18

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................9, 11, 20

*Kwikset Corp. v. Super. Ct. (Benson)*,
  51 Cal. 4th 310, 246 P.3d 877 (2011)..................................................16, 17

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ........................................................13

*Limandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ........................................................4, 5, 6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ..............17

*Marketing W., Inc. v. Sanyo Fisher (USA) Corp.*,
  6 Cal. App. 4th 603 (1992) ........................................................10

*Mass. Mut. Life Ins. Co. v. Super. Ct. (Karges)*,
  97 Cal. App. 4th 1282 (2002) ........................................................13, 22

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ........................................................15

*Metro Publ'g, Ltd. v. San Jose Mercury News, Inc.*,
  861 F. Supp. 870 (N.D. Cal. 1994)..................................................21

*Mourning v. SmithKline*,
  No. C 08-04929 WHA, 2009 WL 733873 (N.D. Cal. Mar. 17, 2009)..............5, 6, 7, 8

*Nike, Inc. v. Kasky*,
  539 U.S. 654, 123 S. Ct. 2554, 156 L. Ed. 2d 580 (2003) ..............17

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

*Nordberg v. Trilegiant Corp.*,
   445 F. Supp. 2d 1082 (N.D. Cal. 2006)........................................................................ 23

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) ......................................................................................... 3

*Randi W. v. Muroc Joint Unified Sch. Dist.*,
   14 Cal. 4th 1066, 929 P.2d 582 (1997)......................................................................... 5

*Sanchez v. Wal Mart Stores, Inc.*,
   No. 2:06–CV–02573–JAM–KJM, 2009 WL 1514435 (E.D. Cal. May 28, 2009) ...... 18

*Sanchez v. Wal Mart Stores, Inc.*,
   No. 2:06-cv-02573-JAM-KJM, 2009 WL 2971553 (E.D. Cal. Sept. 11, 2009).... 15, 16

*Savage v. Council on Am.-Islamic Relations, Inc.*,
   No. C 07-6076 SI, 2008 WL 2951281 (N.D. Cal. July 25, 2008)................................ 18

*Shvarts v. Budget Grp., Inc.*,
   81 Cal. App. 4th 1153 (2000) ................................................................................ 14, 21

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   93 Cal. App. 4th 700 (2001) ........................................................................................ 13

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ....................................................................................... 11

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................... 3, 8, 10

*Vitt v. Apple Computer, Inc.*,
   469 F. App'x 605 (9th Cir. 2012)............................................................................... 4, 5

*Yourish v. Cal. Amplifier*,
   191 F.3d 983 (9th Cir. 1999) ....................................................................................... 10

**STATUTES**

Cal. Civ. Code § 1770(a) ................................................................................................. 22

Cal. Civ. Code § 1780(d) ................................................................................................. 23

Cal. Civ. Code § 1782 ...................................................................................................... 23

**OTHER AUTHORITIES**

Cal. R. Prof. Conduct 1-400(D)(2)-(3) ........................................................................... 18

Fed. R. Civ. P. 9(b) .......................................................................................... 8, 10, 13, 19

## I.   **PRELIMINARY STATEMENT**

For approximately eight months, Beltran has argued with inadequate specificity to this Court that Avon Products, Inc. ("Avon") is liable for fraudulent concealment and violations of California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") solely on account of Avon allegedly telling half-truths about its animal testing policy in a purported marketing campaign and on its website.  (*See* Compl. ¶¶ 7-8, 28-29; First Amended Complaint ("FAC") ¶¶ 1, 3, 7, 9-11, 14, 29-30; Second Amended Complaint ("SAC") ¶¶ 8, 10, 12-15, 19, 34-35, 37; Third Amended Complaint ("TAC") ¶¶  4, 6-8, 10, 12-16, 21, 36-37, 39.)  That is, Plaintiffs have consistently predicated their claims for relief under the fourth prong of the duty to disclose test discussed in *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (identifying four scenarios where a duty to disclose may arise, the fourth prong being, "(4) when the defendant makes partial representations but suppresses some material fact.").  Now, just days after this Court entered orders denying motions for certification for appeal or in the alternative reconsideration in two similar but distinguishable cases, *Herrera v. Estee Lauder Cos., Inc.*, C.D. Cal. Case No. 12-cv-01169 (the "Herrera Action") and *Stanwood v. Mary Kay Inc.*, C.D. Cal. Case No. 12-cv-00312 (the "Stanwood Action"), Plaintiffs have changed their tune.

Whereas Beltran previously acknowledged the shortfalls of her allegations in the SAC by asking the Court for leave to amend, Plaintiffs suddenly now contend that the SAC "adequately pled allegations that [Avon] had a duty to disclose under the second and third scenarios" of *Falk*, and that Plaintiffs' only purpose in amending the SAC was to add allegations of an "alternative basis for fraudulent concealment."  (Dkt. No. 65 at pp. 3, 12.)  Plaintiffs' new position truly stretches the bounds of credibility and alone justifies dismissal of this action.[1]  *See Brown v. City of Fremont*, 75 Cal. App. 3d 141,

---

[1] Indeed, Plaintiffs' Opposition is self-contradictory, as Plaintiffs specifically admit that their fraudulent concealment theory evolves from Avon's purported "partial representations" and failure "to disclose the whole truth and not suppress other material facts."  (Dkt. No. 65 at p. 6 n.2.)

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1   146 (1977) ("[A] pleader cannot blow hot and cold as to the facts positively stated [in the

2   complaint].") (quotations and citations omitted).

3      Plaintiffs cannot skirt Avon's Motion to Dismiss by relying on arguments that the

4   Court found acceptable in the Stanwood and Herrera Actions. Plaintiffs stand in a very

5   different position than their counterparts in those cases. Unlike the plaintiffs in the

6   Stanwood and Herrera Actions, who alleged that Mary Kay and Estee Lauder concealed

7   their animal testing policies from them (*see, e.g.*, Stanwood Action, Dkt. No. 45 at ¶ 5;

8   Herrera Action, Dkt. No. 1 at ¶¶ 5-7, 12b), Plaintiffs in this case have consistently

9   acknowledged their awareness of Avon's testing policies and practices. It follows

10  logically, then, that Plaintiffs cannot simultaneously seek to recover under theories that

11  Avon had exclusive knowledge of material facts (*Falk* prong 2) or that Avon actively

12  concealed a material fact from them (*Falk* prong 3) when they already have conceded

13  their awareness of these purportedly concealed facts. (*See, e.g.*, Compl. ¶¶ 1, 7-8; FAC

14  ¶¶ 1, 11; SAC ¶¶ 2, 6, 13-15, 62; TAC ¶¶ 2, 6-8, 15-17, 55.)

15     Stripped of camouflage, Plaintiffs' claims for relief in the TAC rest upon the same

16  faulty allegations regarding Avon's purported partial representations that were alleged in

17  the SAC. (*See* Ex. A to Supplemental Request for Judicial Notice ("Supp. RJN"), filed

18  concurrently herewith.) Beltran yet again alleges that she is entitled to relief because she

19  was "exposed to and aware of" Avon's marketing and advertising campaign and because

20  she vaguely "recalls seeing a statement on Defendant's website that indicated that the

21  company does not conduct any animal testing on its products." (SAC ¶ 6; TAC ¶ 6.) In

22  fact, Plaintiffs even admit in their Opposition that they have not revised or supplemented

23  Beltran's specific allegations in any way, and instead have only amended the SAC by

24  adding two new plaintiffs, Tellez and Gutierrez. (*See* Dkt. No. 65 at pp. 6-7.)

