DENNIS S. ELLIS (SB# 178196)
dennisellis@paulhastings.com
KATHERINE F. MURRAY (SB# 211987)
katherinemurray@paulhastings.com
NICHOLAS J. BEGAKIS (SB# 253588)
nickbegakis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

Attorneys for Defendant
AVON PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BELTRAN, an individual; on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>AVON PRODUCTS, INC., a New York Corporation,<br><br>               Defendant. | CASE NO. CV12-02502 CJC (ANx)<br><br>Related Case Nos. 8:12-CV-0312 CJC (ANx) and 8:12-CV-01169 CJC (ANx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AVON PRODUCTS, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS IN THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(f)**<br><br>[Reply in Support of Motion to Dismiss, Supplemental Request for Judicial Notice and Response to Opposition to Request for Judicial Notice filed and served concurrently herewith]<br><br>Date:      December 17, 2012<br>Time:     1:30 p.m.<br>Judge:    Hon. Cormac J. Carney |

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ....................................................... 1

II.    AVON'S MOTION TO STRIKE MAY BE BROUGHT AT THIS
       TIME ........................................................................................... 2

       A.     This Court May Strike The Class Allegations Pursuant To Rule
              12(f) ................................................................................... 2

       B.     The Local Rules Of This Court Support Determining The Class
              Issues At This Time .............................................................. 7

III.   PLAINTIFFS BEAR THE BURDEN OF SUFFICIENTLY
       ALLEGING THE PREREQUISITES FOR CLASS CERTIFICATION ....... 9

       A.     Plaintiffs' Allegations Establish That They Cannot Possibly
              Satisfy Rule 23 ................................................................... 10

              1.     Plaintiffs Cannot Establish Commonality ................................. 11

              2.     Individual Issues Will Predominate In This Case ................... 12

              3.     Plaintiffs Are Not Entitled To An Inference Of Class-
                     Wide Reliance, Which They Cannot Show ............................. 13

IV.    AT A MINIMUM, THE COURT SHOULD STRIKE PLAINTIFFS'
       NATIONWIDE CLASS ALLEGATIONS ................................................... 16

V.     CONCLUSION ........................................................................... 19

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

CASES

4

*Allen v. Hylands, Inc.*,

5

No. CV 12-01150, DMG (MANx) 2012 U.S. Dist. LEXIS 61606
(C.D. Cal. May 2, 2012) ...................................................................... 17

6

*Amchem Prods., Inc. v. Windsor*,

7

521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ................................ 10

8

*Archila v. KFC U.S. Props., Inc.*,

9

420 Fed. Appx. 667 (9th Cir. 2011) .................................................. 8

10

*Batt v. City & Cty. Of S.F.*,

11

155 Cal. App. 4th 65........................................................................... 1

12

*Brazil v. Dell, Inc.*,

13

585 F. Supp. 2d 1158 (N.D. Cal. 2008)............................................. 3, 9

14

*Bruno v. Eckhart Corp.*,

15

280 F.R.D. 540 (C.D. Cal. 2012) ...................................................... 17

16

*Castano v. Am. Tobacco Co.*,

17

84 F.3d 734 (5th Cir. 1996) .............................................................. 12

18

*Chong v. State Farm Mut. Auto. Ins. Co.*,

428 F. Supp. 2d 1136 (S.D. Cal. 2006) ........................................... 5, 6

19

*Chong v. State Farm Mut. Auto. Ins. Co.*,

20

No. 05-CV-2241 W (AJB), 2010 U.S. Dist. LEXIS 60762
(S.D. Cal. Apr. 6, 2010)...................................................................... 5

21

22

*Clark v. State Farm Mut. Auto. Ins. Co.*,

231 F.R.D. 405 (C.D. Cal. 2005) ...................................................... 6

23

24

*Edwards v. Zenimax Media, Inc.*,

No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 137520
(D. Colo. Sept. 25, 2012).................................................................... 3

25

26

*Forcellati v. Hylands, Inc.*,

27

No. CV 12-19830GHK, 2012 U.S. Dist. LEXIS 91393
(C.D. Cal. June 1, 2012) ................................................................... 17

28

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

*Fournier v. Creditors Interchange Mgmt., LLC,*
    No. CV 10-3220, 2011 U.S. Dist. LEXIS 32303
    (C.D. Cal. Mar. 16, 2011)......................................................................... 8

*Freedman v. Louisiana-Pacific Corp.,*
    922 F. Supp. 377 (D. Or. 1996) ............................................................... 3

*Gen. Tel. Co. of Sw. v. Falcon,*
    457 U.S. 147, 102 S. Ct. 2364, L. Ed. 2d 740 (1982) ................................. 1, 2, 9

*Gianino v. Alacer Corp.,*
    846 F. Supp. 2d 1096 (C.D. Cal. 2012)................................................... 18

*Gomez v. Campbell-Ewald Co.,*
    No. CV 10-2007, 2011 U.S. Dist. LEXIS 95102
    (C.D. Cal. Apr. 8, 2011) .......................................................................... 8

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ................................................................. 9

*Hevesi v. Citigroup, Inc.,*
    366 F.3d 70 (2d Cir. 2004) .................................................................... 11

*Hovsepian v. Apple, Inc.,*
    No. 08-5788, 2009 U.S. Dist. LEXIS 117562
    (N.D. Cal. Dec. 17, 2009)........................................................................ 3

*In re Graphics Processing Units Antitrust Litig.,*
    527 F. Supp. 2d 1011 (N.D. Cal. 2007)................................................... 3

*In re Hotel Telephone Charges,*
    500 F.2d 86 (9th Cir. 1974) .................................................................. 16

*In re Tobacco II Cases,*
    46 Cal. 4th 298 (2009)................................................... 13, 14, 15, 16

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
    505 F. Supp. 2d 609 (N.D. Cal. 2007)..................................................... 5

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-iii-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES
### (continued)

Page

*Kaldenbach v. Mutual of Omaha Life Ins. Co.*,
  178 Cal. App. 4th 830 (2009) ....................................................... 12, 13

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975) ................................................................ 3

