# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

MARINA BELTRAN, RENEE TELLEZ, and NICHOLE GUTIERREZ,

    Plaintiffs,

vs.

AVON PRODUCTS INC.,

    Defendant.

Case No.: CV 12-02502-CJC(ANx)

**ORDER DENYING IN SUBSTANTIAL PART DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**

## I. INTRODUCTION AND BACKGROUND

On March 22, 2012, Plaintiff Marina Beltran brought a nationwide putative class action against Avon Products, Inc. ("Avon"), a cosmetics company. (Dkt. No. 1.) In her original Complaint, Ms. Beltran alleged that Avon defrauded American consumers by marketing and advertising that it did not test any of its cosmetic products on animals. She alleges that, in reality, Avon was testing its products sold in foreign markets on

animals, often as required by law in those countries. Ms. Beltran alleged that she purchased Avon products based on her belief that Avon did not test *any* of its products on animals, regardless of where those products were sold. Had she known the truth about Avon's operations, Ms. Beltran alleged that she would not have purchased the products.

Avon moved to dismiss the Complaint on April 13, 2012. (Dkt. No. 19.) After the Court granted a motion to dismiss in a similar case, Ms. Beltran decided to file a First Amended Complaint ("FAC") before the Court ruled on the motion to dismiss. (Dkt. No. 22.) Avon moved to dismiss the FAC, and the parties entered into a stipulation to allow Ms. Beltran to file a Second Amended Complaint ("SAC"). (Dkt. Nos. 37, 41.) In the SAC, Ms. Beltran asserted four claims against Avon for: (1) fraud/fraudulent concealment, (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq., and (4) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq. Avon moved to dismiss the SAC on August 9, 2012. (Dkt. No. 43.)

On September 19, 2012, the Court granted in part Avon's motion to dismiss. (Dkt. No. 59.) The Court held that Ms. Beltran had adequately pleaded a claim for fraudulent concealment. (*Id*. at 10.) She also adequately pleaded her UCL and CLRA claims to the extent they were based on allegations of fraudulent concealment. (*Id*. at 12–14.) However, the Court held that Ms. Beltran had not adequately pleaded her fraudulent misrepresentation claims under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). (*Id*. at 9.) Her UCL, FAL, and CLRA claims based on allegations of fraudulent misrepresentations also failed. (*Id*. at 11–12.) The Court gave Ms. Beltran twenty days to file an amended complaint consistent with the Court's order. (*Id*. at 14.)

///

On October 10, 2012, Ms. Beltran filed her Third Amended Complaint (TAC). (Dkt. No. 60.) Ms. Beltran's factual allegations in the TAC are almost identical to those in the SAC. The TAC also contains two new named plaintiffs, Renee Tellez and Nichole Gutierrez (together with Ms. Beltran, "Plaintiffs"). Ms. Tellez is an individual residing in Dundee, Michigan. (*Id.* ¶ 7.) She alleges that she began regularly using Avon products in 2002, spending approximately $100 per week on such products, and continued to use them regularly until 2012 when she learned of Avon's animal testing practices. (*Id.*) Ms. Tellez alleges that she viewed one Avon advertisement touting Avon as "the first major beauty company to stop using animals in the safety testing of products." (*Id.*) She further alleges that an Avon sales representative told her that Avon was a "cruelty-free company" that does not test on animals, and that she once viewed the People for the Ethical Treatment of Animals ("PETA") "Do Not Test" List. (*Id.*) Ms. Tellez asserts that had she been aware of Avon's actual testing practices, including testing on animals in China, she would not have purchased any Avon products. (*Id.*)