25  Notwithstanding the fact that the Court's Order did not authorize Beltran to add new

26  plaintiffs upon amendment of the SAC, her doing so has not cured the SAC's

27  deficiencies. Like Beltran, Tellez and Gutierrez allege that they were "exposed to and

28  aware of" the same purported Avon advertising campaign referenced in the SAC. (SAC

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1  ¶ 6; TAC ¶¶ 7, 8.)  Further, Tellez and Gutierrez also depend on nebulous allegations

2  about conversations with unspecific Avon independent sales representatives ("ISRs") and

3  their review of third party PETA's "Do Not Test" List.  (TAC ¶¶ 7, 8.)

4  　　　　As Plaintiffs' allegations in the TAC are substantially congruent and equally as

5  vague as those in the SAC, Plaintiffs' claims should be dismissed for failure to comply

6  with Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  (*See* Dkt. No. 59 at 8:6-19; 9:4-

7  16.)  *See also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("If

8  insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or

9  claim grounded in fraud, there is effectively nothing left of the complaint.").  As this

10  Court's Order granting in part Avon's Motion to Dismiss the SAC stated, "[the] entire

11  SAC, including [the] UCL, FAL, and CLRA claims, are grounded in fraud" and Beltran

12  did not allege **<u>ANY</u>** claims with the requisite specificity under Rule 9(b).  (*See* Dkt. No.

13  59 at 9:11-16; 11:7-11; 11:23-24; 12:4-8.)  In particular, the Court held that the SAC's

14  allegations regarding consumer exposure to Avon's advertising campaign and website

15  failed to satisfy Rule 9(b) and could not form the basis of claims for relief.  (*See id*. at

16  8:17-19; 9:11-16; 11:7-11.)  Yet, the Court noted that despite these deficits, it would

17  permit a claim to proceed under the UCL and CLRA if, and only if, those claims were not

18  derivative of deficient fraud claims.  (*Id*. at 12:4-8.)  Because all claims asserted by

19  Plaintiffs in the TAC are admittedly fraud-based and inadequately pled under Rule 9(b),

20  they must be dismissed.  At minimum, Beltran's failure to offer any new allegations to

21  support her claims, a fact which Plaintiffs admit in their Opposition (Dkt. No. 65 at pp. 2-

22  3, 18-19), obligates Beltran's dismissal from this case, with prejudice.  *See Odom v.*

23  *Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (affirming dismissal without leave to

24  amend where plaintiff did not correct substantive deficiencies in complaint pointed out by

25  the Court, even after the court afforded plaintiff opportunities to do so).

26

27

28

## II.   PLAINTIFFS' CLAIMS FAIL THE *FALK* ANALYSIS RELIED UPON BY PLAINTIFFS

Plaintiffs state in their Opposition that "the operative complaint is now limited to Plaintiffs' claims for fraudulent concealment and violation of the UCL and CLRA based on the theory that [Avon] breached a duty to disclose material information about its company's animal testing practices" and they urge the Court to weigh their claims based on *Falk*'s four-prong test (Dkt. No. 65 at pp. 6, 11-12).   Should the Court heed Plaintiffs' suggestion, it should dismiss all of Plaintiffs' claims, because none pass muster under the *Falk* test.

### A.   The TAC Must Be Assessed Under the Fourth Prong of *Falk*

The viability of Plaintiffs' claims for relief under the *Falk* test depends on *Falk*'s fourth prong.  (*See* Dkt. No. 65 at pp. 11-12.)  In *Falk*, California residents who purchased trucks and sport utility vehicles with purportedly defective speedometers filed a putative consumer class action against the manufacturer, General Motors Corporation ("GM"), alleging fraud by omission, unjust enrichment, and violations of the CLRA and UCL.  *Falk*, 496 F. Supp. 2d at 1091-92.  GM moved to dismiss all claims under Rules 12(b)(6) and 9(b).  *Id*. at 1091.  The court denied GM's motion as to the CLRA, UCL and fraud by omission claims because it found that the plaintiffs had adequately pled a duty to disclose and a violation of that duty.  *Id*. at 1094-95.  In reaching its decision, the *Falk* court specified that there are four possible prongs under which plaintiffs can establish an actionable failure to disclose or fraudulent concealment: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact."  *Id*. at 1094-95 (*citing Limandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)).[2]

---

[2] *Falk*'s dependence on *Limandri* is seemingly at odds with the Ninth Circuit's decision in *Vitt v. Apple Computer, Inc.*, 469 F. App'x 605 (9th Cir. 2012).  In *Vitt*, the Court questioned the applicability of *Limandri*'s fraudulent concealment discussion to cases predicated on California consumer protection

1    Courts applying this four-prong test often analyze the suitability of all prongs.  *See*,

2    e.*g., Mourning v. SmithKline*, No. C 08-04929 WHA, 2009 WL 733873, at *2-3 (N.D.

3    Cal. Mar. 17, 2009).  Failure to establish at least one of these prongs renders non-

4    disclosure-based claims dismissible.  *Limandri*, 52 Cal. App. 4th at 336-38 (finding that

5    the trial court properly dismissed causes of action that depended on an alleged fraudulent

6    concealment/non-disclosure because "[n]one of these [four] circumstances apply in the

7    instant case.").  Depending on the allegations set forth in the underlying pleadings, courts

8    may find one prong more applicable than others, and may limit their analysis of

9    concealment-based claims accordingly.  *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14

10   Cal. 4th 1066, 1082, 929 P.2d 582, 592 (1997) ("Like the Court of Appeal majority, we

11   view this case as a 'misleading half-truths' situation in which defendants, having

12   undertaken to provide some information . . . were obliged to disclose all other facts which

13   'materially qualify' the limited facts disclosed.").  *See also Limandri*, 52 Cal. App. at

14   336-37 (refusing to extensively address the first prong when "[c]learly, there was no

15   fiduciary relationship . . .",  and implying that when "common sense" dictates

16   unsuitability of any of the remaining three prongs, an extensive analysis thereunder

17   would be a futile exercise); *Falk*, 496 F. Supp. 2d at 1095 (citing the allegations in the

18   underlying complaint as justification for bypassing the first and fourth prongs, and

19   instead focusing its analysis on the second and third prongs).

20       A plain reading of the TAC reveals that the only applicable *Falk* prong for

21   evaluating Plaintiffs' claims in this case is the fourth one: "(4) when the defendant makes

22   partial representations but suppresses some material fact."  *Falk*, 496 F. Supp. 2d at 1095.

---

23   laws, especially when doing so would be tantamount to extending a manufacturer's warranty "based on
24   subjective consumer expectations."  *Id*. at 607-09 (noting that, "[w]e would be surprised if the California
     Supreme Court found such an extension in the consumer protection laws at issue here.")  The Ninth
25   Circuit's apprehensiveness is justifiable given that the precedential authority upon which *Falk* relies,
     namely *Limandri* and the case it quotes for the four-factor test, *Heliotis v. Schuman*, 181 Cal. App. 3d
26   646 (1986), both involved specific questions only as to attorney disclosure duties.  Notwithstanding this
     apparent conflict, because this Court mentioned *Falk* in its Order (Dkt. No. 59 at pp. 9-10) and Plaintiffs
27   rely on *Falk* for the sustainability of their claims (Dkt. No. 65 at pp. 11-12), Avon is addressing the *Falk*
28   factors substantively rather than engaging in a lengthy discussion about its suitability for this case.