*Khorrami v. Lexmark International, Inc.*,
  No. CV 07-01671 DDP, 2007 U.S. Dist. LEXIS 98807
  (C.D. Cal. Sept. 13, 2007) ................................................................ 6, 7

*Kowalsky v. Hewlett-Packard Co.*,
  No. 5:10-cv-02176-LHK, 2012 U.S. Dist. LEXIS 34597
  (N.D. Cal. Mar. 14, 2012) ................................................................. 17

*Mantolete v. Bolger*,
  767 F.2d 1416 (9th Cir. 1985) ....................................................... 3, 10

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ..................................................... passim

*McCray v. Standard Oil Co.*,
  76 F.R.D. 490 (N.D. Ill. 1977) ............................................................. 3

*Migliaccio v. Midland Nat. Life Ins. Co.*,
  No. CV 06-1007 CAS, 2007 U.S. Dist. LEXIS 8159
  (C.D. Cal. Jan. 30, 2007) ................................................................. 4, 5

*Moore v. Avon Prods. Inc.*,
  No. C06-03425 (SBA), 2007 U.S. Dist. LEXIS 74248
  (N.D. Cal. Oct. 4, 2007) ..................................................................... 13

*Moreno v. Baca*,
  No. 00-7149 ABC, 2000 U.S. Dist. LEXIS 21368
  (C.D. Cal. Oct. 13, 2000) ..................................................................... 6

*Nordberg v. Trilegiant Corp.*,
  445 F. Supp. 2d 1082 (N.D. Cal. 2006) ......................................... 16, 18

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

*Pablo v. ServiceMaster Global Holdings, Inc.*,
    No. C 08-03894 SI, 2009 U.S. Dist. LEXIS 79584
    (N.D. Cal. Aug. 17, 2009) ................................................................. 11

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ................... 18

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) .................................................... 3, 17, 18

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ......................................... passim

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) .............................................................. 2

*Smith v. Lyons, Doughty & Veldhuis, P.C.*,
    No. 07-5139, 2008 U.S. Dist. LEXIS 56725
    (D.N.J. July 23, 2008) ......................................................................... 3

*Stearns v. Select Comfort Retail Corp.*,
    No. 08-2746 JF (PVT), 2009 U.S. Dist. LEXIS 112971
    (N.D. Cal. Dec. 4, 2009) .............................................................. 1, 3, 4

*Stearns v. Select Comfort Retail Corp.*,
    No. 08-2746 JF, 2008 U.S. Dist. LEXIS 84930
    (N.D. Cal. Sept. 30, 2008) ................................................................. 3

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) .......................................................... 12

*Stubbs v. McDonald's Corp.*,
    224 F.R.D. 668 (D. Kan. 2004) .......................................................... 3

*Tidenberg v. Bidz.com, Inc.*,
    No. CV 08-5553 (PSG) FMOx, 2009 U.S. Dist. LEXIS 21916
    (C.D. Cal. Mar. 4, 2009) ............................................................. 16, 18

*United States v. Pittman*,
    475 F.2d 1335 (9th Cir. 1973) .......................................................... 13

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-v-

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Whittlestone v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ........................................................... 3

*Yokoyama v. Midland Nat'l Life Ins. Co.*,
  594 F.3d 1087 (9th Cir. 2010) ........................................................ 11

*Zinser v. Accufix Research Inst., Inc.*,
  253 F.3d 1180 (9th Cir. 2001) ........................................................ 10

STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") ........................... 2, 12, 16, 18

Cal. Civ. Code § 1750, *et seq.* (the "CLRA") ................................. 2, 16, 18

OTHER AUTHORITIES

ABA Model Rule 3.3 ...................................................................... 1

Cal. R. Prof. Conduct 5-200 ........................................................... 1

C.D. Cal. L.R. 23-3 .................................................................. 7, 8

Fed. R. Civ. P.
  12(b)(6) ............................................................................... 6
  12(f) ............................................................................. 3, 4, 6
  23 .............................................................................. passim
  23(a) ............................................................................ 10, 11
  23(b) ............................................................................... 10
  23(b)(2) ............................................................................ 10
  23(b)(3) ........................................................................ 10, 11
  23(b)(3)(D) ......................................................................... 16
  23(c)(1) ............................................................................. 3

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

I.     **PRELIMINARY STATEMENT**

Ignoring clear law to the contrary, Plaintiffs Marina Beltran ("Beltran"), Renee Tellez ("Tellez") and Nichole Gutierrez ("Gutierrez") (collectively, "Plaintiffs") argue that this Court should deny Avon Products, Inc.'s ("Avon") Motion to Strike the class allegations in Plaintiffs' Third Amended Complaint ("TAC") because this Court can dispose of faulty class allegations during the class certification phase, after the parties waste time and expense in discovery. The law, which Plaintiffs fail to address in their Opposition, states otherwise. As the United States Supreme Court noted in *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982), "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Thus, a court should grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009).[1]

The allegations in the TAC confirm that this case cannot proceed as a class action, and therefore this Court can and should strike the class allegations at this time. *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 U.S. Dist. LEXIS 112971, at *45 (N.D. Cal. Dec. 4, 2009) ("it is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.")

Plaintiffs also ask this Court to disregard the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), and allow them to seek certification of a nationwide class in this case because a miniscule number of district courts have distinguished and declined to follow *Mazza*. (Dkt. No. 66 at pp.

---

[1] Although Avon cited *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) and *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) in its Motion, Plaintiffs do not even attempt to address these cases in their Opposition. This is improper. *See Batt v. City & Cnty. of S.F.*, 155 Cal. App. 4th 65, 85 n.9, 65 Cal. Rptr. 3d 716 (2007) (under Cal. R. Prof'l Conduct 5-200 and ABA Model Rule 3.3, it is unethical for an attorney to not address contrary authority in its brief, when such cases "clearly are pertinent to any meaningful discussion of the issue").

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

2, 12-15.)  *Mazza* stands firm for the proposition that a nationwide class invoking California's consumer protection statutes cannot be certified as a matter of law.  *Id.* at 593-94.  There is no reason for this Court to ignore *Mazza*, which squarely applies to this case.