Ms. Gutierrez is an individual residing in El Cajon, California. (*Id.* ¶ 8.) She alleges that she first purchased Avon products in the 1990s, and continued to purchase Avon products until 2012, when she learned of Avon's animal testing practices. (*Id.*) She alleges that on multiple occasions Avon employees or sales representatives told her that Avon does not test on animals. (*Id.*) Specifically, in or about January 2010, Ms. Gutierrez alleges that she met with Judy Elliott, an Avon District Manager in San Diego, who told her that Avon does not test its products on animals. (*Id.*) Ms. Gutierrez also alleges that she viewed the PETA "Do Not Test" list, and regularly consulted the list when making purchasing decisions. (*Id.*) Ms. Gutierrez states that had she known about Avon's animal testing practices, she would not have purchased Avon products. (*Id.*)

///

///

The TAC contains three causes of action: (1) fraudulent concealment, (2) violations of the UCL, and (3) violations of the CLRA. Plaintiffs also seek to represent a nationwide class of all persons who purchased Avon products throughout the United States, and a class of all persons who purchased Avon products in California. (*Id*. ¶ 26.) Before the Court are Avon's motion to dismiss and motion to strike class allegations. For the following reasons, the Court **DENIES IN SUBSTANTIAL PART** Avon's motion to dismiss and **DENIES** Avon's motion to strike class allegations.[1]

## II. DISCUSSION

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, Rule 9(b)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 17, 2012 at 1:30 p.m. is hereby vacated and off calendar.

requires that fraud allegations be stated with particularity, including the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

### 1. Addition of Ms. Tellez and Ms. Gutierrez

Avon moves to dismiss Ms. Tellez and Ms. Gutierrez by arguing that they were improperly added to the TAC. Avon argues that the addition of Ms. Tellez and Ms. Gutierrez was improper because the Court did not specifically state in its September 20, 2012 Order that Ms. Beltran could include additional plaintiffs in the TAC. However, in not explicitly stating that Ms. Beltran could include additional plaintiffs, the Court did not mean to imply that she was forbidden from doing so.

Avon makes a number of additional arguments that Ms. Tellez and Ms. Gutierrez were improperly solicited to join the litigation. Specifically, it argues that "based on the timing of [Ms. Beltran's] request to add new class representatives, it appears that [Ms. Tellez] and [Ms. Gutierrez] were improperly solicited to serve as named plaintiffs." (Dkt. No. 61 ["Def.'s Mem."] at 15.) Avon goes on to accuse PETA of violating California Rule of Professional Conduct 1-400(D)(2) by using a misleading solicitation to attract potential plaintiffs, and by not including proper disclosures in its communications with potential plaintiffs. Avon then argues that PETA and Ms. Beltran's counsel are the driving force behind the litigation, and constructed the lawsuit prior to finding named plaintiffs. All of these arguments are without merit.

Avon has not explained PETA's role in this litigation. PETA is not a named party, is not representing any of the Plaintiffs, and does not appear to be acting on behalf of Plaintiffs or their counsel. Additionally, as Avon has not argued that PETA or its members belong to the California State Bar, it is unclear why the California Rules of

Professional Conduct would apply to its actions. Even if PETA had violated the Rules of Professional Conduct, it is not clear why that would disqualify Ms. Gutierrez and Ms. Tellez. Moreover, Avon's "cart before the horse" argument is unpersuasive because the SAC was amended significantly in order to include Ms. Tellez and Ms. Gutierrez in the TAC. Though Ms. Beltran's allegations remain largely untouched, the TAC contains many new allegations related to the individual experiences of Ms. Tellez and Ms. Gutierrez.[2]

### 2. Failure to State a Claim for Fraudulent Concealment

Avon argues that the Court should dismiss Plaintiffs' claims because they have failed to plead their fraudulent concealment allegations with particularity, as required under Rule 9(b). As an initial note, Avon appears to have misinterpreted the Court's September 19, 2012 Order as dismissing all of Ms. Beltran's claims. However, the Court wrote: "[Ms. Beltran] has adequately pleaded a claim for fraudulent concealment." (Dkt. No. 59 at 11.) As Ms. Beltran has pleaded nearly identical allegations in the SAC and TAC, this remains true. Ms. Gutierrez and Ms. Tellez have also adequately pleaded claims for fraudulent concealment.