REPLY MEMORANDUM IN SUPPORT
                                                                   OF MOTION TO DISMISS TAC

As an initial matter, because Plaintiffs make no attempts to plead, and cannot plead, a fiduciary relationship between themselves and Avon, the first *Falk* prong does not apply. *Mourning*, 2009 WL 733873, at *2 ("Plaintiff does not plead a fiduciary relationship between himself and defendants.  The first circumstance is therefore out.")  In a similar vein, the Court need not consider the second and third *Falk* prongs because the plain language of the second ("exclusive") and third ("actively conceals") prongs indicate that they are available only to plaintiffs who, inconsistent with Plaintiffs' allegations in the TAC, were **not** aware of or exposed to any representations.  *See Limandri*, 52 Cal. App. at 336-37 (implying that an extensive analysis would be futile under a prong where "common sense" dictates unsuitability of that prong).  Indeed, throughout the TAC, Plaintiffs allege that they were exposed to representations from Avon through visits to its website and to PETA's website and by discussions with ISRs and an Avon district manager.  (*See, e.g.,* TAC ¶¶ 7-10.)  Moreover, Plaintiffs explicitly and repeatedly contend in the TAC that Avon's "disclosure" on "its website" was "misleading" and "inadequate" and that Avon did not make "full disclosures," thus exposing the true theory underlying their non-disclosure claims to be one of incomplete disclosures or purported half-truths, *i.e.* the fourth *Falk* prong, not exclusive knowledge or active concealment. (TAC ¶¶ 2, 15-16, 21, 55.)  *See also Mourning*, 2009 WL 733873, at *3 (indicating that the fourth prong applies when a plaintiff alleges that a defendant has made incomplete representations, which leave out a material fact).

   While it is clear from the TAC that Plaintiffs' claims only require evaluation under the fourth *Falk* prong, Plaintiffs attempt to change the facts by now contending, contrary to what they argued in opposition to Avon's Motion to Dismiss the SAC, that they have already "adequately pled allegations that [Avon] had a duty to disclose under the second and third [*Falk*] scenarios . . . ."  (Dkt. No. 65 at p. 12.).  Not true.  Plaintiffs offer numerous allegations about statements purportedly made by Avon to Plaintiffs, which were "misleading", "inadequate", and were "[w]ithout proper full disclosures," clearly demonstrate that all of their claims for relief are rooted strictly in a half-truth theory.

1   (*See* TAC ¶¶ 4, 14-16, 21.)  Moreover, it stands to reason that Plaintiffs would not have

2   requested leave to amend the SAC had their claims already been, as they now

3   miraculously contend, "adequately pled."  (Dkt. 65 at pp. 12; *see also* Dkt. No. 50 at pp.

4   3, 6, 12-13, 21.)

5       Even a high-level evaluation of Plaintiffs' allegations under the second and third

6   *Falk* prongs reveals that, contrary to their new position, Plaintiffs have not satisfactorily

7   alleged facts under these *Falk* prongs.  Plaintiffs have not established the second *Falk*

8   prong because they have not pled any facts that show Avon had "exclusive knowledge"

9   about its animal testing policies and practices.  *Mourning*, 2009 WL 733873, at *2

10  (finding that the plaintiff's claims failed under the second *Falk* prong because he neither

11  adequately established his ignorance of the safety information at issue nor that the

12  defendants possessed exclusive knowledge of that information).  Here, Plaintiffs alleged

13  that they visited Avon's website and even acknowledged that the website contained

14  disclosures, albeit allegedly incomplete ones, regarding Avon's animal testing practices.

15  (TAC ¶¶ 2, 4, 14-16, 21, 55.)

16      Plaintiffs' claims are similarly inadequate with respect to the third *Falk* prong

17  because they have not pled specific facts demonstrating that Avon took strides to

18  "actively conceal" its animal testing policy.  *See Gray v. Toyota Motor Sales, U.S.A.*, No.

19  CV 08-1690 PSG (JCx), 2012 U.S. Dist. LEXIS 15992, at *26 (C.D. Cal. Jan. 23, 2012)

20  (finding plaintiffs did not establish the third *Falk* prong because they "failed to

21  adequately plead particularized facts demonstrating that [the manufacturer] took steps to

22  'actively conceal' . . . .").  Mere nondisclosure, without more, does not constitute "active

23  concealment" because this would obviate the need for a duty requirement and make any

24  material omission actionable.  *Id.*  In this case, Plaintiffs have at most alleged that Avon

25  did not make complete disclosures regarding their animal testing practices outside the

26  United States to comply with Chinese law.  (TAC ¶¶ 6-8, 12, 18, 39.)  Thus, as in *Gray*,

27  Plaintiffs have "failed to adequately plead particularized facts" to fall under the third *Falk*

28  prong.

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

In sum, the plain language of the TAC, Beltran's prior allegations and request for leave to amend the SAC, and an evaluation of the *Falk* prongs confirm that Plaintiffs can only proceed with their fraudulent concealment theory in this case if they can allege sufficient facts under the fourth *Falk* prong.

### B. Plaintiffs Have Not Alleged Sufficient Facts To Establish A Duty Of Disclosure Under The Fourth *Falk* Prong

Plaintiffs have not adequately pled that Avon had a duty to disclose its animal testing policies under the fourth *Falk* prong – "(4) when the defendant makes partial representations but suppresses some material fact" – because they have not pled their allegations with sufficient specificity under Rule 9(b). *Falk*, 496 F. Supp. 2d at 1095. As this Court has recognized, "Rule 9(b) applies to fraudulent concealment claims . . ." and, "to the whole of [any] complaint" when "the entire complaint against a particular defendant alleges a unified course of fraudulent conduct." (Dkt. No. 59 at 11:9-17.) *See also Bell v. Fed. Home Loan Mortg. Corp.*, No. 11-CV-2514-MMA (RBB), 2012 WL 4576584, at *4 (S.D. Cal. Oct. 1, 2012) ("Fraud claims based on concealment are grounded in fraud and are therefore subject to Rule 9(b)'s heightened pleading requirement."). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Put differently, Plaintiffs must plead the "who, what, when, where, and how" of the circumstances underlying their claims. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Courts must disregard fraud-based claims that do not comply with Rule 9(b). *Vess*, 317 F.3d at 1107 ("If insufficiently pled averments of fraud are disregarded, as they must be . . ."). Thus, in *Mourning*, the court concluded that the plaintiff failed to trigger the duty to disclose under the fourth *Falk* prong because the plaintiff only identified one representation at issue and did not adequately allege reliance thereon. 2009 WL 733873, at *3. Similarly, in *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010), the court found that the plaintiffs had not adequately

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1  established the second, third, or fourth *Falk* prongs because they only alleged conclusory

2  statements that the manufacturer was "aware of the defect," rather than specifically

3  alleging facts showing that the manufacturer had actual knowledge of the defect. *Id*. at

4  *5 ("[G]eneralized allegations are insufficient to meet Rule 9(b)'s pleading requirements

5  and cannot impute a duty to disclose on [the manufacturer].")