This is Plaintiffs' fifth attempt to bring a case against Avon on behalf of a nationwide class of consumers for fraudulent concealment, violation of California's unfair competition statute (Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL")) and violation of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.* (the "CLRA")).  And, again, Plaintiffs have failed to establish the prerequisites for class certification.  As individual determinations of reliance predominate in this case, the Court should not only strike Plaintiffs' nationwide class allegations, but also their California class allegations.  *See Sanders*, 672 F. Supp. 2d at 990-91 (striking class allegations appropriate where individual determinations regarding reliance predominate).  Allowing Plaintiffs to move past the pleading stage with deficient class allegations that, on their face, preclude class treatment of this case would unnecessarily burden the Court and Avon.  *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues . . . .").  Thus, if the Court does not dismiss Plaintiffs' claims, the Court should at a minimum strike all class allegations from the TAC.

## II.   AVON'S MOTION TO STRIKE MAY BE BROUGHT AT THIS TIME

### A.   This Court May Strike The Class Allegations Pursuant To Rule 12(f)

Though Plaintiffs argue otherwise, the Court need not wait until Plaintiffs formally request class certification to entertain and grant Avon's motion to strike Plaintiffs' class allegations.  *Gen. Tel. Co. of the Sw.*, 457 U.S. at 160 ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.").  *See*

-2-

1   *also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948-49 (6th Cir. 2011)

2   (affirming district court's decision to strike class allegations prior to a motion for

3   certification being filed, and rejecting the contention that this decision was

4   "premature").  Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") does not

5   impose any time restrictions for when courts may strike class allegations.  Fed. R.

6   Civ. P. 12(f).  In fact, Rule 12(f) authorizes pre-answer motions to strike because

7   "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and

8   money that must arise from litigating spurious issues by dispensing with those

9   issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973

10  (9th Cir. 2010) (citation omitted).  For these reasons, multiple courts have stricken

11  class allegations at the pleading stage.  *See, e.g., Sanders*, 672 F. Supp. 2d 978;

12  *Stearns*, 2008 U.S. Dist. LEXIS 84930; *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158,

13  1166-67 (N.D. Cal. 2008); *Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 U.S. Dist.

14  LEXIS 117562 (N.D. Cal. Dec. 17, 2009); *In re Graphics Processing Units*

15  *Antitrust Litig.*, 527 F. Supp. 2d 1011, 1028 (N.D. Cal. 2007).[2]  In *Stearns*, the

16  Court expressly stated that "[a]lthough Plaintiffs contend that Defendants' motion

17  to strike is premature, it is procedurally proper to strike futile class claims at the

---

18  [2] *See also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 206, 210-12 (9th Cir. 1975) (affirming

19  district court's order dismissing plaintiffs' class action and striking class allegations from their
    first amended complaint); *Edwards v. Zenimax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2012

20  U.S. Dist. LEXIS 137520, at *16-18 (D. Colo. Sept. 25, 2012) (relying on *Mantolete v. Bolger*,
    767 F.2d 1416, 1424 (9th Cir. 1985) in finding that district courts have discretion to strike class

21  allegations when plaintiffs do not carry their burden of showing all requirements of Rule 23 are
    satisfied and demonstrating that discovery is likely to substantiate their class allegations)*; Stubbs*

22  *v. McDonald's Corp.*, 224 F.R.D. 668, 674, 677 (D. Kan. 2004) (interpreting Rule 23(c)(1) as
    authorizing courts to strike class allegations prior to the filing of a motion for class certification

23  and striking class allegations)*; Freedman v. La.-Pac. Corp.*, 922 F. Supp. 377, 394, 396 (D. Or.
    1996) (striking some allegations in response to a pre-Answer motion to strike); *McCray v.*

24  *Standard Oil Co. (Ind.)*, 76 F.R.D. 490, 495-97 (N.D. Ill. 1977) (indicating that a Court can
    consider a motion to strike class allegations before an Answer is filed); *Smith v. Lyons, Doughty*

25  *& Veldhuis, P.C.*, No. 07-5139, 2008 U.S. Dist. LEXIS 56725, at *12 (D.N.J. July 23, 2008)
    ("[C]ourts will strike or dismiss class allegations even if discovery has not yet taken place" when

26  "the complaint itself demonstrates that the requirements for maintaining a class action cannot be
    met.") (citations and quotations omitted); *Pilgrim,* 660 F.3d at 948-49 (affirming district court's

27  decision to strike class allegations prior to a motion for certification being filed and dismissing
    plaintiffs' complaints that such a decision was premature).

28

REPLY MEMORANDUM IN SUPPORT OF
                                        AVON'S MOTION TO STRIKE TAC

1   outset of litigation to preserve time and resources." *Stearns*, 2009 U.S. Dist.

2   LEXIS 112971, at \*45.

3       *Sanders* is most instructive here. In *Sanders*, consumers who purchased a

4   particular model of Apple's iMac Computer brought a class action on behalf of all

5   purchasers of that model computer. *Sanders*, 672 F. Supp. 2d at 982-83. They

6   alleged that Apple concealed material information regarding the model's

7   performance and made misrepresentations about its characteristics. *Id*. The court

8   found that the face of the complaint established that individual issues of reliance

9   would predominate and that the class, as defined, had members who lacked Article

10   III standing. *Id*. at 990-91. Accordingly, the *Sanders* court struck plaintiffs' class

11   allegations at the pleading stage. *Id*.

12       This case is directly analogous to *Sanders*. Here, individual issues of

13   reliance abound. Indeed, the very nature of Avon's unique sales model, namely

14   approximately 600,000 individual sales representatives ("ISRs") acting as

15   independent contractors throughout the country, would necessarily require an

16   individualized inquiry into what each putative plaintiff saw or relied on prior to

17   purchasing Avon products, rendering class treatment inappropriate. Furthermore,

18   as in *Sanders*, Plaintiffs' class definition necessarily includes putative plaintiffs

19   who either never saw or never relied upon the representations at issue and,

20   therefore, have not suffered an injury and do not have standing under Article III.