Under California law, to establish a fraud-by-concealment claim, "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he

---

[2] In a footnote, Avon argues that Ms. Tellez and Ms. Gutierrez do not have Article III standing to pursue their claims. (Def.'s Mem. at 14 n.14.) Avon made almost identical arguments with respect to Ms. Beltran in its motion to dismiss the SAC. (*See* Dkt. No. 43 at 10–12.) The Court rejected those arguments and found that Ms. Beltran did, indeed, have standing to pursue her claims. (*See* Dkt. No. 59 at 4–6.) The Court's reasoning in that Order is also applicable to Ms. Tellez and Ms. Gutierrez, who allege nearly identical injuries as Ms. Beltran.

had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 96 (2001) (citation omitted). A defendant generally has a duty to disclose information in four situations: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (quotes and citations omitted). A fact is material if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *In re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009).

The TAC sufficiently alleges all five elements of a fraudulent concealment claim for each named plaintiff. As to the first element, Plaintiffs allege that Avon concealed information related to its animal testing practices. Plaintiffs allege that had Avon's animal testing practices been disclosed, Plaintiffs would have acted differently by not purchasing Avon products. (TAC ¶¶ 6–8.) They have also alleged that a majority of American adults believe that cosmetic testing on animals is inhumane or unethical, and that cosmetic companies should not be allowed to test their products on animals. (*Id.* ¶ 23.) This is sufficient to show that a reasonable consumer would change her position based on information that Avon tested its products on animals, making such information material.

As to the second element, Plaintiffs allege that Avon had a duty to disclose such information because Avon had "exclusive knowledge" of its animal testing practices, and such information was not known or reasonably accessible to Plaintiffs. (*Id.* ¶ 17.) This allegation is supported by the fact that PETA, a supposed watchdog in this area, allegedly

was unaware of Avon's animal testing practices in foreign countries. (*Id.* ¶ 22.) Moreover, it is reasonable to infer from the very nature of the allegedly concealed information, facts related to Avon's corporate practices in foreign countries, that such information was within Avon's exclusive knowledge.

Avon argues that it does not have a duty to disclose such information because under *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012), a company is only required to disclose information related to safety issues. Avon raised this issue in its previous motion to dismiss. (*See* Dkt. No. 43 at 13–14.) In the Order on that motion, the Court discussed in detail, yet ultimately declined to apply, *Wilson*. (*See* Dkt. No. 59 at 10.) The Court reasoned that in cases like *Wilson*, which involved a product defect, "warranty law essential covers the same terrain [as the common law duty to disclose]. There is less of a need, then, for common law fraud to protect consumers" in such cases. (*Id.*) Avon points to *O'Shea v. Epson Am., Inc.*, No. CV 09 -8063 PSG CWX, 2011 WL 3299936 (C.D. Cal. July 29, 2011) to argue that *Wilson* is not limited to product defect cases. In *O'Shea*, which was cited in *Wilson*, the court held that a manufacturer did not have a duty to disclose that its printers wasted more ink than similar printers manufactured by its competitors. 2011 WL 3299936 at *2. While not strictly a product defect case, the claims in *O'Shea* were rooted in problems with the product itself. Such concerns could conceivably have been covered by warranties. Here, the information Avon allegedly had a duty to disclose is entirely unrelated to the characteristics or performance of the products Plaintiffs purchased, and therefore, falls outside the scope of warranty protections.