6       In this case, just like in *Mourning* and *Falk*, Plaintiffs offer inadequate

7  generalizations rather than specific facts to establish a duty to disclose under the fourth

8  *Falk* prong.  Beltran, like the plaintiffs in *Baba*, ties all of her claims to broad

9  generalizations, such as an alleged exposure to a purported marketing and advertising

10  campaign and a vague recollection of some unspecific statement on Avon's website.  (*See*

11  TAC ¶¶ 6, 12, 16, 21, 36, 39.)  Also, like the plaintiff in *Mourning*, Beltran fails to

12  identify any specific representations she relied on prior to purchasing Avon products.

13  She does not reference Avon's testing policies, indicate a particular time when she was

14  exposed to such statements, nor does she specify that she purchased Avon products only

15  after reading or hearing about Avon's testing policy.  Tellez and Gutierrez have also not

16  stated their partial misrepresentation claims with sufficient specificity.  While they allege

17  that, in addition to exposure to Avon's purported marketing campaign, they spoke with

18  ISRs and viewed PETA's "Do Not test" List, like the plaintiff in *Mourning*, Tellez and

19  Gutierrez have not specifically demonstrated that they purchased a single Avon product

20  in reliance on Avon's campaign, statements made by ISRs, or representations they

21  viewed on PETA's "Do Not Test" List.  (TAC  ¶¶ 7-8.)  In short, Plaintiffs base their

22  claims on general, conclusory allegations, which are incompatible with Rule 9(b), and

23  which are insufficient to invoke the duty to disclose under the fourth *Falk* prong.  *See*

24  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

25  **III.    IRRESPECTIVE OF *FALK'S* DUTY TO DISCLOSE ANALYSIS, THE COURT SHOULD DISMISS BELTRAN FROM THIS CASE**

26

27       Beltran's five-time failure to plead any claims for relief to the degree of

28  particularity mandated by Rule 9(b) confirms that she cannot state a claim against Avon.

1   Beltran represented to this Court that she could "provide even *more* particularity with

2   respect to [her] allegations [of reliance]," but this was a prevarication.  (Dkt. No. 50 at

3   3:4-7.)  Though Plaintiffs have changed their positions in the Opposition, Beltran's

4   allegations in the TAC have **not changed** one iota from those she set forth in the SAC.

5   (*See* Supp. RJN, Ex. A at ¶ 6.)

6          On September 20, 2012, in plain terms, this Court admonished Beltran that her

7   fraud-based allegations tethered to Avon's website and its purported marketing and

8   advertising campaign failed under Rule 9(b), and "[t]o the extent that [Beltran's] UCL,

9   FAL, and CLRA claims are derivative of those claims, they are dismissed."  (Dkt. No. 59

10  at 8:6-19; 9:4-16; 11:7-11; 12:4-8.)  Likewise unambiguously, this Court instructed

11  Beltran "to file an amended complaint consistent with" its September 20, 2012 ruling,

12  which identified the shortfalls of the SAC's allegations.  (Dkt. No. 59 at p. 14.)  Beltran

13  did not do so.  (*See* Supp. RJN, Ex. A at ¶ 6.)  Beltran's failure to amend any of her

14  allegations warrants her dismissal from this case.  *See Yourish v. Cal. Amplifier*, 191 F.3d

15  983, 992-98 (9th Cir. 1999) (affirming dismissal of class action when plaintiffs failed to

16  amend the complaint consistent with the Court's Order to meet Rule 9(b)'s particularity

17  requirements).

18         **A.    Beltran Has Not Pled A Claim For Fraudulent Concealment**

19         Beltran's fraudulent concealment claims, which remain dependent on unspecific

20  allegations about Avon's website and purported marketing campaign, fail as a matter of

21  law.  (*See* TAC ¶¶ 6, 12, 16, 21, 36, 39.)  A claim for fraudulent concealment requires

22  Plaintiffs to establish five elements: (1) Avon concealed a material fact; (2) Avon had a

23  duty to disclose the fact; (3) Avon intentionally concealed the fact in order to defraud

24  Plaintiffs; (4) Plaintiffs were unaware of the fact and would not have acted as they did

25  had they known about it; and (5) Plaintiffs were harmed.  *Marketing W., Inc. v. Sanyo*

26  *Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (1992).  All elements of a fraudulent

27  concealment claim must be pled with the specificity mandated by Rule 9(b).  *Vess*, 317

28  F.3d at 1103 (Rule 9(b) applies to all claims sounding in fraud).  "Rule 9(b) demands that

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1  the circumstances constituting the alleged fraud be specific enough to give defendants

2  notice of the particular misconduct . . . so that they can defend against the charge and not

3  just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (quotations

4  and citations omitted).

5       As she failed to do in the SAC, Beltran again does not identify any bases for her

6  vague claims other than a reference to Avon's website and purported marketing

7  campaign, and the Court has already ruled that these allegations could not form the basis

8  of a fraudulent concealment claim because they were not sufficiently pled under Rule

9  9(b).  (Dkt. No. 59 at 9:4-16; 11:6-11.)  Beltran does not cite or quote any language from

10  Avon about its product testing policies; she does not highlight any particular

11  advertisement published by Avon as part of its purported marketing campaign; she does

12  not allege that she purchased Avon products only after reading or hearing about Avon's

13  testing policy; she does not adequately plead that she was ever in a position to be misled

14  by any alleged nondisclosures by Avon; she does not allege that she spoke with any

15  person in particular about Avon's animal testing policy prior to purchasing Avon

16  products; and she does not pinpoint a specific time that she read or heard such statements

17  during the claimed ten plus years that she purchased unspecified Avon products.

18       Further, while Beltran offers the conclusion that she would have acted differently

19  had she known about Avon's policies, a "court [is not] required to accept as true

20  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

21  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

22  Though the Court did find that animal testing may be a material issue to consumers, this

23  finding cannot possibly apply to Beltran who, despite seeking leave to do so, has not

24  amended her complaint to allege facts showing that she would have been in a position to

25  act differently had Avon disclosed more information about its policies. *See Ehrlich v.*

26  *BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919-20 (C.D. Cal. 2010) (plaintiff's failure to

27  adequately allege that he would have been aware of and acted differently had the omitted

28  information been disclosed precludes a finding of materiality and warrants dismissal).

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1    Beltran does not allege with the requisite specificity that she visited Avon or PETA's

2    website or saw a brochure or other promotional material that might have contained a

3    disclosure about Avon's animal testing practices in China which would have caused her

4    to act differently.  Thus, Beltran's conclusory allegation that she has pled the materiality

5    necessary to establish fraudulent concealment is unsupportable.

6            In their Opposition, Plaintiffs argue that Beltran has properly stated a claim for

7    fraudulent concealment and that the Court has already recognized as much.  (Dkt. No. 65

8    at pp. 10-14.)  If Beltran truly believed she had stated a proper claim for fraudulent

9    concealment, she would not have sought leave to amend the SAC to provide more

10   particularity.  Plaintiffs also argue that "in light of the Court's Order finding that Ms.

11   Beltran's fraud allegations lack the specificity required by Rule 9(b) to trigger a duty to

12   disclose, the [SAC] has been amended to include two new class representatives who

13   [purportedly] allege fraud with greater particularity."  (Dkt. No. 65 at p. 10.)  This is

14   insufficient; the addition of Gutierrez and Tellez as potential class representatives does

15   not repair Beltran's deficient fraudulent concealment claims.