21       Tellingly, Plaintiffs do not address *Sanders* or *Stearns* at all in their

22   Opposition.[3] Instead they direct the Court to six other district court cases to support

23   their prematurity argument. Yet none of these cases permit the Court to disregard

24   Rule 12(f). For instance, *Migliaccio v. Midland Nat. Life Ins. Co.*, No. CV 06-1007

25   CAS (MANx), 2007 U.S. Dist. LEXIS 8159 (C.D. Cal. Jan. 30, 2007), does not

26   apply here because it involved a motion to dismiss, not a motion to strike. *Id*. at \*3-

27

28

---

[3] In fact, Plaintiffs misleadingly disregard these two cases in their Opposition when they assert that "each of the cases Defendant relies upon are highly distinguishable." (Opp. at p. 5.)

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

1    5.  Further, the portion of *Migliaccio* cited by Plaintiffs is expressly limited to elder

2    abuse statutes, and non-instructive for cases grounded in consumer protection

3    statutes like this one.  *Id.* at *25-27.

4         Plaintiffs' reliance on *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505

5    F. Supp. 2d 609 (N.D. Cal. 2007), is also misplaced.  In that case the court rejected

6    a pre-discovery motion to strike only because the allegations aptly suggested that

7    specific discovery of electronic payment lists might help the plaintiffs identify

8    prospective class members.  *Id.* at 615-16.  Contrastingly, in this case, Plaintiffs

9    have not identified any discovery that they would seek and use to bolster their class

10   allegations, nor could they, as Avon does not know the identities of all consumers

11   who purchase Avon products through its approximately 600,000 ISRs.  Further,

12   unlike the *Wal-Mart Stores* plaintiffs who could demonstrate a tangible link among

13   proposed class members (*i.e.*, all were former Wal-Mart employees who were

14   undercompensated), Plaintiffs here have not shown sufficient commonality to the

15   proposed classes.  They have not stated what specific representations, if any, were

16   made that they relied on; the context in which those representations, if any, were

17   made; whether those same representations were repeated to every putative class

18   member; and whether Plaintiffs and proposed class members relied on the same

19   representations.  Instead, the TAC reveals that Plaintiffs each purchased products

20   from Avon ISRs who, in all likelihood, were not the same ISRs who sold products

21   to other putative class members, let alone to the named Plaitiffs.  (TAC ¶¶ 6-8.)

22        Plaintiffs' dependence on *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F.

23   Supp. 2d 1136 (S.D. Cal. 2006), is also inappropriate.  The April 10, 2006 Order

24   denying defendant's motions to dismiss and strike that was entered in that case was

25   vacated in 2010.  *Chong v. State Farm Mut. Auto. Ins. Co.*, No. 05-CV-2241 W

26   (AJB), 2010 U.S. Dist. LEXIS 60762, at *8-9 (S.D. Cal. Apr. 6, 2010).

27   Additionally, unlike in this case, the motion to strike in *Chong* corresponded to the

28

REPLY MEMORANDUM IN SUPPORT OF
                                 AVON'S MOTION TO STRIKE TAC

1   first iteration of a complaint, rather than a third iteration of a complaint, which

2   Plaintiffs have had five opportunities to perfect.  428 F. Supp. 2d at 1138.

3       *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405 (C.D. Cal. 2005), is

4   similarly distinguishable.  In *Clark*, the Court denied a motion to strike class

5   allegations in the first iteration of a breach of contract complaint, because the

6   allegations adequately addressed each of the elements of Federal Rule of Civil

7   Procedure ("Rule") 23.  *Id*. at 405-07.  Here, Plaintiffs have presented erroneous

8   fraud-based claims four times, not one.  Further, Plaintiffs' allegations do not

9   comply with the requirements of Rule 23.  Plaintiffs have not demonstrated

10  commonality of claims or that they would be adequate class representatives

11  because, according to their allegations, Plaintiffs purchased unspecified products

12  from multiple ISRs at unknown times in distinct geographic locations.  (TAC at ¶¶

13  6-8.)  Not all class members met with these ISRs, or heard or relied on the same

14  representations Plaintiffs purportedly heard.

15      *Moreno v. Baca*, No. CV 00-7149 ABC (CWx), 2000 U.S. Dist. LEXIS

16  21368 (C.D. Cal. Oct. 13, 2000), is also too dissimilar from this case to be helpful

17  in resolving the issues here.  In *Moreno*, the Court dealt with a Rule 12(b)(6)

18  motion to dismiss that also sought to strike class allegations, not a separate Rule

19  12(f) motion to strike.  *Id*. at *1-4.  The *Moreno* court presumably denied the

20  request to strike class allegations as premature only because that case involved

21  issues of the utmost importance, including civil rights and public safety from

22  potentially corrupt sheriffs and supervisors.  *Id*. at *2, *7.  As this case does not

23  involve questions central to public safety and ensuring non-infringement of civil

24  rights, the *Moreno* case is an ill-suited reference point.

25      Finally, *Khorrami v. Lexmark International, Inc.*, No. CV 07-01671 DDP

26  (RCx), 2007 U.S. Dist. LEXIS 98807 (C.D. Cal. Sept. 13, 2007) is likewise

27  inapposite.  In that case, plaintiffs initiated a class action against a printer

28  manufacturer because it sold certain printers that allegedly had an undisclosed

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

defective shut-down mechanism, which caused the machine to turn off when the printer cartridge was low but not depleted, thus forcing consumers to spend more money on ink. *Id*. at \*2-3.  The manufacturer moved to strike the nationwide class allegations and, while the court recognized that "some set of circumstances could justify granting a motion to strike class allegations prior to considering a motion for class certification," it nonetheless denied the motion because the plaintiff "made a showing that individuals across the country were harmed by Lexmark's actions." *Id*. at \*9-11.  This case is nothing like *Khorrami*.  It does not involve a defective product that was sold to consumers across the country which caused them to spend more money than expected to keep the product functioning.  Rather, this case involves perfectly functional, but unspecified products, with Plaintiffs who have not shown that they purchased these products in reliance on any representation or omission.  Further unlike *Khorrami*, Plaintiffs here have not shown that individuals across the country were harmed by Avon's actions, as they have not alleged that Avon communicated one particular, uniform misleading representation to all consumers across the country, that all consumers relied on such a representation, that Avon made any representations as to particular products, or even whether the proposed class representatives relied on such representations.