Ms. Gutierrez has pleaded additional facts to support a theory that Avon had a duty to disclose such information based on its partial representations. Ms. Gutierrez alleges that in or about January 2010, Judy Elliott, an Avon District Manager in San Diego, told her that Avon did not test on animals. (*Id.* ¶ 8.) While this representation may have been

true with respect to Avon products sold in the United States, Ms. Elliot allegedly failed to disclose that Avon conducted animal testing on products sold in foreign countries. These allegations are pleaded with the specificity required under Rule 9(b) and adequately put Avon on notice of the claim against it. Therefore, the allegations are sufficient to give rise to a duty to disclose based on a partial representation.[3]

As to the third element, Plaintiffs sufficiently allege that Avon intentionally concealed such information in order to increase its profits. (TAC ¶¶ 23–24.) More specifically, Plaintiffs allege that a majority of American adults believe that cosmetic testing on animals is inhumane or unethical, and that cosmetic companies should not be allowed to test their products on animals. (*Id.* ¶ 23.) Plaintiffs allege that because of such attitudes, Avon knew that it would lose significant sales, profits, and market shares if its consumers were aware of its animal testing practices in foreign countries. (*Id.* ¶ 24.)

As to the fourth and fifth elements, all three Plaintiffs have alleged that had they been aware of Avon's animal testing practices, they would not have purchased Avon products. (*Id.* ¶¶ 6–8.) This constitutes a sufficient injury to state a claim for fraudulent concealment.

///
///
///
///
///
///

---

[3] The Court agrees with Avon that other claims made by Ms. Gutierrez and Ms. Tellez, such as viewing the PETA list, being exposed to advertisements, and conversing with Avon sales representatives, are not specific enough to satisfy Rule 9(b).

### 3. Failure to State a Claim under the UCL & CLRA

Avon argues that Ms. Beltran and Ms. Gutierrez have not adequately pleaded violations of the UCL and CLRA.[4] With respect to Ms. Beltran, the Court already decided this issue in its September 20, 2012 Order. The Court stated: "Ms. Beltran has sufficiently pleaded a violation of the UCL based on her fraudulent concealment claims," (Dkt. No. 59 at 12), and "Ms. Beltran has sufficiently pleaded a claim under the CLRA based on Avon not disclosing material facts related to its animal testing," (*id.* at 14). Ms. Beltran's factual allegations have not changed from the SAC to the TAC. Therefore, for the same reasons as discussed in the Court's September 20, 2012 Order, Ms. Beltran has sufficiently pleaded her claims for violations of the UCL and CLRA.

The same is true of Ms. Gutierrez. Avon's arguments that Ms. Gutierrez cannot state a claim under the UCL or CLRA are based on the premise that she cannot state a claim for fraudulent concealment. As the Court has already discussed, Ms. Gutierrez has sufficiently pleaded such a claim. The allegations forming the basis of her fraudulent concealment claim are also sufficient to state claims under the UCL and CLRA, for the reasons discussed in the Court's September 20, 2012 Order. (*See* Dkt. No. 59 at 12, 14.)

///
///
///
///

---

[4] The parties appear to agree that Ms. Tellez, a Michigan resident, does not have standing to pursue her UCL and CLRA claims. (*See* Def.'s Mem. at 20; Pls.' Opp'n at 17 n.7.) Though Plaintiffs only explicitly admit that Ms. Tellez does not have standing under the UCL, the Court assumes that they agree that she lacks standing under the CLRA as well. Accordingly, the Court dismisses Mr. Tellez' UCL and CLRA claims.

**B. Motion to Strike**

Avon additionally moves to strike the class allegations in the TAC pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are typically viewed with disfavor. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Avon points to *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), for the proposition that a nationwide class cannot be certified based on alleged violations of California's consumer protection laws, such as the UCL and CLRA. In *Mazza*, the Ninth Circuit overturned a district court's decision to certify a nationwide class of all consumers who purchased or leased an Acura vehicle equipped with a certain braking system. *Id*. at 585. The complaint alleged causes of action under the UCL, FAL, and CLRA, and a claim for unjust enrichment. *Id*. at 591. The Ninth Circuit held that "[u]nder the facts and circumstances of this case . . . each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Id*. at 594.