16           As Beltran has once again rooted her fraudulent concealment claims in the same

17   allegations from the SAC that this Court declared to be inadequately pled under Rule

18   9(b), she cannot proceed with a fraudulent concealment claim.  (*See* Supp. RJN, Ex. A at

19   ¶ 6.)

20           **B.      Beltran Has Failed to State A Claim Under The UCL**

21           Beltran has not stated a claim under any prong of the UCL.  She has not stated a

22   claim under the unlawful prong because she has not established a predicate violation of

23   any underlying law.  *Farmers Ins. Exch. v. Super. Ct. (The People)*, 2 Cal. 4th 377, 383,

24   826 P.2d 730 (1992) (the UCL "borrows" violations from other laws and treats them as

25   unlawful practices that are independently actionable under the UCL); *Indep. Cellular*

26   *Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1109, 1118 (N.D. Cal. 1994) (dismissal of

27   UCL claim warranted because plaintiffs failed to establish defendants were subject to the

28   licensing requirement that was the gravamen of the complaint).  Beltran has also failed to

REPLY MEMORANDUM IN SUPPORT
                                                                 OF MOTION TO DISMISS TAC

1    state a claim under the UCL's fraudulent prong because she did not amend her UCL

2    claim in the TAC, and the Court previously held that Beltran's claims based in fraud

3    failed to satisfy Rule 9(b).  (*See* Supp. RJN, Ex. A at pp. 2-3, 14-16.)  (*See also* Dkt. No.

4    59 at 11:23-26; 12:7-8 ("Ms. Beltran's entire SAC, including her UCL, FAL, and CLRA

5    claims, [were] grounded in fraud" . . . "[t]o the extent that [Beltran's] UCL . . . claims

6    are derivative" of "her fraudulent misrepresentation claims, and fraudulent concealment

7    claims related to Avon's [purported] general advertising campaign and website

8    disclosures[,]" they must be "dismissed.")).  Beltran's failure to amend her fraud-based

9    claims renders any fraud-based UCL claim defective.

10          Beltran also has not pled a UCL claim under the unfair prong, as she has not cured

11   the defects from her prior pleading.  In its September 20, 2012 ruling, the Court

12   instructed Beltran to "'state with particularity the circumstances constituting fraud' for all

13   of these claims, *including those alleging 'unfairness' under the UCL.*"  (Dkt. No. 59 at

14   11:26-28) (*emphasis added*).  Beltran elected not to amend her allegations to include facts

15   demonstrating a likelihood of deception.  While Plaintiffs argue that Beltran has stated a

16   UCL claim because she has identified "omissions," this is simply wrong.  (Dkt. No. 65 at

17   pp. 15-16.)  The concept of what constitutes an "unfair business practice" is limited.

18   *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719-20 (2001).  Mere

19   allegations that a company's marketing campaign did not contain adequate disclosures

20   are not sufficient to demonstrate an unfair business practice under the UCL; the consumer

21   plaintiff must also demonstrate likelihood of deception.  *Lavie v. Procter & Gamble Co.*,

22   105 Cal. App. 4th 496, 508 (2003).  Plaintiff has failed to meet this burden.

23          **C.    Beltran's CLRA Claim Fails Under Rule 9(b)**

24          Beltran also has not properly stated a CLRA claim.  Under the CLRA, a plaintiff

25   must "show not only that a defendant's conduct was deceptive but that the deception

26   caused [her] harm."  *Mass. Mut. Life Ins. Co. v. Super. Ct. (Karges)*, 97 Cal. App. 4th

27   1282, 1292 (2002).  In cases such as this one, where a plaintiff asserts a CLRA claim

28   "sounding in fraud," the plaintiff "must establish that [she] actually relied on the relevant

-13-

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

representations or omissions." *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (2007).  Beltran has done nothing of the sort.  In the TAC, Beltran's CLRA claim only reiterates the same vague fraud-based allegations from the SAC, which are tied to Avon's website and purported marketing campaign.  (*See* SAC ¶ 6, TAC ¶ 6.) Beltran does not allege facts showing that she relied on any particular representations or omissions.  As such, this Court should, consistent with its September 20, 2012 ruling, dismiss Beltran's CLRA claims.  (*See* Dkt. No. 59 at 12:4-8.)  *See also Shvarts v. Budget Grp., Inc.*, 81 Cal. App. 4th 1153, 1160 (2000) (CLRA claims are dismissible as a matter of law at early litigation stages).

Though Beltran contends that the Court has already found that she stated a claim for relief under the CLRA, she fails to address the obvious Rule 9(b) deficiencies in her CLRA claim and her failure to amend her claim in any fashion.  (Dkt. No. 65 at p. 16.) As this Court made clear, "[t]o the extent that [Beltran's] UCL, FAL, and CLRA claims are derivative of those claims, they are dismissed."  (Dkt. No. 59 at 8:6-19; 9:4-16; 11:7-11; 12:4-8.)  Plaintiffs' counsel admitted during an October 24, 2012 meet and confer that Plaintiffs' UCL and CLRA claims were derivative of their fraud claims, and tacitly confirmed this when they refused to dispute this fact, raised in Avon's Motion, in their Opposition.  (*See* Dkt. No. 61-1 at p. 12 n.5.)  *See also In re Terayon Commc'ns Sys., Inc. Sec. Litig.*, No. C 00-01967 MHP, 2002 U.S. Dist. LEXIS 5502, at *40 (N.D. Cal. Mar. 29, 2002) ("The failure to respond to [an] accusation is an adoptive admission by silence.").  Having admitted this twice, Plaintiffs certainly cannot move forward with a CLRA claim that pleads no more than what the Court already deemed deficient.

**IV.   THE COURT SHOULD ALSO DISMISS ALL CLAIMS ASSERTED BY TELLEZ AND GUTIERREZ**

Presumably concerned about the viability of Beltran as a named plaintiff in this action, Plaintiffs offer Tellez and Gutierrez as new named plaintiffs, and effectively ask the Court to rubber-stamp their claims without any scrutiny.  (Dkt. No. 59 at 12:4-8.) This is improper.  Tellez and Gutierrez were not properly brought into this action, and

even if they were, they rely on the same allegations that this Court already found to be deficient. They should be dismissed as a result. (Dkt. No. 59 at 12:4-8.)

### A.    Tellez and Gutierrez Are Not Proper Additions To This Litigation

As an initial matter, the Court should dismiss Tellez and Gutierrez as named plaintiffs because the Court did not authorize Beltran to add new plaintiffs to this case. In its Order granting Beltran leave to amend, the Court indicated that "Ms. Beltran shall have twenty (20) days from the date of this order to file an amended complaint **consistent with the Court's ruling** . . . ." (Dkt. No. 59 at 14:18-19) (emphasis added). The Court did not address, and certainly did not grant, Beltran's request to add new plaintiffs. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008) (holding that a district court's silence when posed a request by a plaintiff is tantamount to a denial).[3]

Plaintiffs argue that it was proper to add Tellez and Gutierrez in the TAC because, on the one hand the Court's September 20, 2012 Order did not specifically prohibit the addition of new plaintiffs, and on the other hand, Avon cannot show undue prejudice, bad faith or dilatory motive arising out of the addition of the two new plaintiffs. (Dkt. No. 65 at p. 17.) Plaintiffs are wrong on both counts. As noted above, the Court's Order specifically directed Beltran to amend the SAC consistent with its ruling. That ruling said nothing about adding new plaintiffs.

Plaintiffs' suggestion that Avon cannot show undue prejudice, bad faith or dilatory motive arising out of the addition of the two new plaintiffs ignores the realities of this case, and Plaintiffs' own admissions that Beltran is not an adequate class representative. Beltran should not be allowed to substitute new plaintiffs before class certification to resuscitate a dying case. *See Sanchez v. Wal Mart Stores, Inc.*, No. 2:06-cv-02573-JAM-

---

[3] Plaintiffs argue that *Mendiondo* is inapposite because "the district court in that case did not grant leave to amend at all." (Dkt. No. 65 at p. 17.) This argument wholly ignores, and thus fails to negate, the key holding in *Mendiondo* regarding the equivalence of silence to a denial. Beltran was not given leave to add new plaintiffs, but did so anyway, without this Court's specific authorization.

KJM, 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009).  In *Sanchez*, the court denied a plaintiff's request for leave to substitute a new class representative because the putative class had not yet been certified.  *Id.*  As in *Sanchez*, no class has been certified in this case.  Moreover, to permit Plaintiffs to move forward with Tellez and Gutierrez as new plaintiffs given their inadequate allegations in this case would cause Avon undue time and expense litigating a meritless case.

### B.   Even If The Court Permits Beltran To Add New Plaintiffs, Tellez And Gutierrez Are Not Suitable For Such Positions

Tellez and Gutierrez are not proper plaintiffs because they lack standing and were improperly solicited.  With respect to standing, Plaintiffs concede that, as a resident of Michigan, Tellez lacks standing to state a UCL claim, but they nevertheless argue that Tellez and Gutierrez's standing is unchallengeable because the Court already found that Beltran met the standing threshold under *Kwikset Corp. v. Super. Ct. (Benson)*, 51 Cal. 4th 310, 246 P.3d 877 (2011).  (Dkt. No. 65 at p. 15.)  This argument is specious.  In *Kwikset*, the plaintiffs specifically alleged that they had been induced to pay more for a lock based on a false label that indicated the lock was "Made in U.S.A." when, in fact, it was not.  *Id.* at 317-18.  The court found that the plaintiffs had suffered economic harm sufficient to bring a claim because they had adequately alleged that "the purchase would not have been made but for the misrepresentation."  *Id.* at 330.  Unlike the plaintiffs in *Kwikset*, Tellez and Gutierrez have only offered conclusory allegations of injury.  (TAC ¶¶ 7-8.)  They improperly seek to create "but for" causation based upon alleged "omissions," rather than any alleged affirmative misrepresentation made on Avon products or their packaging.  (Dkt. No. 65 at pp. 15-16.)  Further, unlike the plaintiffs in *Kwikset*, Tellez and Gutierrez have not established that they would not have purchased Avon's products had they known about Avon's animal testing policies.  As Tellez and Gutierrez have not espoused any allegations that satisfy the "but for" test under *Kwikset*, they have not established that they have standing to pursue relief from Avon, and they

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1  cannot advance beyond the pleading stage for any of their claims.[4]  *See Lujan v.*

2  *Defenders of Wildlife*, 504 U.S. 555, 559-60, 112 S. Ct. 2130, 2135-36, 119 L. Ed. 2d 351

3  (1992) (plaintiff must allege a particularized and "actual or imminent" injury to a legally

4  protected interest to have standing); *Nike, Inc. v. Kasky*, 539 U.S. 654, 661, 123 S. Ct.

5  2554, 156 L. Ed. 2d 580 (2003) (consumer protection statute-based claims must be

6  "dismissed at the outset" when a "distinct and palpable" harm is not alleged).

7        In addition to standing deficiencies, Tellez and Gutierrez also are improper class

8  representatives due to the manner in which they were solicited to participate in this case.

9  (*See* RJN, Ex. C.)  As discussed in Avon's Motion, PETA posted a misleading

10  solicitation on its website to recruit plaintiffs to "Help Fight Back Against Avon!"  The

11  solicitation requested contact information from consumers who purchased Avon products

12  between January 2008 and September 2011.  (*Id.*)  Tellingly, Plaintiffs do not dispute in

13  their Opposition that this is the manner in which Tellez and Gutierrez came to be

14  involved with this case.  *See In re Terayon Commc'ns Sys., Inc. Sec. Litig.*, 2002 U.S.

15  Dist. LEXIS 5502, at *40 ("The failure to respond to [an] accusation is an adoptive

16  admission by silence.").  In violation of California Rule of Professional Conduct 1-

17  400(D), PETA's solicitation misleadingly suggested that Avon deceived consumers about

18

19  [4] Plaintiffs imply in their Opposition that Avon's Motion does not "deal with" *In re Tobacco II Cases*,

20  46 Cal. 4th 298, 207 P.3d 20 (2009) because this case is harmful to Avon's arguments.  (Dkt. No. 65 at p. 4 n.1.)  Putting aside the fact that the Court's Order only addressed *Tobacco II* in the context of

21  dismissing Beltran's fraudulent misrepresentation claims, *Tobacco II*, like *Kwikset*, also establishes that Plaintiffs have not met the pleading threshold for standing.  The *Tobacco II* court confirmed that a class

22  action alleging misrepresentation under the UCL fails for lack of standing if the class representative does not demonstrate "actual reliance on the allegedly deceptive or misleading statements."  46 Cal. 4th

23  at 306.  This causation element is satisfied only by a showing that the purported false statement was an immediate cause of injury.  *Id.* at 327-28.  The only exception to this rule is the scenario where many

24  misrepresentations are made as part of a decades-long advertising campaign; in that case, plaintiffs may focus on the aggregate effect of misrepresentations made over a long period, and do not necessarily need

25  to establish individualized reliance on one specific statement.  *Id.*  Because this case does not involve a decades-long, industry-wide false advertising campaign, the exceptional pleading standards discussed in

26  *Tobacco II* are inapplicable here, and Tellez and Gutierrez needed to allege a link between a specific representation made by Avon and a particular injury-in-fact that they suffered.  *Id.*  As Tellez and

27  Gutierrez have not specifically identified any representations by Avon or established reliance thereon, they have failed to establish standing under *Tobacco II*.

28

         REPLY MEMORANDUM IN SUPPORT
         OF MOTION TO DISMISS TAC

1   animal testing policies that Avon disclosed on its own website (RJN, Exs. A and B), and

2   did not "state the name of the member responsible for the communication."  Cal. R.

3   Prof'l Conduct 1-400(D)(2)-(3), Standard 12.  Beyond the obvious Rule 1-400 violations,

4   the PETA solicitation gives the appearance that PETA and Plaintiff's counsel are "the

5   driving force behind" this litigation, an acknowledged ground for denying class

6   certification.  *Bodner v. Oreck Direct, LLC*, No. C 06-4756 MHP, 2007 WL 1223777, at

7   *1-2 (N.D. Cal. Apr. 25, 2007).  As the PETA solicitation raises multiple questions about

8   the improper recruitment of Tellez and Gutierrez, the Court should dismiss them as

9   improper class representatives.  *See Sanchez v. Wal Mart Stores, Inc.*, No. 2:06–CV–

10   02573–JAM–KJM, 2009 WL 1514435, at *3 (E.D. Cal. May 28, 2009) (declining to

11   certify class in part because questions concerning improper recruitment of a class

12   representative "necessarily w[ould] devolve into disputes over her unique circumstances,

13   to the detriment of the claims of absent class members.").

14        Plaintiffs erroneously contend that Tellez and Gutierrez were properly solicited

15   because a website is not a solicitation and even if it were, dismissing Tellez and Gutierrez

16   would be tantamount to unconstitutionally infringing on PETA's free speech rights.

17   (Dkt. No. 65 at pp. 17-19.)  First, Plaintiffs are simply mistaken when they state that

18   websites can never be a solicitation.  In *In re McKesson HBOC, Inc. Securities Litig.*, 126

19   F. Supp. 2d 1239 (N.D. Cal. 2000), for example, the court expressly recognized that

20   "pages on the firms' World Wide Web sites" constituted "solicitations." *Id*. at 1241-42.

21   Several other courts have also recognized that websites and web pages can qualify as

22   solicitations.  *See, e.g., Fair Hous. Council of San Fernando Valley v. Roommates.Com,*

23   *LLC*, 521 F.3d 1157, 1185-86 (9th Cir. 2008) (discussing "an interactive website's

24   solicitation of information"); *Jeske v. Fenmore*, No. SACV 08-01015 DOC (MLGx),

25   2008 WL 5101808, at *5 (C.D. Cal. Dec. 1, 2008) (discussing use of website to solicit

26   participants in a pageant); *Savage v. Council on Am.-Islamic Relations, Inc.*, No. C 07-

27   6076 SI, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (discussing use of website

28   to solicit donations).  Second, Plaintiffs' colloquy about Rule 1-400(B) not applying to

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

1   websites is irrelevant.  (Dkt. No. 65 at p. 19.)  Avon did not argue that PETA's

2   recruitment page was improper because it was a "solicitation" under Rule 1-400(B);

3   Avon argued that the web page was not proper because it was a "communication" that

4   contained insufficient disclosures and was misleading, in violation of Rule 1-400(D)(2)-

5   (3).  (*See* Dkt. No. 61-1 at p. 15.)  As for Plaintiffs' claims that Avon is improperly

6   attempting to restrict PETA's free speech rights, this is simply not true.  Avon is not

7   currently seeking a protective order to limit PETA's communications.  Rather, Avon

8   merely seeks to dismiss Tellez and Gutierrez as plaintiffs because they were recruited for

9   this case through improper means.  *See* Cal. R. Prof'l Conduct 1-400(D)(2) ("A

10  communication or a solicitation . . . shall not [¶] (2) Contain any matter, or present or

11  arrange any matter in a manner or format which is false, deceptive, or which tends to

12  confuse, deceive, or mislead the public[.]").

13
## C. Tellez And Gutierrez's Claims Should Be Dismissed Because They Lack The Requisite Specificity

14

15      As with Beltran, Tellez and Gutierrez predicate all their claims on fraud allegations

16  that are insufficiently pled under Rule 9(b).  Rule 9(b) requires parties alleging fraud to

17  "state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).

18  This pleading standard applies to all fraud-based claims, even fraudulent concealment

19  and claims brought under the UCL and CLRA.  (*Accord* Dkt. No. 59 at 8:6-19; 11:6-

20  12:2.)  Tellez and Gutierrez predominantly base their claims on purported exposure to an

21  extensive marketing and advertising campaign by Avon without specifying whether they

22  were exposed to advertisements on television, radio, or in print; how often they were

23  exposed to such advertisements; what the exact wording was of any particular

24  advertisement they viewed; and when and how they relied on these unspecified

25  advertisements.  (TAC ¶¶ 7-8.)  As this Court has already held that "it is not sufficient to

26  simply allege exposure to a long-term advertising campaign[,]" it should dismiss the new

27  Plaintiffs' campaign-based claims.  (*See* Dkt. No. 59 at 8:11-13.)

28

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS TAC

Tellez and Gutierrez's non-campaign-based factual allegations also do not satisfy Rule 9(b).  For example, their allegations that they saw PETA's "Do Not Test" List are insufficiently pled because they do not specify when they viewed this list and what products, if any, they purchased in reliance thereon.  Tellez's allegation that she "viewed one Avon advertisement that touted Avon as 'the first major beauty company to stop using animals in the safety testing of products . . .," (TAC ¶ 7) is also insufficient because she does not indicate whether Avon approved this advertisement (the "who"), when she saw this statement (the "when"), the manner in which this advertisement was broadcast to her (the "where" and "how"), or whether she bought Avon products in reliance on this statement.  *See Kearns*, 567 F.3d at 1124.  Likewise, Tellez's allegation that she was told by an ISR that Avon was "cruelty-free" is inadequate because she does not identify this ISR, whether the ISR was selling Avon products to Tellez, when and in what context this representation was made, and what specific products she bought in reliance on this ISR's statement.  (TAC ¶ 7.)  Finally, while Gutierrez conveys slightly more detail than Tellez, alleging that "in or about January 2010, she met with a District Manager for Avon based in San Diego named Judy Elliot," (TAC ¶ 8) Gutierrez has not met Rule 9(b)'s requirements because she has not stated the full context of her purported conversation, identified "where" the statements were made, or indicated if she purchased any particular Avon products in reliance on this conversation.  Thus, Tellez's and Gutierrez's claims should be dismissed because they are all grounded in fraud and not pled with adequate specificity.

## D.   Tellez And Gutierrez Have Not Pled A Claim For Fraudulent Concealment

Contrary to Plaintiffs' *Falk*-based assertions, Tellez and Gutierrez have not pled a claim for fraudulent concealment.  *See* discussion, *supra*, Part II.  Indeed, like Beltran, Tellez and Gutierrez have not adequately alleged reliance on Avon's purported non-disclosure thereof, as they have not specifically alleged that they purchased particular Avon products in reliance on specific statements by Avon, its ISRs, or even PETA's "Do

1   Not Test" List.  This failure to allege facts establishing materiality or reliance precludes
2   Tellez and Gutierrez from prevailing on their fraudulent concealment claims.

3          **E.    Tellez And Gutierrez Have Also Not Pled A Claim Under The UCL**

4          Plaintiffs concede that Tellez cannot maintain a UCL claim because she is not a
5   California resident, but continue to insist that Gutierrez has met her pleading burden.
6   (Dkt. No. 65 p. 17 n.7.)  As discussed above, *supra* Part III.B., the UCL is not an
7   unfettered statute, and Gutierrez has not pled a claim under any prong of the UCL.  To
8   prevail under the UCL's unlawful prong, plaintiffs must adequately establish a violation
9   of underlying law.  *Indep. Cellular Tel., Inc.*, 863 F. Supp. at 1118.  A successful unfair-
10  based UCL claim requires demonstration that the public is likely to be deceived, which is
11  a question determinable as a matter of law.  *Shvarts*, 81 Cal. App. 4th at 1158-60.
12  Alternatively, to proceed under the UCL's fraudulent prong, plaintiffs must adequately
13  allege reliance on misrepresentations or omissions that are likely to deceive a reasonable
14  consumer.  *Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (upholding
15  dismissal of claims where plaintiff could not establish that a sweepstakes notification was
16  likely to deceive a reasonable consumer).

17         Gutierrez has not pled an unlawful UCL claim because she alleges only a
18  purported violation of California Business and Professions Code Section 17500 (the
19  "FAL") (TAC ¶ 46), which the Court already dismissed from this case.  (Dkt. No. 59 at
20  13:4-8.)  Having failed to plead a violation of an underlying law, Gutierrez cannot
21  maintain a UCL claim under the unlawful prong.  *See, e.g., Metro Publ'g, Ltd. v. San
22  Jose Mercury News, Inc.*, 861 F. Supp. 870, 881 (N.D. Cal. 1994) (dismissal of trademark
23  infringement and dilution claims warranted dismissal of UCL claim.); *Crawford v.
24  Farmers Grp., Inc.*, 160 Cal. App. 3d 1164, 1168, 1171 (1984) (no UCL cause of action
25  where conduct did not fall within the statute's definition of a "retail installment sale").
26  Similarly, Gutierrez has not pled an unfair UCL claim because she has not established
27  likelihood of public deception.  While Gutierrez vaguely alleges that Avon engaged in a
28  long-term advertising campaign without "adequately disclosing" its animal testing policy,

REPLY MEMORANDUM IN SUPPORT
                                         OF MOTION TO DISMISS TAC

1    she does not state any facts to support this conclusion.  (*See* TAC ¶¶ 21, 24, 42, 44.)

2    Gutierrez cannot contest that Avon has an obligation to comply with foreign laws

3    regarding animal testing or that Avon has been forthcoming regarding the same.  (*See*

4    RJN Exs. A and B.)  Nor has Gutierrez convincingly established (and she will never be

5    able to) that Avon is responsible for PETA's decisions regarding its proprietary "Do Not

6    Test" List, including any changes PETA may make to relevant criteria, or that a

7    reasonable consumer would disregard Avon's representations in favor of PETA's

8    statements when purchasing Avon's products.  Hence, Gutierrez has not established an

9    unfair UCL claim.  Finally, as with Beltran, Gutierrez has not pled a fraud-based UCL

10   claim because she has not adequately established under Rule 9(b) that she relied on

11   misrepresentations or omissions by Avon that would likely deceive a reasonable

12   consumer.[5]

13        **F.    Tellez And Gutierrez Have Also Not Pled A Claim Under The CLRA**

14        Tellez and Gutierrez also have not pled a CLRA claim.  The CLRA prohibits

15   unfair methods of competition and "unfair or *deceptive* acts or practices undertaken by

16   any person in a transaction intended to result or which results in the sale or lease of goods

17   or services to any consumer . . . ."  Cal. Civ. Code § 1770(a) (emphasis added).  To

18   prevail on a CLRA claim, Tellez and Gutierrez must show "not only that [Avon's]

19   conduct was deceptive but that the deception caused [her] harm."  *Mass. Mut. Life Ins.*

20   *Co. v. Super. Ct. (Karges)*, 97 Cal. App. 4th 1282, 1292 (2002).  They also must

21   adequately establish that "a transaction" occurred to invoke the CLRA.  *Berry v. Am.*

22   *Express Publ'g, Inc.*, 147 Cal. App. 4th 224, 232 (2007).  As an initial matter, Tellez's

23   argument is inconsistent with her UCL concession, as non-California residents are also

24   _____

25   [5] Further, Plaintiffs' counsel admitted during an October 24, 2012 meet and confer that Plaintiffs' UCL
     and CLRA claims were derivative of their fraud claims, and essentially confirmed this when they

26   refused to dispute this fact, raised in Avon's Motion, in their Opposition.  (*See* Dkt. No. 61-1 at p. 12
     n.5.)  *See also In re Terayon Commc'ns Sys., Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 5502, at *40 ("The

27   failure to respond to [an] accusation is an adoptive admission by silence.").  Having admitted this twice,
     Plaintiffs certainly cannot move forward with a UCL or CLRA claim that pleads no more than what the

28   Court already deemed deficient.

REPLY MEMORANDUM IN SUPPORT
                                                 OF MOTION TO DISMISS TAC

barred from pursuing relief under the CLRA for products not purchased in California. *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1096 (N.D. Cal. 2006).  (*See also* TAC ¶ 7; Dkt. No. 65 at p. 17 n.7.)  As Tellez is a non-California resident who did not purchase Avon products in California, the only person who could conceivably plead a claim under the CLRA here is Gutierrez, but she has failed to do so.

Gutierrez has not sufficiently alleged that she suffered harm because she has not specifically alleged which particular Avon products, if any, she purchased in reliance on any alleged omissions or misstatements and how much those products cost.  *See Buckland*, 155 Cal. App. 4th at 811 ("[a]ctual reliance is an element of a CLRA claim sounding in fraud").  She has also failed to establish the kind of transaction contemplated by the CLRA because her alleged viewing of independent third party PETA's "Do Not Test" List was not related to a transaction involving Avon, and because Gutierrez has not alleged that any conversation she had with Judy Elliot or any other Avon ISR was made in connection with a sales transaction, tied to a specific product, or that it influenced her decision to purchase a specific Avon product.  (TAC ¶ 8.)  Finally, as a procedural matter, Gutierrez's CLRA claims should be dismissed because the TAC does not include an affidavit of venue.[6]  *See* Cal. Civ. Code § 1780(d); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) (dismissing CLRA claims because plaintiffs did not file affidavits required by statute).  Moreover, Plaintiffs' argument that Tellez and Gutierrez have adequately pled CLRA claims

---

[6] Plaintiffs fail to address Avon's argument that, even if Gutierrez and Tellez have somehow pled a proper CLRA claim, which Avon contends they have not, Gutierrez and Tellez are not entitled to the relief they seek under the CLRA, namely an injunction seeking mandatory disclosure on Avon's website and packaging, because this amounts to unconstitutionally compelled speech. *See* Cal. Civ. Code § 1782 (indicating that failure to give written notice of CLRA claims means the pleading party can only recover injunctive relief under the CLRA); *Glickman v. Wileman Bros. & Elliott, Inc.*, 521 U.S. 457, 480-81, 117 S. Ct. 2130, 2144, 138 L. Ed. 2d 585 (1997) ("commercial speech is not subject to any categorical exclusion from First Amendment protection, and indeed is protectible as a speaker's chosen medium of commercial enterprise . . ."); *Int'l Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 73 (2d Cir. 1996) (holding that dairy manufacturers could not be forced to label products as derived from hormone-treated cows because companies cannot be forced to disclose information unrelated to a reasonable concern for health, safety or another substantial governmental interest.).

1  because the Court found that Beltran previously pleaded proper a CLRA claim is a non-

2  starter.  (Dkt. No. 65 at p. 16.)  As discussed above, Beltran has not properly pled a

3  CLRA claim because her CLRA claim is entirely grounded in fraud allegations that were

4  deemed inadequately pled under Rule 9(b).  *See* discussion, *supra*, Part IIIC.

5  **V.    CONCLUSION**

6          For the foregoing reasons, Avon respectfully requests that the Court dismiss the

7  TAC without leave to amend.

8  DATED:  December 3, 2012         PAUL HASTINGS LLP

9

10                                  By:_____/s/_____

11                                             Katherine F. Murray

12                                  Attorneys for Defendant
                                    AVON PRODUCTS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28