There can be no question that Avon's motion is timely and that the Court can strike Plaintiffs' defective class allegations at this stage of the litigation.  It is evident from the face of the TAC that the classes, as defined, cannot be certified, and no additional discovery will change this fact.

### B.   The Local Rules Of This Court Support Determining The Class Issues At This Time

Plaintiffs' contention that Avon's motion is "painfully premature" (Opp. at 1:28) is also at odds with the Local Rules of the Central District and Rule 23.  Local Rule 23-3 ("Rule 23-3") requires that, unless otherwise ordered by the Court, a class action plaintiff shall file a motion for class certification within 90 days after

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

service of a pleading.  This Rule does not contemplate the prolonged discovery period that Plaintiffs contend they need before the Court can strike their class allegations.  Courts in this District and the Ninth Circuit Court of Appeals regularly endorse Local Rule 23-3.  *See, e.g., Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011) (noting that district court acted within its discretion when it denied relief based on a lack of compliance with Local Rule 23-3); *Watson v. Schwarzenegger*, 347 F. App'x 282, 284 (9th Cir. 2009) (affirming denial of motion for class certification as moot where plaintiff did not comply with Local Rule 23-3); *Fournier v. Creditors Interchange Receivable Mgmt., LLC*, No. CV 10-3220 PSG (Ex), 2011 U.S. Dist. LEXIS 32303 (C.D. Cal. Mar. 16, 2011) (striking class allegations in complaint where plaintiff failed to comply with Local Rule 23-3).

Rule 23, which states that the Court should decide class certification "[a]t an early practicable time," likewise envisions only a brief time period between the filing of a complaint and motion for class certification. Fed. R. Civ. P. 23(c)(1)(A). The Ninth Circuit has confirmed that Local Rule 23-3 is consistent with the relevant provisions of Rule 23.  *See Archila v. KFC U.S. Props., Inc*., 420 F. App'x 667, 668 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 246, 181 L. Ed. 2d 141 (2011).  In *Archila*, the plaintiff appealed the district court's order dismissing plaintiff's class allegations because he had failed to timely file a motion for class certification pursuant to Local Rule 23-3.  *Id.*  The Ninth Circuit refused to grant the plaintiff relief from Rule 23-3:  "Archila's arguments that the 90-day deadline violates his due process rights and conflict with the Federal Rules of Civil Procedure have no merit."  *Id.*

In addition to its plain language, the official Notes of Advisory Committee to the 2003 revision of Rule 23 confirm that class certification decisions are to be made early in the litigation.  The language of Rule 23 was slightly modified in 2003

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

1    from "as soon as practicable" to "at an early practicable time."  Fed. R. Civ. P. 23,

2    2003 Advisory Committee Notes subdiv. (c).

3          Given the requirements of Local Rule 23-3 and Rule 23 that class

4    certification decisions should be made at the onset of litigation, Avon's challenge to

5    the class allegations is inordinately timely, especially given the procedural posture

6    of this case.  Beltran filed and served her Complaint in this action more than **nine**

7    **months ago**.  Over the past 270 days, Plaintiffs have obtained more information

8    than plaintiffs ordinarily would acquire within 90 days of serving a complaint.

9    Plaintiffs have engaged in informal discovery, including a massive outreach effort

10   by People for the Ethical Treatment of Animals ("PETA"), which resulted in the

11   addition of two new plaintiffs to this case.  Plaintiffs also have received detailed

12   information regarding Avon animal testing policies, as Avon attached its policies to

13   several Requests for Judicial Notice previously filed with the Court.  (*See* Dkt. Nos.

14   20 (Ex. A), 26 (Ex. A), 45 (Exs. B and C), and 63-1 (Exs. A and B)).  It is unclear

15   what more Plaintiffs expect to obtain between now and class certification that

16   would have any bearing on whether this case is suitable for class treatment.  The

17   issues are ripe now, and there is no reason to prolong the inevitable.

18   **III.    PLAINTIFFS BEAR THE BURDEN OF SUFFICIENTLY ALLEGING**

19   **THE PREREQUISITES FOR CLASS CERTIFICATION**

20         The Court should strike the class allegations from the TAC because Plaintiffs

21   have not even superficially demonstrated that this case is amenable to class

22   treatment.  *See Gen. Tel. Co. of the Sw*., 457 U.S. at 160 (courts may strike class

23   allegations when it is "plain enough from the pleadings" that a proposed class

24   cannot be certified).  Contrary to Plaintiffs' assertions (Opp. at p. 6), Plaintiffs bear

25   the burden of establishing each element of class certification through a

26   preponderance of evidence.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022

27   (9th Cir. 1998).  In *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158 (N.D. Cal. 2008), the

28   court granted a pre-answer motion to strike class allegations because the plaintiffs

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

did not carry their burden of demonstrating that they met the numerosity, commonality, typicality and representative requirements of Rule 23(a). *Id.* at 1166-67. *See also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620, 117 S. Ct. 2231, 2248, 138 L. Ed. 2d 689 (1997) (instructing courts considering class allegations to look to Rule 23, which lays out specific requirements for class treatment that intend to "block[] unwarranted or overbroad class definitions . . . ."). Similarly, in *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985), the Ninth Circuit rejected plaintiff-appellant's argument that the trial court abused its discretion in refusing to allow discovery for an asserted national class because "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Id.* at 1424-25. In this case, because the face of the TAC evidences that Plaintiffs have not and cannot carry their burden of establishing the Rule 23 prerequisites for class certification, Plaintiffs' class allegations should be stricken at this time.

## A.  **Plaintiffs' Allegations Establish That They Cannot Possibly Satisfy Rule 23**

Plaintiffs have not pled, and cannot plead, all of Rule 23's requirements for class treatment. Under Rule 23, class treatment is warranted when: (1) the number of aggrieved individuals is too numerous to make joinder practicable; (2) there are questions of law and fact common to all members of the putative class; (3) the purported class representatives' claims and defenses are not unique from the other members of the proposed class; and (4) the identified class representatives will fairly and adequately represent the interests of the purported class. Fed. R. Civ. P. 23(a). In addition to Rule 23(a), Plaintiffs must also demonstrate that they qualify under one of three categories specified in Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Here, Plaintiffs seek certification under Rule 23(b)(2) "and/or" Rule 23(b)(3) (TAC, Prayer). Rule 23(b)(3) mandates

REPLY MEMORANDUM IN SUPPORT OF
AVON'S MOTION TO STRIKE TAC

1   that plaintiffs aptly identify questions of law or fact common to class members that

2   predominate over questions affecting individual members, *and* that they

3   demonstrate that a class action is superior to other methods for fairly and efficiently

4   adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).  Class allegations that fail to

5   adequately establish all of the elements of Rule 23 are subject to striking at the

6   pleading stage.  *Sanders*, 672 F. Supp. 2d at 990-91.

7        Plaintiffs assert in their Opposition that they have properly pled the

8   prerequisites for Rule 23 class certification because the TAC regurgitates the

9   requirements of Rule 23.  (Opp. at p. 7; *see also* TAC at ¶¶ 29-34.)  They are

10  wrong.  The Court "need not blindly rely on conclusory allegations which parrot

11  Rule 23 requirements" when evaluating a proposed class action.  *Pablo v.*

12  *ServiceMaster Global Holdings, Inc.*, No. C 08-03894 SI, 2009 U.S. Dist. LEXIS

13  79584, at *11 (N.D. Cal. Aug. 17, 2009) (citation omitted).  Plaintiffs must allege

14  facts, not conclusions.

15                **1.**     **Plaintiffs Cannot Establish Commonality**

16        It is readily apparent from the TAC that Plaintiffs cannot possibly establish

17  the commonality mandated by Rule 23.  Fed. R. Civ. P. 23(a).  All of Plaintiffs'

18  claims sound in fraud and require individualized proof of reliance and causation,

19  which cannot be achieved absent a class-member-by-class-member evaluation of

20  representations perceived prior to purchasing Avon products.  *See Yokoyama v.*

21  *Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1089 (9th Cir. 2010) (indicating that

22  subjective reliance is an individualized issue barring class certification); *Hevesi v.*

23  *Citigroup Inc.*, 366 F.3d 70, 78 (2d Cir. 2004) (holding that individual issues

24  predominate where reliance is an issue).  Indeed, Beltran, Tellez, and Gutierrez's

25  personal allegations in the TAC expose the lack of commonality amongst purported

26  class members, as these purported class representatives each alleges that she

27  purchased unspecific Avon products from various ISRs or from Avon's website,

28  and no two allege that they received the same representations from the same ISR or

-11-                        REPLY MEMORANDUM IN SUPPORT OF
                            AVON'S MOTION TO STRIKE TAC

District Manager.  (TAC ¶¶ 6-8.)  Thus, in order to ascertain who is a proper class member for this case, which is now limited to, at most, claims relating to an omission, the Court would need to determine which consumers would have been in a position to be exposed to Avon's animal testing policies in the first instance.  The Court also would need to determine which consumers actually would have changed their purchasing behavior had they known about Avon's testing policies – certainly there are consumers who do not care whether a company tests on animals, voluntarily or not, and will continue to purchase cosmetics regardless of the company's animal testing policies.  Those consumers are not proper class members.  This need for fact-intensive mini-trials renders Plaintiffs' classes non-certifiable.  *See, e.g., Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (class action cannot be certified if reliance will be an issue).

### 2.   Individual Issues Will Predominate In This Case

Avon's unique sales structure, in which it sells products through approximately 600,000 ISRs nationwide, also prevents Plaintiffs from establishing that common questions predominate over individual inquiries.  The predominance mandated by Rule 23 is indisputably absent when putative plaintiffs are exposed to diverse representations made by independent representatives.  *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1970, 182 L. Ed. 2d 819 (2012) (indicating that predominance is absent when "there [is] no cohesion among the [purported class] members because they were exposed to quite disparate information from various representatives of the defendant."); *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 849 (2009) (individual issues predominated because purchasers of insurance were exposed to various representations made by sales agents).  In *Kaldenbach*, the purchaser of a "vanishing premium" life insurance policy filed a putative class action against the insurance company, alleging that the company violated the UCL by providing uniform sales materials and training methods to its agents, which

-12-

1  enabled them to mislead consumers into believing that a low cost of actual

2  insurance could be invested by the insurance company with a sufficient return to

3  cover future premium payments until policy maturity, when in fact this was not so.

4  178 Cal. App. 4th at 835-36.  The insurance company denied the allegations

5  because it had no control over the training materials or sales methods used by the

6  independent sales agents.  *Id.* at 839 (noting that all sales presentations were "left

7  up to the agent's sole discretion and would vary from agent to agent and prospect to

8  prospect").  Ultimately, the court denied class certification because the independent

9  sales structure employed by the insurance company meant that "the determination

10 of what business practices were allegedly unfair turns on individual issues . . . ."

11 *Id.* at 849-50.

12      The facts of this case are akin to *Kaldenbach*.  Like the insurance in

13 *Kaldenbach*, "Avon's products are sold to consumers primarily through

14 independent sales representatives."  *Moore v. Avon Prods., Inc.*, No. C 06-03425

15 SBA, 2007 U.S. Dist. LEXIS 74248, at *1-2 (N.D. Cal. Oct. 4, 2007).  "Avon

16 manufactures and distributes its products to its [] independent sales representatives.

17 The sales representative[s are] essentially a retail outlet for Avon's products."

18 *United States v. Pittman*, 475 F.2d 1335, 1337 (9th Cir. 1973) (noting that ISRs are

19 an "integral part of the Avon organization . . . .").  In light of Avon's sales structure,

20 it is exponentially unlikely, and practically impossible, that all putative class

21 members were exposed to and relied on the same misrepresentation or omission

22 from the same ISR.  Accordingly, Plaintiffs cannot demonstrate the predominance

23 necessary for class treatment.  *See Kaldenbach*, 178 Cal. App. 4th at 849.

24          **3.      Plaintiffs Are Not Entitled To An Inference Of Class-Wide**
                     **Reliance, Which They Cannot Show**

25      Relying on *In re Tobacco II Cases*, 46 Cal. 4th 298, 207 P.3d 20, 93 Cal.

26 Rptr. 3d 559 (2009), Plaintiffs argue that they do not need to prove reliance in order

27 to establish commonality because they are entitled to "an inference of class-wide

28

-13-                    REPLY MEMORANDUM IN SUPPORT OF
                        AVON'S MOTION TO STRIKE TAC

1   reliance" by showing a material omission.  (Opp. at pp. 9-11.)  Plaintiff's logic

2   cannot be applied to this case.  First, *Tobacco II* is factually inapposite to the instant

3   action, as that case involved an industry-wide, decades-long campaign of deceptive

4   advertising.  46 Cal. 4th at 306.  Comparatively, here, Avon has been entirely

5   transparent, consistently stating in publicly available documents that it "will

6   conduct animal testing only when required by law, at the request of government

7   health or medical authorities, and only after having first attempted to persuade the

8   requesting authority to accept non-animal test data."[4]  (Dkt. No. 63, RJN, Ex. B at

9   p. 17.)  Also, subsequent authority to *Tobacco II* indicates that the case's relaxed

10  pleading standard is inapplicable in Federal Court with respect to the Rule 23

11  analysis.  For example, in *Mazza*, the Ninth Circuit explicitly held that where "it is

12  likely that many class members were never exposed to the allegedly misleading

13  advertisements" it is inappropriate to presume class-wide reliance.  666 F.3d at 595.

14  In this case, Plaintiffs allege that unspecified misrepresentations were made to them

15  by ISRs in disparate geographic locations, but seek certification of a class that

16  includes purchasers who necessarily did not interact with the same ISRs.  (SAC ¶¶

17  6-8.)  Moreover, Plaintiffs do not, and cannot, allege that all purported class

18  members made their purchases only after perceiving these alleged, unspecified

19  misrepresentations, thus failing to elucidate consistent reliance thereon by all

20  putative class members.  As Plaintiffs' allegations demonstrate an inability to

21  validate that all purported class members were exposed to and relied on the same

22  misrepresentations or omissions, the *Tobacco II* relaxed pleading standard does not

23  apply here.

24          Further unlike *Tobacco II*, Plaintiffs here have not alleged facts sufficient to

25  demonstrate that Avon made a material misrepresentation.  Plaintiffs' failure to

26  _____

27  [4] *See* Avon's 2004 Corporate Responsibility Report, which can be accessed at
    http://www.avoncompany.com/documents/corporateresponsibility/resourcecenter/pdfs/corp_resp

28  _report2004.pdf.  Relevant portions of Avon's 2004 Corporate Responsibility Report are attached
    as Exhibit "B" to the RJN, Docket No. 63.

REPLY MEMORANDUM IN SUPPORT OF
                                          AVON'S MOTION TO STRIKE TAC

1   identify complete, specific advertisements or misstatements made as part of Avon's

2   purported long-term marketing and advertising campaign make it impossible to

3   determine whether any particular statements or omissions were material, let alone

4   made at all.  Revealingly, Plaintiffs do not adequately address the fact that no later

5   than 2004, Avon published a Corporate Responsibility Report, still accessible on its

6   website today, which indicated that it would test products on animals when required

7   by law.  Given Avon's clear public disclosure, Plaintiffs' claims regarding material

8   misrepresentations are unbelievable since no "reasonable person" could

9   misconstrue their meaning.  (*See* Opp. at p. 10) (indicating that materiality is judged

10  from the standard of a "reasonable consumer").)

11          Finally, Plaintiffs' dependence on *Tobacco II* is also unavailing because they

12  have not pled a material omission by Avon.  Plaintiffs have not adequately stated

13  that Avon had a duty to disclose anything beyond the non-ambiguous statements it

14  provided on its website and in its Corporate Responsibility Report, or how Avon

15  violated that purported duty.  Nor have they indicated how a "reasonable consumer"

16  could be misled by Avon's disclosures.  To the extent Plaintiffs attempt to rely on

17  representations made by independent third party People for the Ethical Treatment of

18  Animals ("PETA") in its "Do Not Test" List, Plaintiffs have not adequately

19  demonstrated that a reasonable consumer would attribute statements by PETA to

20  Avon, or that a reasonable consumer would ignore Avon's statements about Avon

21  products and only review statements made by PETA.  Plaintiffs also do not identify

22  any particular PETA "Do Not Test" List.  The List changed over time, as did the

23  criteria for inclusion on that List.  (*See* Dkt. Nos. 56 (Exs. A-C) and 63 (Exs. D-F).)

24  Hence, Plaintiffs have not demonstrated that Avon made a material omission or had

25  an obligation to reveal more than it did concerning its animal testing policies.

26          In sum, it is appropriate for the Court to strike Plaintiffs' class allegations

27  because individualized issues will overwhelmingly predominate, Plaintiffs have

28  failed to establish class-wide reliance or materiality of misrepresentations or

-15-

1   omissions by Avon, and *Tobacco II*'s relaxed pleading standard does not apply to

2   this case. *See Sanders*, 672 F. Supp. 2d at 990-91.

3   **IV.    AT A MINIMUM, THE COURT SHOULD STRIKE PLAINTIFFS'**

4   **NATIONWIDE CLASS ALLEGATIONS**

5          As discussed at length in Avon's Motion, Plaintiffs cannot maintain a

6   nationwide class based on California's consumer protection statutes.  (*See* Mot. at

7   pp. 4-8.)  Non-California residents do not have standing to pursue relief under the

8   CLRA. *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1096 (N.D. Cal.

9   2006).  Nor may non-California residents who were not exposed to misstatements

10  in California pursue relief under the UCL. *Tidenberg v. Bidz.com, Inc.*, No. CV 08-

11  5553 PSG (FMOx), 2009 U.S. Dist. LEXIS 21916, at *10 (C.D. Cal. Mar. 4, 2009)

12  ("[n]onresidents of California may not invoke the UCL . . .  when the allegedly

13  unlawful conduct does not occur inside California[.]").  Indeed, Plaintiffs concede

14  these points in their Opposition to Avon's Motion to Dismiss the TAC:

15              As Defendant notes, Ms. Tellez is a resident of Michigan
              and therefore Plaintiffs acknowledge that she does not
16            have standing to state a claim under the UCL.  However,
              she does have standing under Article III and may
17            represent the nation-wide class in connection with the
              fraudulent concealment claim.
18

    (Dkt. No. 65, at p.17 n.7.)

19
           The Court should also strike Plaintiffs' nationwide class allegations because
20
    they have not shown that any alleged misrepresentations or omissions by New
21
    York-based Avon originated from California.  Finally, because Rule 23 compels the
22
    Court to consider "likely difficulties" of allowing cases to proceed as class actions,
23
    "unmanageable" classes can and should be stricken.  Fed. R. Civ. P. 23(b)(3)(D); *In*
24
    *re Hotel Tel. Charges*, 500 F.2d 86, 90-92 (9th Cir. 1974) (indicating that Rule 23
25
    requires that proposed classes be manageable, and striking class allegations in part
26
    because of "the unmanageability of the litigation in terms of time, administrative
27
    costs, and complexity"); *Sanders*, 672 F. Supp. 2d at 990-91 ("Where the complaint
28

REPLY MEMORANDUM IN SUPPORT OF
                                                       AVON'S MOTION TO STRIKE TAC

1   demonstrates that a class action cannot be maintained" a pre-discovery motion to

2   strike class allegations is appropriate).

3          Plaintiffs argue that the Court should not strike their nationwide class

4   allegations because three district courts declined to follow the Ninth Circuit's

5   decision in *Mazza*, which denied nationwide class certification for claims

6   predicated on California's consumer protection statutes. (Opp. at pp. 2,12-15.)

7   This argument is unconvincing. *Bruno v. Eckhart Corp.*, 280 F.R.D. 540 (C.D. Cal.

8   2012), one of the three cases cited by Plaintiff, inappropriately declined to follow

9   *Mazza* when in fact the Ninth Circuit's decision was binding on that court and is

10  binding on this Court. *See Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-

11  LHK, 2012 U.S. Dist. LEXIS 34597, at *20 n.2 (N.D. Cal. Mar. 14, 2012) ("With

12  all due respect to the Central District . . . this Court is bound by the Ninth Circuit's

13  decision in *Mazza* and declines to follow *Bruno*."). The other cases Plaintiff relies

14  on are too factually dissimilar to merit consideration because, unlike Avon, which

15  is based in New York, the defendant company in *Allen v. Hyland's, Inc*., No. CV

16  12-01150, DMG (MANx), 2012 U.S. Dist. LEXIS 61606 (C.D. Cal. May 2, 2012)

17  and *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK (MEWx), 2012 U.S. Dist.

18  LEXIS 91393 (C.D. Cal. June 1, 2012), was based in Los Angeles, California, and

19  was alleged to have acted inappropriately in California, raising no due process

20  concerns or questions about a sufficient nexus to California as exists here.

21  *Forcellati*, 2012 U.S. Dist. LEXIS 91393, at *9-10.

22         Plaintiffs also assert that *Mazza* is inapplicable because it calls for a rigorous

23  Rule 23 analysis that cannot be conducted prior to discovery. (Dkt. No. 66 at p.

24  14.) This is simply not true. In *Pilgrim*, the Sixth Circuit rejected this very

25  argument on the grounds that the plaintiffs' claims were "governed by . . . a largely

26  legal determination, and no proferred or potential factual development offers any

27  hope of altering that conclusion, one that generally will preclude class

28  certification." 660 F.3d at 949. As in *Pilgrim*, no further discovery is required for

-17-

1    the Court to determine the suitability of Plaintiffs' class allegations, as a nationwide

2    class will necessarily include non-California residents who purchased Avon

3    products outside of California.  *See Nordberg*, 445 F. Supp. 2d at 1096 (non-

4    California residents cannot pursue claims under the CLRA); *Tidenberg*, 2009 U.S.

5    Dist. LEXIS 21916, at *10 (non-California residents cannot pursue claims under

6    the UCL when the purportedly wrongful conduct occurred outside of California).

7           In addition to asking the Court to ignore *Mazza*, Plaintiffs erroneously

8    contend that Avon had, and failed to carry out, the burden of satisfying California's

9    governmental interest test and proving that other states' laws should apply.  (Opp.

10   at pp. 13-15.)  In *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096 (C.D. Cal. 2012)

11   (Carney, J.), this Court found that "the class action proponent bears the initial

12   burden to show that California has significant contact or significant aggregation of

13   contacts to the claims of each class member" and, only if the plaintiff demonstrates

14   sufficient contacts, does that burden shift to the defendant to prove that non-

15   California law should apply.  *Id.* at 1100 (citation omitted).  Here, Plaintiffs have

16   not established the requisite contacts for a burden shift, nor can they.  Plaintiffs

17   cannot show that New York-based Avon made misrepresentations or omissions to

18   all members of the putative class in California.  In fact, Plaintiffs appear to concede

19   that Tellez, a purported class representative, never received any message about

20   Avon in California.  (*See* Dkt. No. 65 at p. 17 n.7.)  As Plaintiffs have not

21   established significant contacts between each putative class member and California,

22   or between Avon and California, Plaintiff's nationwide class allegations violate due

23   process, and must be stricken.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-

24   22, 105 S. Ct. 2965, 2979, 86 L. Ed. 2d 628 (1985).

25

26

27

28

REPLY MEMORANDUM IN SUPPORT OF
                                       AVON'S MOTION TO STRIKE TAC

1

## V.     CONCLUSION

2       For the foregoing reasons, Avon respectfully requests that the Court strike

3   Plaintiffs' class allegations from the TAC, or, at minimum strike the TAC's

4   nationwide class allegations.

5   DATED:  December 3, 2012          PAUL HASTINGS LLP

6

7                                     By:_____/s/_____

8                                             Katherine F. Murray

9                                     Attorneys for Defendant
                                      AVON PRODUCTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28