While Avon contends that *Mazza* stands for the proposition that a nationwide class action may never be certified based on California's consumer protection laws, *Mazza* was decided on "the facts and circumstances" of that case. *Id*. at 594. Rather than creating a blanket prohibition on nationwide class actions under California consumer protection

laws, "*Mazza* merely precludes application of California law to class members from states whose consumer protection laws differ *materially* from California's." *Allen v. Hylands, Inc.*, Case No. CV 12-01150 DMG MANX, 2012 WL 1656750, at *2 (C.D. Cal. May 2, 2012). Therefore, to decide whether class certification is warranted here, the Court would need to conduct a choice-of-law analysis based on the specific facts of this case. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107–08 (2006). Such an analysis would be premature at this early stage of the litigation. *See Forcellati v. Hyland's, Inc.*, CV 12-1983-GHK MEWX, 2012 WL 2513481, at *3 (C.D. Cal. June 1, 2012) ("Courts rarely undertake choice-of-law analysis to strike class claims [on the pleadings alone].").

Avon additionally argues that it would violate due process to apply California law to a nationwide class. It argues that *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001) holds that "it would **only** be appropriate to apply California law to a nationwide class where: (1) the defendant does business in California; (2) the defendant's principal offices are in California; (3) a significant number of class members are located in California; **and** (4) the defendant's agents who prepared the promotional and advertising literature at issue did so in California." (Def.'s Mem. at 9 (emphasis in original).) Because Plaintiffs have not pleaded all four factors, Avon argues that a nationwide class is improper. This argument is based on a misreading of *Wershba*, which does not prescribe the *only* way to satisfy due process. Instead, it merely states that the above facts are sufficient to do so. It is premature to determine whether the facts in this case will satisfy due process.

Avon next argues that the Court should strike the class allegations because Plaintiffs cannot meet the requirements of Federal Rule of Civil Procedure 23. Under Rule 23, Plaintiffs seeking to represent a class must satisfy the threshold requirements of Federal Rules of Civil Procedure 23(a) and 23(b). Rule 23(a) provides that a case is

appropriate for class certification as a class action if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In addition, the party seeking certification bears the burden of satisfying at least one of the three requirements under Rule 23(b).  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 n.9 (9th Cir. 2009).

Avon provides two arguments as to why Plaintiffs cannot meet the requirements of Rule 23.  First, Avon argues that because its products are sold primarily through independent sales representatives, there will be too many individual questions related to the representations that each consumer received when purchasing Avon products.  In response to this argument, Plaintiffs assert that they expect to uncover through discovery that Avon sale representatives acted with the same conduct and represented Avon's animal testing practices in the same way.  Based on these representations, it would be premature to decide this issue.

The same is true of Avon's second argument.  Avon argues that because reliance is at issue, Plaintiffs' class claims will necessarily involve individualized questions of fact.  However, "a presumption of reliance 'arises wherever there is a showing that a misrepresentation was material.' "  *In re Toyota Motor Corp.*, 790 F. Supp. 2d at 1168–69 (C.D. Cal. 2011) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009)); *see Martinez v. Welk Group, Inc.*, Case No. 09-CV-2883-AJB WMC, 2011 WL 2173764, at *6 (S.D. Cal. June 2, 2011) ("[R]eliance will be presumed if the alleged misrepresentation or omission is judged to be 'material,' such that a reasonable man would attach importance to its existence or nonexistence in determining his choice of

///

action."). As already discussed, Plaintiffs have sufficiently alleged that Avon's omissions were material. Whether Plaintiffs will be able to show such materiality to warrant class certification is a question best reserved for a later stage of litigation.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES IN SUBSTANTIAL PART** Avon's motion to dismiss and **DENIES** Avon's motion to strike. The Court dismisses Ms. Tellez' UCL and CLRA claims as she is a Michigan resident.

DATED: December 11, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE